# EXHIBIT 1

<u>**SECOND AMENDED CLASS ACTION SETTLEMENT AGREEMENT**</u>

**THIS AGREEMENT** (the "Settlement Agreement" or "Agreement") is made and entered into this 24th day of February, 2014, by and between Defendants Comcast Corporation, Comcast Holdings Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Holdings, Inc. (collectively "Comcast"), and Plaintiffs James Deanne, Leopoldo Herrera, Debra Koller, Daniel Steele (collectively "Plaintiffs"), and the State of West Virginia, individually and as representatives of others similarly situated, which constitute the Settlement Class as defined below, acting by and through their undersigned counsel.

<h1 style="text-align:center">R E C I T A L S</h1>

**WHEREAS,** on or about June 17, 2009, the Judicial Panel on Multidistrict Litigation transferred and consolidated nine civil actions alleging claims for violations of the Sherman Act and various state antitrust and unfair and deceptive trade acts against Defendant Comcast in the United States District Court for the Eastern District of Pennsylvania (the "Court"), and thereafter, fifteen additional cases of a similar nature were transferred and consolidated in the same Court.

**WHEREAS,** in all, twenty-four civil actions were consolidated in the Court, under the case *In re*: *Comcast Corp. Set-Top Cable Television Box Antitrust Litigation*, Case No. 2:09-md-02034-AB (the "Action"). Those cases are:

<blockquote>
Ahaesy v. Comcast Corp., et al., Case No. 3:09-cv-0612 (N.D. Cal.);<br>
Bryant v. Comcast Corp., et al., Case No. 2:09-cv-04013 (E.D. Pa.);<br>
Cordier v. Comcast Cablevision of Alabama, Inc., Case No. 1:09-cv-00293 (S.D. Ala.);<br>
Corralejo v. Comcast Corp., Case No. 2:08-cv-02863 (E.D. Cal.);<br>
Davis v. Comcast Corp., et al., No. 1:09-cv-00498 (D. Colo.);<br>
Deanne v. Comcast Corp., et al., Case No. 2:09-cv-00567 (W.D. Wa.);<br>
DeLoss v. Comcast Corp., et al., Case No. 2:09-cv-1979 (D. Minn.);<br>
Frazier v. Comcast Corp., et al., Case No. 2:09-cv-03828 (E.D. Pa.);<br>
Fromer v. Comcast Corp. et al., Case No. 3:09-cv-01008 (D. Conn.);
</blockquote>

<u>Holt v. Comcast Corp., et al.</u>, Case No. 2:09-cv-00637 (E.D. Pa.);
<u>Hunt v. Comcast Corp., et al.</u>, Case No. 3:09-0131 (S.D. W. Va.);
<u>Koller v. Comcast Corp. et al.</u>, Case No. 1:08-cv-06362 (N.D. Ill.);
<u>Mays v. Comcast Corp., et al.</u>, Case No. 1:09-cv-670 (N.D. Ill.);
<u>Morrow v. Comcast Corp. et al.</u>, Case No. 2:09-cv-00128 (E.D. Pa.);
<u>Ostern v. Comcast Corp., et al.</u>, Case No. 09-cv-534 (D. Minn.);
<u>Ramey II v. Comcast Corp., et al.</u>, Case No. 03:09-0353 (S.D. W.Va.);
<u>Rogers v. Comcast Corp.</u>, Case No. 2:10-cv-10547 (E.D. Mich.);
<u>Scarkino v. Comcast Corp., et al.</u>, Case No. 2:09-3785 (E.D. La.);
<u>Sellars v. Comcast Corp., et al.</u>, Case No. 2:09-2803 (E.D. La.);
<u>Sowizrol v. Comcast Corp., et al.</u>, Case No. 1:09-cv-564 (N.D. Ill.);
<u>Stutman v. Comcast Corp., et al.</u>, Case No. 09-cv-04828 (E.D. Pa.);
<u>Uff v. Comcast Corp., et al.</u>, Case No. 2:09-cv-00636 (E.D. Pa.);
<u>West Virginia ex rel. McGraw v. Comcast Corp., et al.</u>, Case No. 5:09-cv-00091 (N.D. W.Va.); and
<u>Whitehead v. Comcast Corp., et al.</u>, Case No. 2:09-cv-0375-S (N.D. Ala.).

**WHEREAS,** the Proposed February 12, 2014 Fourth Amended Consolidated Class Action Complaint, which is the proposed operative pleading, alleges claims on behalf of the Settlement Class and two subclasses (the "California Subclass" and the "Washington Subclass") for damages and injunctive relief against Comcast for *inter alia*: (1) violations of section 1 of the Sherman Act, 15 U.S.C. § 1 *et seq.*; (2) violations of the State of Washington antitrust statute, Wash. Rev. Code § 19.86.010 *et seq.*; (3) violations of the California Business & Professions Code § 17200 *et seq.*; and (4) violations of the State of Washington Consumer Protection Act, Wash. Rev. Code § 19.86 *et seq.*  The California Subclass is represented by named Plaintiff Herrera.  The Washington Subclass is represented by named Plaintiff Deanne.

**WHEREAS,** The State of West Virginia ex rel. McGraw also brought claims on behalf of a class (the "West Virginia Subclass") for damages and injunctive relief against Comcast for *inter alia*: (1) violations of the West Virginia Antitrust Act, West Virginia Code §§ 47-18-1 *et seq.*; (2) violations of the West Virginia Consumer Credit and Protection Act, West Virginia Code §§ 46A-6-101, *et seq.*; and (3) violations of West Virginia common law.  The West Virginia Subclass is represented by Plaintiff Patrick Morrisey.

**WHEREAS,** on December 22, 2011, the Parties filed a stipulation of dismissal without prejudice of the following actions:

> Ahaesy v. Comcast Corp., et al., Case No. 3:09-cv-0612 (N.D. Cal.);
> Bryant v. Comcast Corp., et al., Case No. 2:09-cv-04013 (E.D. Pa.);
> Cordier v. Comcast Cablevision of Alabama, Inc., Case No. 1:09-cv-00293 (S.D. Ala.);
> Corralejo v. Comcast Corp., Case No. 2:08-cv-02863 (E.D. Cal.);
> Davis v. Comcast Corp., et al., No. 1:09-cv-00498 (D. Colo.);
> DeLoss v. Comcast Corp., et al., Case No. 2:09-cv-1979 (D. Minn.);
> Holt v. Comcast Corp., et al., Case No. 2:09-cv-00637 (E.D. Pa.);
> Hunt v. Comcast Corp., et al., Case No. 3:09-0131 (S.D. W. Va.);
> Morrow v. Comcast Corp. et al., Case No. 2:09-cv-00128 (E.D. Pa.);
> Ostern v. Comcast Corp., et al., Case No. 09-cv-534 (D. Minn.);
> Ramey II v. Comcast Corp., et al., Case No. 03:09-0353 (S.D. W.Va.);
> Rogers v. Comcast Corp., Case No. 2:10-cv-10547 (E.D. Mich.);
> Scarkino v. Comcast Corp., et al., Case No. 2:09-3785 (E.D. La.);
> Sellars v. Comcast Corp., et al., Case No. 2:09-2803 (E.D. La.);
> Sowizrol v. Comcast Corp., et al., Case No. 1:09-cv-564 (N.D. Ill.);
> Stutman v. Comcast Corp., et al., Case No. 09-cv-04828 (E.D. Pa.);
> Uff v. Comcast Corp., et al., Case No. 2:09-cv-00636 (E.D. Pa.); and
> Whitehead v. Comcast Corp., et al., Case No. 2:09-cv-0375-S (N.D. Ala.).

**WHEREAS,** only the claims of Plaintiffs James Deanne, Leopoldo Herrera, Debra Koller, Daniel Steele, and the State of West Virginia remain before the Court.

**WHEREAS,** Comcast disputes Plaintiffs' claims both as to the facts and the law, and Comcast has denied, and continues to deny, any liability to Plaintiffs or any member of the putative class.

**WHEREAS,** the Parties wish to settle and resolve all of Plaintiffs' claims to avoid the uncertainties and risks of trial, to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to obtain the releases, orders, and judgments contemplated by this Agreement so as to put to rest totally and finally the matters raised by Plaintiffs.

**WHEREAS,** Plaintiffs' counsel has sought, briefed, and conducted oral argument in support of Plaintiffs' claims against Comcast and in opposition to Comcast's motion to compel arbitration; retained and consulted with industry and damages experts; and conducted numerous investigations and engaged in extensive negotiations with Comcast; and, considering the benefits of the settlement and the risks of litigation, has concluded that it is in the best interest of Plaintiffs and the Settlement Class (as defined below) to enter into this Settlement Agreement. Plaintiffs and their counsel agree that this Agreement is fair, reasonable, and adequate with respect to the interests of Plaintiffs and the Settlement Class, and should be approved by the Court pursuant to Federal Rule of Civil Procedure 23(e).

**WHEREAS,** the Parties agree to settle and resolve completely and finally all of their outstanding differences, disputes, and claims, whether asserted or unasserted, known or unknown, which were or could have been asserted by Plaintiffs and the Settlement Class in the Action, as well as all other claims and causes of action.

**WHEREAS,** on June 3, 2013, Plaintiffs filed with the Court a Motion for Certification of a Settlement Class and Preliminary Approval of Class Action Settlement, attaching (among other documents) a settlement agreement to which the Parties had agreed.  On June 28, 2013, to comply with the Court's instructions, Plaintiffs filed an Amended Motion for Certification of a Settlement Class and Preliminary Approval of Class Action Settlement, attaching an amended settlement agreement.  The Parties now agree to withdraw the June 28, 2013 amended settlement agreement and intend this Settlement Agreement to be a novation, extinguishing the obligations of the amended settlement agreement and substituting this Agreement as a new, valid obligation between the Parties.

**WHEREAS**, Plaintiffs have filed simultaneously with the Second Amended Class Action Settlement Agreement the proposed Fourth Amended Consolidated Class Action Complaint.

## AGREEMENTS AND RELEASES

In consideration of the premises and mutual promises, covenants, and warranties contained in this Settlement Agreement and other good and valuable consideration, the receipt and sufficiency of which the Parties now acknowledge, and intending to be legally bound, the Parties agree as follows:

## 1.      RECITALS

The foregoing recitals are true and correct and made part of this Agreement.

## 2.      DEFINITIONS

The following terms shall have the meanings set forth below:

2.1      "Action" shall mean all causes of action associated with the case, *In re: Comcast Corp. Set-Top Cable Television Box Antitrust Litigation*, Case No. 2:09-md-02034-AB (E.D. Pa.), including all cases transferred and consolidated under this claim as of the date of this Agreement and General Release.

2.2      "California Subscribers" shall mean all Settlement Class Members who reside in the State of California as of the Effective Date.

2.3      "Claim Form" shall mean the document that must be submitted electronically by Class Members in order to obtain the benefits of this settlement, and a model of which is attached as Exhibit "A".

2.4      "Claimant" shall mean a person or entity who timely submits a Claim Form.

2.5       "Claims Administrator" shall mean Epiq Systems - Class Action & Claims Solutions, which is the entity processing the Claim Forms submitted by Class Members or the entit(ies) designated by them to perform that function.

2.6       "Class Counsel" shall mean Dianne M. Nast, NastLaw LLC, 1101 Market Street, Suite 2801 Philadelphia, Pennsylvania 19107, Kenneth A. Wexler, Wexler Wallace LLP, 55 West Monroe, Suite 3300, Chicago, IL 60603, and Stephen A. Corr, Stark & Stark, 777 Township Line Road, Suite 120, Yardley, PA 19067.

2.7       "Class Member" shall mean any individual or entity who is a member of the Settlement Class.

2.8       "Class Period" shall mean the period of time commencing no earlier than January 1, 2005 and ending on the date of the Court's Order preliminarily approving the Settlement Agreement.

2.9       "Comcast" shall mean Comcast Corporation, located at One Comcast Center, Philadelphia, Pennsylvania, and all predecessors-in-interest or title, successors-in-interest or title, parents, subsidiaries, affiliates, past or present members, limited and general partners, shareholders, directors, officers, employees, agents and representatives, including but not limited to Comcast Holdings Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Holdings, Inc.

2.10      "Court" shall mean the United States District Court for the Eastern District of Pennsylvania.

2.11      "Current Subscribers" shall mean cable television subscribers of Comcast in the United States as of the date of the mailing of the Notice pursuant to paragraph 4.

2.12      "Day" shall mean a 24-hour day, but for purposes of calculating time periods herein any period of time that ends on a day when the United States District Court for the Eastern District of Pennsylvania is closed shall be deemed to end at the end of the next day when such courts are open.

2.13      "Effective Date" shall mean the first day that the Court is open for business after the last of the following dates has passed:  (a) ten (10) days after the time for appeal from the Court's approval of the Settlement and entry of the Final Judgment has expired without an appeal having been taken;  (b) in the event that the Final Judgment is appealed, ten (10) days after the time that either all such appeals shall have been dismissed prior to resolution by the appellate court or that the Final Judgment has been affirmed in its entirety without any modification or change by the court of last resort to which such appeal has been taken and such affirmance is no longer subject to further appeal, by certiorari or otherwise; provided, however, that a court may change or modify the payment of attorneys' fees and/or costs or Incentive Payment without changing the "Effective Date."

2.14      "Notice" shall mean notice of the proposed Class Settlement as provided for in paragraph 4.

2.15      "Opt-Out Request" shall mean the request for exclusion that must be sent to the Claims Administrator and Class Counsel or Class Counsel's designee as provided for in paragraph 6.

2.16      "Parties" shall collectively mean Comcast and Plaintiffs.

2.17      "Preliminary Approval" shall mean the Court's order approving this Settlement Agreement without any modification, effective on the date of entry of the

Preliminary Approval Order, a proposed form of which is attached as Exhibit "B" to this Agreement.

2.18    "Premium Cable" shall mean a higher-tiered product than basic cable, using a Set-Top Box or DTA device that allows customers to enjoy features such as:

- On Demand services, which allow subscribers to watch certain programs at the time of their choosing and to pause, fast-forward, and rewind those programs;

- pay-per-view programming, which allows subscribers to purchase unique programs not otherwise available, including a variety of live entertainment;

- numerous specialty channels, such as news and sports channels;

- various channels that subscribers can pay to receive, like HBO;

- high-definition channels, which enhance the image quality beyond that offered on standard channels;

- other two-way communications technology; and

- an interactive programming guide, which provides a simple means of navigating through the many options and selecting a desired program.

2.19    "Released Claims" shall mean the claims identified in paragraph 10.1.

2.20    "Settlement Class" shall mean a class and Subclass to be certified by the Court pursuant to this Settlement Agreement solely for the purpose of effectuating this Settlement Agreement, as provided for and further defined in paragraph 3.1. The Settlement Class shall exclude: (i) those persons who opt out of this Agreement as identified in paragraph 6; (ii) Comcast officers, directors, or employees, any entity in which Comcast has a controlling interest, and the affiliates, legal representatives, attorneys, heirs, or assigns of Comcast; (iii) Class Counsel and Class Counsel's employees; and (iv) Judge Anita B. Brody and members of her judicial staff of the United States District Court for the Eastern District of Pennsylvania, as well as and any federal, state, or local governmental agency, and any judge, justice, or judicial officer presiding over this matter and members of their immediate families and judicial staffs.

2.21     "Settlement Credit" shall mean the approximate monetary value in U.S. currency of the options available to Current Subscribers pursuant to paragraph 9.1 of this Settlement Agreement.

2.22     "Set-Top Box" shall mean a device that (a) both (i) allows a subscriber of cable television service to tune the television to different cable television programming; and (ii) contains a method of encrypting cable television programming that prevents unauthorized viewing; or (b) converts digital cable television programming into analog so that it may be viewed on certain televisions.

2.23     "Subclass" shall mean Current Subscribers who reside within the states of California, West Virginia, and Washington and all Current Subscribers who have opted-out of Comcast's arbitration clause as recorded within the arbitration clause opt-out lists kept at Comcast's offices, as provided for and defined in paragraph 3.1.

2.24     "Washington Subscribers" shall mean all Settlement Class Members who reside in the State of Washington as of the Effective Date.

2.25     "West Virginia Subscribers" shall mean all Settlement Class Members who reside in the State of West Virginia as of the Effective Date.

## 3.     CLASS CERTIFICATION

3.1     Comcast agrees that, solely for the purposes of this Settlement and its implementation, the Action shall proceed as a class action, as more particularly described in this Settlement Agreement.  The Parties have agreed that the Settlement Class shall be:

> All persons who, or entities which: (a) have subscribed to Premium Cable in the United States; (b) have paid Comcast a rental fee for a Set-Top Box; (c) have received the Notice provided for in paragraph 4 of this Agreement; and (d) are a Comcast subscriber as of the Effective Date.

There is one subclass within the Class Definition. The "Subclass" is comprised of the persons or entities described above who reside within the states of California, West Virginia, and Washington and all Current Subscribers who opted-out of Comcast's arbitration clause as recorded within the arbitration clause opt-out lists kept at Comcast's offices.

Excluded from the Settlement Class are: (i) those persons who opt out of this Agreement as identified in paragraph 6; (ii) Comcast officers, directors, or employees, any entity in which Comcast has a controlling interest, and the affiliates, legal representatives, attorneys, heirs, or assigns of Comcast; (iii) Class Counsel and Class Counsel's employees; and (iv) Judge Anita B. Brody and members of her judicial staff of the United States District Court for the Eastern District of Pennsylvania, as well as and any federal, state, or local governmental agency, and any judge, justice, or judicial officer presiding over this matter and members of their immediate families and judicial staffs.

provided, however, that in the event that this Agreement is not approved by the Court, or the

class relief set forth in paragraph 9 is changed in any way or if this Agreement is terminated

pursuant to paragraph 11, the Settlement Class, including the Subclass, shall become null and

void and have no further force and effect whatsoever, unless otherwise agreed to by the

Parties, and the Parties shall be restored without prejudice to their respective positions as if

the Settlement and application for its approval had not been made. If the Court refuses to

approve the Settlement Agreement, or if the Court's order approving the Settlement is

reversed on appeal, or if pursuant to an appeal the class relief set forth in paragraph 9 is

changed in any way, and as a result the Agreement is terminated as provided for in paragraph

11, the Settlement Agreement and any negotiations, statements, communications, or

proceedings relating thereto, and the fact that the Settlement Class and Comcast agreed to the

Settlement, shall be without prejudice to the rights of the Settlement Class or Comcast, shall

not be used for any purpose whatsoever in any subsequent proceeding in this action or any

other action in any court or tribunal, and shall not be construed as an admission or concession

by any Party of any fact, matter, allegation, or contention.  Plaintiffs and Class Counsel agree to recommend approval of this Agreement by the Court and to recommend participation in the Settlement by members of the Settlement Class.  Unless otherwise terminated as provided herein, the Parties agree to undertake their best efforts, including any and all steps and efforts that may become necessary by order of the Court or otherwise, to effectuate the terms and purposes of this Settlement Agreement, to secure the Court's approval, and to oppose any appeals from or challenges to an order approving the Settlement.

4. **NOTICE OF PROPOSED CLASS SETTLEMENT**

4.1     Following Preliminary Approval of this Settlement Agreement, the Parties shall provide Notice of the proposed Class Settlement as required by Federal Rule of Civil Procedure 23(e) and as required by the Court.  The Parties will recommend to the Court that the Notice be provided as follows:

4.1.1   Comcast will provide notice of the proposed settlement to Current Subscribers in their monthly bill.  A summary notice shall be given to all Current Subscribers by including in one complete billing cycle of Comcast bills a "notice insert" in a form substantially similar to Exhibit "C".  The summary notice will direct Current Subscribers to a settlement website that will have a more complete explanation of the settlement terms. Comcast agrees to manage the process of providing mailed notice to Current Subscribers in their monthly bills and bear the costs of providing such notice.

4.1.2   Notice also shall be provided to Current Subscribers by the Claims Administrator establishing an Internet settlement website at

www.SetTopBoxSettlement.com within ninety (90) days of Preliminary Approval that will display, *inter alia*, the following: (i) a Notice in a form substantially similar to Exhibit "D"; (ii) contact information for Class Counsel, in the form of firm name, attorney name, a phone number, address, e-mail address, and website address; (iii) a complete copy of the Settlement Agreement; (iv) frequently asked questions; and (v) a Claim Form that can be submitted electronically.

4.2     Comcast will use reasonable efforts to ensure that the mailed notice (as referred to in subparagraph 4.1.1) is mailed to Current Subscribers within one hundred and twenty (120) days of Preliminary Approval of this Settlement Agreement.

4.3     Other than the Notice provided for by this paragraph, the Parties will make no other effort to publish or disseminate any notice of this Settlement or its terms without the approval of the other Parties or that of the Court.  Class Counsel and their co-counsel may also publish the notice and information about the Settlement Agreement, as well as a link to the settlement website, on their respective firm's websites.  Additionally, Class Counsel and their co-counsel may advise Plaintiffs and Class Members of the terms of the Settlement Agreement and provide assistance in the making of claims thereunder, so long as the communications are consistent with the terms of the Settlement Agreement and its related document, such as the class notice and Claim Form.

**5.     <u>COST OF ADMINISTRATION</u>**

5.1     The cost of providing the notices and the cost incurred by the Claims Administrator in administrating this Settlement Agreement ("Administration Costs"), exclusive of any legal fees incurred by the Parties, shall be paid by Comcast.

6.     **OPT-OUT AND OBJECTION PROCEDURES**

6.1     Class Members who want to be excluded from the Settlement Class must send a written request for exclusion ("Opt-Out Request") to the Claims Administrator and to Class Counsel or Class Counsel's designee, within one hundred and eighty (180) days of Preliminary Approval.

6.2     Class Counsel, or its designee, shall file a Notice of Class Action Opt-Outs, listing the names of all persons or entities who submitted an Opt-Out Request within 21 days after the deadline by which all opt-out requests must be postmarked.

6.3     Only those Class Members who complete a Claim Form will receive the Settlement Credits described herein.   Comcast will have the option to terminate the Settlement Agreement in its sole discretion if more than four percent (4%) of the Settlement Class opts out of this Settlement Agreement.

6.4     In order to be considered by the Court, any objection to the Settlement Agreement must: (i) contain the full name and current address of the person objecting; (ii) contain the title of the Lawsuit:  *In re: Comcast Corp. Set-Top Cable Television Box Antitrust Litigation*, Case No. 2:09-md-02034-AB (E.D. Pa.); (iii) state the reasons for the objection; (iv) be accompanied by any evidence, briefs, motions, or other materials the objector intends to offer in support of the objection; (v) be signed by the objector; and (vi) be filed with the Court and served upon Class Counsel and counsel for Comcast within one hundred and eighty (180) days of Preliminary Approval.

7.     **FINAL COURT APPROVAL**

No later than one hundred and fifty (150) days after Preliminary Approval, the Plaintiffs shall move for the Court's final approval of this Settlement Agreement, and agree to use their

respective best efforts to obtain such approval ("Final Approval Hearing").   At the Final Approval Hearing, the Parties shall petition the Court to enter a Final Judgment in substantially the form attached hereto as Exhibit "E" which shall, *inter alia*, dismiss with prejudice the Settlement Class' claims against Comcast.   If any person appeals the Court's order of final approval of the Settlement, the Parties will use their respective best efforts to defeat the appeal.

**8.     CONFIRMATORY DISCOVERY**

As a condition precedent to this settlement, Comcast will make available for deposition pursuant to Fed. R. Civ. P. 30(b)(6), a corporate representative(s) to testify on the following topics: (1) the technological changes in the Set-Top Box market since the filing of this Action; (2) the marketplace for selling Set-Top Boxes and the success or lack of success by consumer electronic manufacturers in the marketplace selling Set-Top Boxes; and (3) the compatibility of different Set-Top Boxes with cable television plant used by Comcast during the Class Period. Plaintiffs may terminate this Settlement Agreement within ten (10) days of the confirmatory deposition in the event they determine, based upon the answers given, that this Settlement Agreement is not in the best interest of the class as a whole.

**9.     CLASS RELIEF**

The Parties agree as follows:

9.1     Members of the Settlement Class will be entitled to Settlement Credits redeemable for Comcast services as follows:

9.1.1   Non-Subclass Claimants: Settlement Class Members *who are not members of the Subclass* shall be entitled to select one of the following options, depending on the length of time they rented a Set-Top Box from Comcast:

9.1.1.1   If the Claimant rented at least one Set-Top Box for 60 or more months (more than 5 years), the Claimant is entitled to select one of the following options:

(a) three (3) free pay-per-view movies (an estimated $17.97 value); or

(b) for customers who also subscribe to Xfinity high speed internet service, two (2) free pay-per-view movies and one (1) month free upgrade in Internet service from Performance Level to Blast!® (an estimated $21.98 value).

9.1.1.2   If the Claimant rented at least one Set-Top Box from 36 to 59 months (3 to 5 years), the Claimant is entitled to select one of the following options:

(a) two (2) pay-per-view movies (an estimated $11.98 value); or

(b) for customers who also subscribe to Xfinity high speed internet service, one (1) free pay-per-view movie and one (1) month free upgrade in Internet service from Performance Level to Blast!® (an estimated $15.99 value).

9.1.1.3   If the Claimant rented at least one Set-Top Box from 1 to 35 months (0 to 3 years), the Claimant is entitled to select one of the following options:

(a) one (1) pay-per-view movie (an estimated $5.99 value); or

(b) for customers who also subscribe to Xfinity high speed internet service, one (1) month free upgrade in Internet service from Performance Level to Blast!® (an estimated $10.00 value).

9.1.2   <u>Subclass Claimants</u>:  Settlement Class Members *who are members of the Subclass* shall be entitled to select one of the following options, depending on the length of time they rented a Set-Top Box from Comcast:

9.1.2.1    If the Subclass Claimant rented at least one Set-Top Box for 60 or more months (more than 5 years), the Subclass Claimant is entitled to select one of the following options:

(a) three (3) free months of Showtime (an estimated $65.85 value);

(b) two (2) free months of Showtime <u>and</u> three (3) pay-per-view movies (an estimated $61.87 value); or

(c) for customers who also subscribe to Xfinity high speed internet service, three (3) months free upgrade in Internet service from Blast!® to Extreme 50® Internet service (an estimated $75.00 value).

9.1.2.2    If the Subclass Claimant rented at least one Set-Top Box from 36 to 59 months (3 to 5 years), the Subclass Claimant is entitled to select one of the following options:

(a) two (2) free months of Showtime (an estimated $43.90 value);

(b) one (1) month of Showtime <u>and</u> three (3) pay-per-view movies (an estimated $39.92 value); or

(c) for customers who also subscribe to Xfinity high speed internet service, two (2) months free upgrade in Internet service from Blast!® to Extreme 50® Internet service (an estimated $50.00 value).

9.1.2.3    If the Subclass Claimant rented at least one Set-Top Box from 1 to 35 months (0 to 3 years), the Subclass Claimant is entitled to select one of the following options:

(a) one (1) month of Showtime (an estimated $21.95 value);

(b) four (4) pay-per-view movies (an estimated $23.96 value); or

(c) for customers who also subscribe to Xfinity high speed internet service, one (1) month free upgrade in Internet

service from Blast!® to Extreme 50® Internet service (an estimated $25.00 value).

9.1.3   In addition to the relief specified in 9.1.1 and 9.1.2, Subclass Claimants who rented more than one (1) Set-Top Box during the Class Period will be entitled to one (1) additional pay-per-view movie rental (an estimated $5.99 in value).

9.1.4   Claimant's rental period of a Set-Top Box is determined from January 1, 2005 to the date the Preliminary Approval Order is entered (the "Class Period").  Any Claimant relief elected in paragraphs 9.1.1 or 9.1.2 which constitutes an upgrade in a customer's current service (such as Premium Cable Television or Blast!®) will automatically end after the period of time specified in the subparagraph and the Claimant's subscription will return to the previous service level, unless the customer makes an affirmative election to continue at the higher service level and pay the regular subscription rate for that service level.

9.1.5   Pay-per-view movies are sold at different retail prices.  The value listed next to each pay-per-view option above is the maximum potential retail price for that option (*i.e.*, value of pay-per-view movies is based on cost of renting a high-definition movie).  The actual compensation received by a Claimant may vary based upon the Claimant's pay-per-view selection(s).

9.1.6   The value in the aggregate of the Settlement Credits provided for in paragraph 9.1 shall not exceed forty-three million U.S. Dollars ($43,000,000).  The forty-three million dollar sum ($43,000,000) is not part of any fund.  If less than forty-three million dollars ($43,000,000)

worth of claims is submitted by eligible claimants, Comcast is entitled to retain the balance.

9.1.7   The Settlement Credits will be valid for one (1) year after their issuance, after which they expire by their own terms.

9.1.8   All Claimants must be a customer in good standing in order to be eligible for Settlement Credits (*i.e.*, the account cannot be open to disconnection for non-payment).

9.2   <u>Non-Transferability</u>:   The Settlement Credits provided for in paragraph 9.1 shall only be used as provided for in this Agreement, and are not transferrable.

9.3   <u>Provision of Credits and Other Relief</u>:   All the relief which will be provided to the Class Claimants pursuant to paragraph 9.1 will be provided by Comcast no later than one hundred and twenty (120) days after the Effective Date.

9.4   <u>Educational Statement</u>:   Subject to approval by the Court, Comcast shall post the Educational Statement substantially in the form attached as Exhibit "F" (<u>or</u> a similar statement regarding the use of a Set-Top Box) to its consumer website for one year after the Effective Date.

9.5   <u>Plaintiffs' Counsel's Fees</u>:   Comcast shall not oppose the Court's approval of attorneys' fees and costs up to the sum of two million, seven hundred forty-six thousand U.S. dollars and no cents ($2,746,000.00) ("Attorneys' Fees Sum").   Comcast will pay this Attorneys' Fees Sum in accordance with wiring instructions to be provided by Dianne Nast within 30 days of the Effective Date.   Class Counsel shall file a motion for approval of attorneys' fees, costs, and Incentive Payments no later than one hundred and fifty (150) days after Preliminary Approval and agrees not to seek an award of attorneys' fees or costs in

excess of the Attorneys' Fees Sum.  Class Counsel is responsible to make payments as necessary to any other Plaintiffs' Counsel who have been involved in the Action.

9.6     Incentive Payments.  Comcast shall not oppose the Court's approval of the payment of one-thousand dollars ($1,000.00) to each of the four named Plaintiffs in this action.  Plaintiffs' Incentive Payments, which shall not exceed one thousand dollars each ($1,000.00), shall be paid by checks delivered to Class Counsel for distribution to the appropriate Plaintiffs.

9.7     Failure to Settle:  The Parties agree that, if the Settlement Agreement is not approved, or if the Settlement is terminated pursuant to paragraph 11, the Settlement and all proceedings had in connection therewith shall be without prejudice to any Party's positions (both legal and factual) in the Action.  To that end, each Party shall not forfeit or waive any factual or legal defense or contention in the Action in the event that the Settlement is terminated.  The Parties further agree to jointly move the Court to vacate all Orders issued pursuant to the Settlement in the event that the Settlement is terminated.

9.8     Administration of Claims

9.8.1   In order to participate in the Settlement, each Class Member shall submit a Claim Form, substantially in the form of Exhibit "A" including: (a) their name; (b) the address where they receive the service; (c) the number of years they claim to have rented one or more set top boxes and (d) their Comcast account number.  Further, Claimants shall affirm, under penalty of perjury, that (1) they are a member of the class, and (2) they were charged and paid a rental fee for use of a one or more Set-Top Box(es) supplied by Comcast during the class period for the amount of time

claimed.  A website will be established for the submission of electronic Claims Forms.  All representations made in Claim Forms will be subject to verification through records of Comcast.

9.8.2   Claim Forms will be sent to the Claims Administrator and must be received by the Claims Administrator and/or postmarked no later sixty (60) days after the date of the Final Approval Hearing.

9.8.3   Subject to Court approval, before distribution of the Settlement Credits to the Class, Comcast will provide Class Counsel with a list of claims that, based on its records, Comcast deems invalid.  If, after meeting and conferring with Comcast, Class Counsel believes the challenged claims(s) is/are not invalid and should be paid, Class Counsel may promptly bring the issue(s) to the attention of the Court, which will have final say over the dispute.

9.8.4   The Parties agree to cooperate to establish and implement the necessary procedures in order for the settlement benefits to be provided to Class Members in the most cost efficient way possible for all Parties.

## 10.   RELEASES

10.1    Plaintiffs and all members of the Settlement Class, on behalf of themselves individually and their current or former agents, employees, predecessors, successors, heirs, and assigns, do hereby voluntarily and knowingly agree to fully, finally, and unconditionally release and discharge Comcast, its respective parents, subsidiaries, predecessors-in-interest or title, successors-in-interest or title, affiliates, past or present members, limited and general partners, shareholders, directors, officers, employees, current

and former employees, officers, principals, executives, members, managers, agents, attorneys, and representatives from any and all claims, demands, actions, suits, and causes of action that have been brought or could have been brought, are currently pending or were pending, whether known or unknown, suspected or unsuspected, asserted or unasserted, under or pursuant to any statute, regulation, common law or equity, that arise or relate in any way, directly or indirectly, to: (a) the state and federal claims or issues actually raised or which could have been raised in the Action; or (b) that relate in any way to the facts alleged in the Action; or (c) that relate to Class Members purchase or use of Premium Cable together with or in combination with the rental of a Set Top Box, from the beginning of the Class Period until the Effective Date ("Released Claims").

        10.2        <u>Unknown, Unaccrued, or Unsuspected Claims</u>.  Plaintiffs and Class Members intend to grant a full, general, and unconditional release of all Released Claims, whether or not they have knowledge of the existence of any such Released Claims, or of any fact which would give rise to, or support, any such Released Claims, and irrespective of whether the facts presently known to them are correct or complete.  Each Party acknowledges that claims may exist against another Party or its affiliates, which claims are covered by the terms of this release, the nature of which has not yet been discovered.  Each Party acknowledges that it may have underestimated, in the amount or severity, presently existing claims against another Party or its affiliates.  It is expressly understood and agreed that the possibility that such claims exist, being known and understood, was explicitly taken into account by each Party in determining whether there was adequate consideration in exchange for entering into this Agreement and a portion of that consideration, having been bargained for between the Parties with knowledge of the possibility of such unknown claims,

was given in exchange for full accord, satisfaction, and discharge of all such claims.  This release is intended to be, and remain in effect as, a full and complete general release, notwithstanding the discovery or existence of different or additional facts, relating to the Released Claims.

      10.3     <u>Notice to California Subscribers.</u> In furtherance of this intention, as expressed in paragraphs 10.1 and 10.2 of this Settlement Agreement, Plaintiff Herrera and California Subscribers who are members of the Subclass also expressly waive any and all rights granted by California Civil Code section 1542, or any similar provision in any other jurisdiction.  Plaintiff Herrera acknowledges his counsel has explained to him the nature and effect of, and he is fully and completely familiar with, section 1542 of the California Civil Code, and California Subscribers who are members of the Subclass acknowledge that any questions they have concerning this release may be answered by counsel.  Section 1542 of the California Civil Code provides:

      A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

      10.4     <u>Notice to Washington Subscribers.</u> In furtherance of this intention, as expressed in paragraphs 10.1 and 10.2 of this Settlement Agreement, Plaintiff Deanne and Washington Subscribers who are members of the Subclass also expressly waive any and all rights granted by Washington law that require that the waiver of future, unaccrued, unmatured, or future claims be listed conspicuously on any release.  Plaintiff Deanne and Washington

Subscribers who are members of the Subclass acknowledge and admit that the waiver of such claims contained in this Agreement and General Release satisfy any requirement under any law of any state that such a waiver be made conspicuously.

10.5     The Parties expressly waive all rights under any applicable or non-applicable statute or other provision limiting the release of claims by a person or entity that are not known or suspected to exist in such person's or entity's favor at the time of executing the release and which if known or suspected would have materially affected such person's or entity's decision whether or not to enter into such release.  The waiver of any or all statutory or common law rights is not an acknowledgement that any or all these state laws govern this Agreement.

10.6     Upon the Effective Date of this Settlement Agreement, each member of the Settlement Class who has not timely and properly excluded himself or herself by opting out of the Settlement Class shall be deemed to have given this release.

10.7     Plaintiffs and all members of the Settlement Class agree that this Settlement Agreement shall be construed to be, and is, a covenant by Plaintiffs and all members of the Settlement Class, for themselves, their affiliates, agents, successors, and assigns, not to sue, institute, or instigate any legal, equitable, or administrative investigation or proceedings against Comcast for any Released Claims. Plaintiffs and all members of the Settlement Class agree and acknowledge that the covenants not to sue in this Settlement Agreement are made to inure to the benefit of, and are specifically enforceable by, Comcast, its respective parents, subsidiaries, agents, employees, representatives, directors, officers, affiliates, heirs, executors, predecessors, successors, and assigns. Upon the Effective Date,

each member of the Settlement Class who has not timely and properly excluded himself or herself by opting out of the Settlement Class shall be deemed to have made the covenants.

10.8    Plaintiffs represent and warrant that they are the current legal and beneficial owners of the Released Claims and that they have not assigned, pledged, or contracted to assign or pledge any such Released Claim to any person, other than their attorneys in connection with contingent fee agreements.  All claims that Plaintiffs and the Settlement Class have assigned or pledged to their attorneys, or contracted to assign or pledge to their attorneys, are released to the same extent as the Released Claims.

10.9    Plaintiffs warrant and represent that they have asserted no claim in the Action except those that they own, that they can provide a complete resolution of their claims in the Action, and that no part of Plaintiffs' or the Settlement Class's Released Claims in the Action against Comcast will remain viable after the dismissal of the Action.

10.10   The terms of the release and covenants provided and effectuated by this Settlement Agreement are to be broadly construed in favor of a complete resolution of all claims that were actually raised in or could have been raised in the Action.

10.11   Notwithstanding any provision in this Settlement Agreement to the contrary, nothing in this Settlement Agreement not in this release, shall release any Party of his, her, or its respective obligations under this Agreement or otherwise preclude any Party from filing an action against another Party for the purpose of enforcing his, her, or its rights under this Agreement.

10.12   Consistent with the general release of these claims, the Plaintiffs agree not to institute any federal, state, territorial, or private regulatory, administrative, legal, or other

proceeding, investigation, inquiry, examination, or review related to the Released Claims, unless such action is required by law.

## 11.    TERMINATION OF SETTLEMENT AGREEMENT

In the event that the Court or any appellate or other court enters an order altering this Settlement Agreement in a way that either Party believes, in its sole discretion, materially and adversely affects its interests, the affected Party may, within ten (10) days from the entry of such order, void this Settlement Agreement on such grounds.  The terminating Party shall provide written notice of its decision to the other Party.

## 12.    NO ADMISSION OF LIABILITY

12.1      The Settlement reached in this Settlement Agreement is made only to compromise and settle the Action between Plaintiffs and the Settlement Class and Comcast without further litigation and should in no way be construed as an admission of liability or wrongdoing of any kind by Comcast.  Rather, Comcast denies any wrongdoing or liability. This Settlement is intended to resolve claims disputed as to both the facts and the law, and each Party has relied upon its own employees' and counsel's advice and work in entering into this Settlement Agreement and not the advice or work of any other Party's employees or counsel.  No Party to the Settlement Agreement, and no one in privity with them, shall argue before any court, agency, or other forum that the Settlement shows or evidences an admission by Comcast that it violated any law or legal obligation.  Neither this Settlement Agreement nor any of the negotiations connected with it may be offered or received in evidence for any purpose other than for purposes of the proceedings to approve this Settlement Agreement and to obtain dismissal of the Action or to otherwise enforce this Settlement Agreement.

12.2     The Parties and their counsel agree that this Settlement Agreement, the offers or counteroffers made during the negotiations of the Settlement and Settlement Agreement, any pleadings, statements, or other papers related to this Settlement Agreement, or any other act or statement in the negotiations or settlement procedures shall not be offered into evidence or otherwise used to contend that the Court should certify a contested or opposed class in the Action or any other proceeding.  Comcast's efforts to resolve all issues in the context of the Settlement Class shall not be used to argue that any class should be certified against Comcast outside of this negotiated Settlement context, and, in the event this Settlement Agreement does not receive final approval for any reason, Comcast's agreement that this matter be treated as a class action shall be deemed withdrawn and Comcast shall retain the right to object to the maintenance of the Action as a class action.

13.     **GENERAL PROVISIONS**

13.1     Modifications.     Comcast and Class Counsel may agree by written amendment to modify the provisions of this Settlement Agreement as they deem necessary to effectuate the intent of the Settlement Agreement, provided, however, that they may make no agreement that reduces or impairs the benefits to any Settlement Class Member without approval by the Court.

13.2     No Oral Modifications.     No alterations, modifications, supplements, changes, amendments, waivers, or termination of this Agreement shall be valid unless in writing and executed by all Parties.  No waiver of any provision of this Agreement shall constitute a waiver of any other provision.  Each Party warrants that he, she, or it has not relied on any promises or representations outside of this Agreement.

13.3     <u>Binding Effect of Settlement Agreement.</u>  The terms and provisions of this Settlement Agreement shall be binding upon, and inure to the benefit of, each of the Parties and each of their respective successors, heirs, and assigns.

13.4     <u>Multiple Originals/Counterparts.</u>  This Settlement Agreement, including Exhibits, may be executed in one or more counterparts, each of which when so executed and delivered shall be deemed to be an original, but all of which taken together shall constitute but one and the same instrument.  A facsimile or a PDF copy of a signature page shall be acceptable in the absence of an original signature page.

13.5     <u>Authority of Persons Signing Settlement Agreement</u>.  Counsel executing this document for the Parties represent and warrant that they do so with full authority to bind each such Party and their co-counsel to the terms and provisions in this Agreement.  Further, Class Counsel individually represent to Comcast that they are in agreement as to the fairness and adequacy of the Settlement.

13.6     <u>Entire Settlement Agreement</u>.  This Settlement Agreement is the entire agreement and understanding among each of the Parties relating to this subject matter and supersedes all prior proposals, negotiations, agreements, and understandings between the Parties.  All negotiations, understandings, conversations, and communications are merged into this Agreement and have no force and effect other than as expressed in the text of this Agreement.  The Parties acknowledge, stipulate and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation or understanding respecting any part or all of the subject matter of this Settlement Agreement has been made or relied on except to the extent expressly set forth in this Settlement Agreement.

13.7    <u>Governing Law and Venue and Jurisdiction</u>.  This Settlement Agreement shall be governed, construed by and follow the laws of the Commonwealth of Pennsylvania. Jurisdiction and venue for all proceedings in connection with this Settlement Agreement, or arising as a result of any matter relating to this Settlement, or addressed in this Settlement Agreement, shall be in the United States District Court for the Eastern District of Pennsylvania under the caption and case number of this litigation.

13.8    <u>Enforcement of Agreement.</u>  Each Party hereby irrevocably submits to the exclusive jurisdiction and venue of the United States District Court for the Eastern District of Pennsylvania for any suit, action, proceeding, case, controversy, or dispute arising in the United States and relating to this Agreement and/or Exhibits hereto and negotiation, performance, or breach of same.

13.9    <u>Voluntary Agreement and Consultation With Counsel</u>.  The Parties represent and acknowledge: (a) they have read this Settlement Agreement; (b) they have made such investigation of the matters pertaining to this Settlement Agreement as they deem necessary and find the terms of this Settlement Agreement to be satisfactory; (c) they understand all of this Settlement Agreement's terms; (d) they execute this Settlement Agreement freely, voluntarily, and without coercion, with full knowledge of its significance and the legal consequences thereof; and (e) they have consulted legal counsel and have had an adequate opportunity to review and consider the terms of this Settlement Agreement. Furthermore, the Parties agree that no fiduciary relationship exists among them, and no Party is dependent upon any other Party for knowledge, advice, guidance, financial support, or the ability to knowingly and independently enter into this Agreement.

13.10    <u>Further Assurances</u>.  Each Party shall undertake good faith efforts to perform any and all of that Party's obligations under this Settlement Agreement.  In this connection, each Party shall take any and all actions, and execute, have acknowledged and deliver any and all further documents that one or more other Parties may reasonably request to effectuate the intents and purposes of this Settlement Agreement.

13.11    <u>Time Frames</u>.  The Parties recognize that additional time might be required in order to accomplish the actions or tasks provided for by the Settlement Agreement. In the event that a Party is unable to accomplish any task within the allotted time, the other Parties agree to a reasonable extension of time.

13.12    <u>Costs</u>.  Other than the specific attorneys' fees and costs provided for in this Settlement Agreement, the Parties hereby each agree to bear their own attorneys' fees, costs, and expenses, including but not limited to expert witness fees and expenses, incurred in connection with the Action and this Settlement Agreement.

13.13    <u>Effect of Invalidity/Severability</u>.  Wherever possible, each provision of this Settlement Agreement shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision should be prohibited or invalidated under such law, such provision shall be ineffective only to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or other provisions of this Settlement Agreement.

13.14    <u>Notices</u>.  All notices required or permitted hereunder shall be in writing and shall be sent via facsimile and Federal Express (or other overnight courier) and addressed as follows:

If to Comcast:                          M. Norman Goldberger, Esq.
Ballard Spahr, LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania  19103
Telephone:  (215) 665-8500
Facsimile:  (215) 864-8999

Arthur J. Burke, Esq.
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 450-3800

Jaime Bianchi, Esq.
White & Case LLP
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131-2352
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

If to Plaintiffs:                      Dianne M. Nast, Esq.
NastLaw LLC
1101 Market Street, Suite 2801
Philadelphia, Pennsylvania 19107
Telephone: (215) 923-9300
Facsimile: (215) 923-9302

Kenneth A. Wexler, Esq.
Wexler Wallace LLP
55 West Monroe, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022

      13.15        <u>Confidentiality/Non-Disparagement</u>.  The Parties agree that any facts or circumstances concerning this Action, the Claims, and the terms and conditions of this Class Action Agreement shall be kept strictly confidential among the Parties and their counsel, except as provided in paragraph 4.3, and are not to be revealed to any other person or entity, except as may be necessary to comply with applicable law.  Subject to paragraph 4.3, *supra*,

no Party will make any press release or other form of public announcement regarding the settlement other than what the Court orders in connection with class notice.  The Parties further agree that they will keep confidential their dealings and opinions about each other with respect to the Action and the settlement thereof, and that they will not make any disparaging statements about the other with respect to the Action and the settlement thereof, or imply that any Party prevailed over any other Party in connection with the claims which are the subject of this Agreement.  The Parties reserve the right to speak publicly about the settlement in the context of developments in the law, particularly with respect to arbitration clauses and class action bans, but Class Counsel shall refrain from speaking negatively about Comcast and will not otherwise address the merits of the litigation.  The Parties further agree this paragraph is an essential and material term of this Agreement and, without it, no settlement would have been reached.

      13.16     <u>No Obligation to Third Parties</u>.  Except for the Parties to this Agreement and as otherwise provided herein, no person is intended to be a beneficiary of any provision of this Agreement and, accordingly, there shall be no third party beneficiaries of this Agreement.

      13.17     <u>Default</u>.  If any Party defaults upon any provision of this Agreement, a Party shall have the right to enforce the agreement in this Court, which shall retain jurisdiction to enforce this Agreement, and obtain from the defaulted Party all reasonable attorneys' fees, court costs, and litigation expenses, including but not limited to expert witness fees and expenses, to enforce the Agreement.

      13.18     <u>Effective Date of Agreement</u>.  This Settlement Agreement shall be effective upon the signing of the Agreement by all of the persons whose signature is included on a signature page of this Agreement.

IN WITNESS WHEREOF, each Party hereto has approved and executed this Class Action Settlement Agreement and General Release on the date set forth below.

SIGNATURE PAGES FOLLOW ON THE NEXT PAGE

**Signature Pages**

## FOR PLAINTIFFS

James Deanne, Leopoldo Herrera, Debra
Koller, Daniel Steele, and Patrick Morrisey,
individually and as representatives of others
similarly situated

*All actions*

s/ Dianne M. Nast
Dianne M. Nast, Esq.
Lead Counsel and Proposed Class Counsel for
the Settlement Class

Date: February 24, 2014

s/ Kenneth A. Wexler
Kenneth A. Wexler, Esq.
Proposed Class Counsel for the Settlement
Class

Date: February 24, 2014

s/ Stephen A. Corr
Stephen A. Corr, Esq.
Liaison Counsel and Proposed Class Counsel
for the Settlement Class

Date: February 24, 2014

**FOR PLAINTIFFS**

s/ Michael L. Murphy
Michael L. Murphy, Esq.
Attorney in Fact for James Deanne


Date: February 24, 2014


s/ William M. Sweetnam
William M. Sweetnam, Esq.
Attorney in Fact for Debra Koller and
Leopoldo Herrera


Date: February 24, 2014


s/ Leonard V. Fodera
Leonard V. Fodera, Esq.
Attorney in Fact for Daniel Steele


Date: February 24, 2014


s/ Carl N. Frankovitch
Carl N. Frankovitch, Esq.
Attorney in Fact for Patrick Morrissey


Date: February 24, 2014

**FOR DEFENDANTS**

Comcast Corporation, Comcast Holdings Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Holdings, Inc.

*All actions*

s/Thomas R. Nathan
Thomas R. Nathan
Senior Vice President and Deputy General Counsel

Date: February 24, 2014

# EXHIBIT A

**Comcast Set-Top Box Settlement**
**Claims Administrator**
**PO Box 6006**
**Portland, OR 97228-6006**

United States District Court for the
Eastern District of Pennsylvania

*In re: Comcast Corp. Set-Top Cable*
*Television Box Antitrust Litigation,*
Case No. 2:09-md-02034-AB

<<Mail ID>>

<<Name>>
<<Address1>>
<<Address2>>
<<City, State Zip Code>>

Print or type clearly, using only
CAPITAL LETTERS and in blue or black
ink.  Do not use red ink.  Do not staple.
Mail completed Claim Forms
postmarked by **MONTH DAY, YEAR**, or
file a Claim Form online at
www.SetTopBoxSettlement.com.

If you have any questions, please call
1-800-517-7479 or visit the Settlement
website at
www.SetTopBoxSettlement.com.

# CLAIM FORM
## Comcast Set-Top Box Settlement

A settlement has been reached with Defendants Comcast Corporation, Comcast Holdings Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Holdings, Inc. (collectively "Comcast") regarding alleged antitrust violations and unfair trade practices related to the rental of "Set-Top Boxes" to customers who currently subscribe to Comcast's Premium Cable services.  The definition of "Set-Top Box" and other defined terms used in this Claim Form are provided in the Legal Notice, available at: www.SetTopBoxSettlement.com. The Settlement provides benefits to Settlement Class Members who file a Claim. The benefits of the Settlement are described in the Notice and at www.SetTopBoxSettlement.com.  Among Settlement Class Members, benefits are different for members of the Subclass and vary based on the period of time a Settlement Class Member has rented a Set-Top Box. The following are not included in the Settlement: those persons who opted out; Comcast officers, directors, or employees, any entity in which Comcast has a controlling interest, and the affiliates, legal  representatives, attorneys, heirs, or assigns of Comcast; Class Counsel and Class Counsel's employees;  and Judge Anita B. Brody and members of her judicial staff of the United States District Court for the Eastern District of Pennsylvania, as well as any federal, state, or local governmental agency, and any judge, justice, or judicial officer presiding over this matter and members of their immediate families and  judicial staffs. Comcast reserves the right to verify all representations made in Claim Forms through records of Comcast. Please review each benefit category listed in this Claim Form, complete the Claim Form, and return it to the mailing address below postmarked on or before **Month Day, Year**.  You can also quickly and easily file your Claim Form online at www.SetTopBoxSettlement.com. The deadline to file a claim online is 11:59 p.m. PST on **Month Day, Year**.

Comcast Set-Top Box Settlement
Claims Administrator
PO Box 6006
Portland, OR 97228-6006

## PART 1: CLASS MEMBER INFORMATION

Last Name (or Business Name if Applicable)          MI     First Name

Mailing Address

City          State     Zip Code

Current Telephone Number          Email Address

**PART 2: SUBSCRIBER INFORMATION**

Service Address (where you receive Comcast service, if different from Mailing Address)

City                                                    State      Zip Code

Comcast Account Number

**PART 3: SETTLEMENT CLASS MEMBERS NOT IN THE SUBCLASS**

If you are a Settlement Class Member and **not** a member of the Subclass (that is, you do not live in California, Washington State, or West Virginia, or you decided not to opt-out of Comcast's arbitration clause) **you can choose one of the following options**, depending on the length of time you have rented a Set-Top Box from Comcast.

| | | |
|---|---|---|
| 3A | If you rented at least one Set-Top Box for 60 or more months (more than 5 years), you are entitled to select **one** of the following options: | ☐ three (3) free pay-per-view movies (an estimated $17.97 value); **or**<br><br>☐ **for customers who also subscribe to Xfinity high speed internet service,** two (2) free pay-per-view movies <u>and</u> one (1) month free upgrade in Internet service from Performance Level to Blast!® (an estimated $21.98 value). |
| 3B | If you rented at least one Set-Top Box from 36 to 59 months (3 to 5 years), you are entitled to select **one** of the following options: | ☐ two (2) pay-per-view movies (an estimated $11.98 value); **or**<br><br>☐ **for customers who also subscribe to Xfinity high speed internet service,** one (1) free pay-per-view movie <u>and</u> one (1) month free upgrade in Internet service from Performance Level to Blast!® (an estimated $15.99 value). |
| 3C | If you rented at least one Set-Top Box from 1 to 35 months (0 to 3 years), you are entitled to select **one** of the following options: | ☐ one (1) pay-per-view movie (an estimated $5.99 value); **or**<br><br>☐ **for customers who also subscribe to Xfinity high speed internet service,** one (1) month free upgrade in Internet service from Performance Level to Blast!® (an estimated $10.00 value). |

## PART 4: SETTLEMENT CLASS MEMBERS IN THE SUBCLASS

If you are a Current Subscriber and **are** a member of the Subclass (that is, you live in California, Washington State, or West Virginia, or you elected to opt-out of Comcast's arbitration clause), **you can choose one of the following options**, depending on the length of time you rented a Set-Top Box from Comcast.

| | | |
|---|---|---|
| 4A | If you rented at least one Set-Top Box for 60 or more months (<u>more than 5 years</u>), you are entitled to select **one** of the following options: | ☐ three (3) free months of Showtime (an estimated $65.85 value); **or**<br><br>☐ two (2) free months of Showtime <u>and</u> three (3) pay-per-view movies (an estimated $61.87 value); **or**<br><br>☐ **for customers who also subscribe to Xfinity high speed internet service**, three (3) months free upgrade in Internet service from Blast!® to Extreme 50 Internet service (an estimated $75.00 value). |
| 4B | If you rented at least one Set-Top Box from 36 to 59 months (<u>3 to 5 years</u>), you are entitled to select **one** of the following options: | ☐ two (2) free months of Showtime (an estimated $43.90 value); **or**<br><br>☐ one (1) free month of Showtime <u>and</u> three (3) pay-per-view movies (an estimated $39.92 value); **or**<br><br>☐ **for customers who also subscribe to Xfinity high speed internet service**, two (2) months free upgrade in Internet service from Blast!® to Extreme 50 Internet service (an estimated $50.00 value). |
| 4C | If you rented at least one Set-Top Box from 1 to 35 months (<u>0 to 3 years</u>), you are entitled to select **one** of the following options: | ☐ one (1) free month of Showtime (an estimated $21.95 value); **or**<br><br>☐ four (4) pay-per-view movies (an estimated $23.96 value); **or**<br><br>☐ **for customers who also subscribe to Xfinity high speed internet service**, one (1) month free upgrade in Internet service from Blast!® to Extreme 50 Internet service (an estimated $25.00 value). |
| 4D | **Also**, If you rented <u>more than one</u> Set-Top Box during the Class Period, you can select one (1) additional pay-per-view movie by checking the box: | ☐ one (1) additional pay-per-view movie (an estimated $5.99 value). |

## PART 5: CERTIFICATION Print your name, sign and provide today's date below.

I declare, under penalty of perjury, that (1) I am a Settlement Class Member, (2) I was charged a rental fee for use of one or more Set-Top Box(es) supplied by Comcast during the class period for the amount of time claimed, and (3) the information provided in this Claim Form is true and correct.

| | | |
|---|---|---|
| | | |
| Print Name | Signature | MM  DD  YY |

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: COMCAST CORP. SET-TOP CABLE TELEVISION BOX ANTITRUST LITIGATION | ) CIVIL ACTION NO. 2:09-md-02034-AB ) ) ) |

## [PROPOSED] AMENDED ORDER CERTIFYING A SETTLEMENT CLASS AND
## PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

Upon review and consideration of the Second Amended Settlement Agreement, dated February 24, 2014, Plaintiffs' Renewed Motion for Certification of a Settlement Class and Preliminary Approval of Class Action Settlement and supporting memorandum of law, this Court hereby FINDS and ORDERS as follows:

## I.     BACKGROUND

### A.     Plaintiffs' Claims

1.     Plaintiffs filed this case in early 2009 on behalf of themselves and a proposed class of persons who subscribed to Comcast's Premium Cable service and who were allegedly forced to rent a set-top box distributed by Comcast to receive all of the benefits of Premium Cable service.  A set-top box connects to and is effectively an extension of a television set.  Plaintiffs alleged that Comcast engaged in anti-competitive activity by tying the sale of Premium Cable to the rental of its set-top boxes, and further alleged that this conduct resulted in inflated prices to Class members.

2.     Comcast has denied Plaintiffs' allegations regarding liability, has denied Plaintiffs' and the Class's entitlement to damages or any other relief and has asserted numerous defenses.  Comcast contends that its conduct was at all times lawful and caused no harm to competition, the public, the Plaintiffs, or the members of the Class.

3.      The Settlement proposed here was reached after arm's-length negotiations occurring over the course of several years, including multiple mediation sessions. Further, the Settlement was reached only after counsel litigated this case for more than four years by: (a) engaging in extensive investigation of the technology and the market for Premium Cable and set-top boxes; (b) taking discovery regarding the arbitration clause employed by Comcast in its Subscriber Agreement; and (c) litigating numerous substantive and procedural matters before this Court, including Comcast's pending Motion to Compel Arbitration.

4.      The mediation sessions included presentations by the parties highlighting the strengths and weaknesses of their respective positions.

### B.      The Motion to Compel Arbitration

5.      When the parties entered into the Settlement, a dispute existed as to whether Plaintiffs were required to arbitrate their claims under the arbitration clause contained in Comcast's Subscriber Agreement.  Comcast moved to compel individual arbitration of all claims, except as to the Plaintiffs residing in Washington and California. The motion is fully briefed.  During oral argument on that motion, the Court made clear that it would give serious consideration to the class action waiver issue, particularly in light of recent Supreme Court and other federal appellate court jurisprudence—*i.e.*, *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011) and *In re American Express Merchants' Litig.*, 634 F.3d 187 (2d Cir. 2011) ("*AmEx II*").  The Supreme Court ultimately decided this issue in *American Express Co. v. Italian Colors Restaurant,* 133 S. Ct. 2304 (2013) (*"AmEx III")*, which was issued on June 20, 2013.

## II.      [PROPOSED] FINDINGS WITH RESPECT TO CLASS CERTIFICATION

6.      The Third Circuit has approved class certification for settlement purposes where the proposed class satisfies the four requirements of Rule 23(a) and one of the elements of Rule 23(b).  *See Sullivan v. DB Invs., Inc.*, 667 F.3d 276, 296 (3d Cir. 2011) ("*De Beers*").  When confronted with a request for settlement only class certification, a court need not consider whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial.  *Id.* at 322 n. 56.

### A.      Standards for Certification of a Settlement Class Under Fed. R. Civ. P. 23(a)

7.      Rule 23(a) contains four threshold requirements – numerosity, commonality, typicality and adequacy.  *Wal-Mart, Inc. v. Dukes*, 131 S. Ct. 2541, 2548 (2011); *De Beers*, 677 F.3d at 296; Fed. R. Civ. P. 23.

8.      In determining whether the requirements of Rule 23 have been met, the Court confines its inquiry to those aspects of the merits relevant to making the certification decision on an informed basis.  *De Beers*, 667 F.3d at 305.  Class certification is only appropriate if "the trial court is satisfied, after a rigorous analysis, that the prerequisites . . . have been satisfied."  *Dukes*, 131 S. Ct. at 2551.

9.      After conducting the required analysis, the Court finds that certification of this Settlement Class is appropriate.

#### 1.      Numerosity

10.      Under Federal Rule of Civil Procedure 23(a)(1), Plaintiffs need only demonstrate that the proposed class is so numerous that joinder is impracticable; the rule does not require impossibility and does not require precise enumeration of class size.  *In*

*re Processed Egg Prods. Antitrust Litig.*, 284 F.R.D. 249, 260 (E.D. Pa. 2012).  As the

Third Circuit has observed, "[n]o minimum number of plaintiffs is required to maintain a

suit as a class action, but generally if the named plaintiff demonstrates that the potential

number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met."  *Stewart v.

Abraham*, 275 F.3d 220, 226-27 (3d. Cir. 2001).

11.    Here, Comcast has represented that the number of Premium Cable

subscribers exceeds 20 million, and are located throughout the country, in 39 states and

the District of Columbia.

12.    Accordingly, this Court finds the numerosity requirement is satisfied.

### 2.    <u>Commonality</u>

13.    Federal Rule of Civil Procedure 23(a)(2)'s requirement that there be

"questions of law or fact common to the class" is also met here.  "Rule 23(a)(2)'s

commonality element requires [merely] that the proposed class members share at least

one question of fact or law in common with each other."  *In re Warfarin Sodium Antitrust

Litig.*, 391 F.3d 516, 527-28 (3d Cir. 2004) (affirming certification of settlement class).

This standard is typically met in an antitrust case alleging monopoly or other

anticompetitive conduct.  *In re Linerboard Antitrust Litig.*, 203 F.R.D. 197, 205-06 (E.D.

Pa. 2001) *aff'd* 305 F.3d 145 (3d Cir. 2002); 1 Herbert Newberg & Alba Conte,

NEWBERG ON CLASS ACTIONS § 3:10 (4th ed. 2002) ("[i]n an antitrust action on

behalf of purchasers who have bought the defendants' products at prices that have been

maintained above competitive levels by unlawful conduct, the courts have held that the

existence of an alleged conspiracy or monopoly is a common issue that will satisfy the

Rule 23(a)(2) prerequisite").

14.     Here, Plaintiffs allege that Comcast's conduct – tying of Premium Cable services to the rental of a Comcast set-top box – was common as to all the class members and that all class members were harmed by that conduct by paying supracompetitive prices.  Accordingly, this Court finds the commonality requirement is satisfied.

### 3.     Typicality

15.     In the Third Circuit, "[i]f the claims of the named plaintiffs and putative class members involve the same conduct by the defendant, typicality is established." *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 183-84 (3d Cir. 2001).  Typicality is established where the named plaintiffs allege that they and all putative class members have suffered economic damages arising from artificially inflated purchase prices as a result of the defendants' purported anticompetitive conduct.  *See Processed Egg Prods.,* 284 F.R.D. at 261.

16.     Here, Plaintiffs allege that Comcast unlawfully tied the sale of its Premium Cable services to the rental of a Comcast set-top box and that this activity substantially restricted competition in the market for the sale or rental of set-top boxes, while allowing Comcast to reap supracompetitive profits from Plaintiffs and all class members, thereby injuring all Class members in the same manner.

17.     Accordingly, this Court finds the typicality requirement is satisfied.

### 4.     Adequacy of Representation

18.     The adequacy requirement under Federal Rule of Civil Procedure 23(a)(4) and (g) has two requirements:  (1) "the interests of the named plaintiffs must be sufficiently aligned with those of the absentees," and (2) "class counsel must be qualified

and must serve the interests of the entire class." *Georgine v. Amchem Prods., Inc.*, 83 F.3d 610, 630 (3d Cir. 1996).

### a.      Absence of Conflict

19.      Adequacy of representation and the absence of conflict are found where "[t]he named plaintiffs share a strong interest in establishing liability of defendant, seeking the same type of damages (compensation for overpayment) for the same type of injury (overpayment for [the product at issue])." *In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231, 251 (D. Del. 2002) (certifying settlement class).

20.      Here, the interests of the named Plaintiffs and the putative Class members are aligned; there are no conflicts that would render the named Plaintiffs inadequate representatives of the Class at large.  The representative Plaintiffs and all members of the proposed Class have similar interests in establishing liability against Comcast for the same kind of alleged anticompetitive conduct and recovering, on behalf of each eligible claimant, damages resulting from that conduct.  By pursuing this litigation, each representative Plaintiff necessarily advances the common interests of all other Class members.

### b.      Qualification of Counsel

21.      Courts must consider the following factors in appointing class counsel: the work counsel has done in identifying or investigating the potential claims in the action; counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; counsel's knowledge of the applicable law, and the resources that counsel will commit to representing the class.  Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).  In addition, courts may consider any other matters pertinent to whether proposed class

counsel is able to adequately represent the interests of the class.  Fed. R. Civ. P. 23(g)(1)(B).

22.     Proposed Co-Lead Class Counsel Dianne M. Nast, Kenneth A. Wexler and Stephen A. Corr have extensive experience and expertise in antitrust, class action, and complex civil litigation, and have successfully prosecuted antitrust class actions and other similar cases in courts in this district and throughout the United States.

23.     Accordingly, this Court finds the adequacy of representation requirement is satisfied.

### B.     Requirements of Fed. R. Civ. P. 23(b)

24.     Rule 23(b)(3) requires (1) common questions of law or fact predominate over individual questions; and (2) that a class action is superior to other available methods of adjudication.

### 1.     Predominance

25.     The predominance inquiry tests whether the proposed class is sufficiently cohesive to warrant adjudication by representative plaintiffs.  *In re Hydrogen Peroxide Antitrust Litig.,* 552 F.3d 305, 310-11 (3d Cir. 2008) (citing *Amchem,* 521 U.S. at 623). The predominance requirement is "parallel" to Rule 23(a)(2)'s commonality prong, but requires a more rigorous analysis by the reviewing court.  *Sullivan,* 667 F.3d at 297. When taking a proposed settlement into consideration for purposes of determining class certification, individual issues which are normally present in litigation become irrelevant, allowing the common issues to predominate.  *Id.* at 304, n.29.

26.     The predominance requirement is readily met in the settlement context in antitrust actions involving an alleged common course of anticompetitive conduct. *Amchem*, 521 U.S. at 625.

27.     Here, the Plaintiffs' allegations of an anticompetitive scheme to impair competition focuses on Comcast's conduct, which is alleged to have had common impact on all Class members.  If an individual Plaintiff proves that Comcast unlawfully tied the sale of its Premium Cable services to the rental of a Comcast set-top box, that proof would be the same for any other person seeking to establish that fact.  Likewise, if an individual Plaintiff were to prove that this unlawful tying permitted Comcast to reap supracompetitive prices from its Premium Cable subscribers, that proof of injury likewise would be the same for every other Premium Cable subscriber.

28.     Accordingly, this Court finds the predominance requirement is satisfied.

## 2.    Superiority

29.     The superiority requirement is satisfied here because a class action settlement will achieve economies for both the litigants and the Court, avoiding hundreds of thousands of individual adjudications that would have been a "potentially crushing strain on and inefficient application of judicial resources."  *See Processed Egg Prods.,* 284 F.R.D. at 294.

30.     Accordingly, this Court finds the superiority requirement is satisfied.

31.     Accordingly, for all the foregoing reasons, the Court will certify the following Settlement Class under Fed. R. Civ. P. 23:

> All persons who, or entities which: (a) have subscribed to Premium Cable in the United States; (b) have paid Comcast a rental fee for a Set-Top Box; (c) have received the Notice provided for in paragraph 4 of this Agreement; and (d) are

8

a Comcast subscriber as of the Effective Date.

There is one subclass within the Class Definition.  The "Subclass" is comprised of the persons or entities described above who reside within the states of California, West Virginia, and Washington and all Current Subscribers who opted-out of Comcast's arbitration clause as recorded within the arbitration clause opt-out lists kept at Comcast's offices.

Excluded from the Settlement Class are: (i) those persons who opt out of the Settlement Agreement; (ii) Comcast officers, directors, or employees, any entity in which Comcast has a controlling interest, and the affiliates, legal representatives, attorneys, heirs, or assigns of Comcast; (iii) Class Counsel and Class Counsel's employees; and (iv) Judge Anita B. Brody and members of her judicial staff of the United States District Court for the Eastern District of Pennsylvania, as well as and any federal, state, or local governmental agency, and any judge, justice, or judicial officer presiding over this matter and members of their immediate families and judicial staffs.  Current Subscribers are defined as subscribers of Comcast as of the date of this Order.

This Court further appoints James E. Deanne, Debra Koller, Leopoldo Herrera and Daniel Steele as representatives of the Settlement Class and appoints the following counsel as Co-Lead Class Counsel under Rule 23(g):

Dianne M. Nast, Esq.
NastLaw LLC
1101 Market Street, Suite 2801
Philadelphia, Pennsylvania 19107

Kenneth A. Wexler, Esq.
Wexler Wallace LLP
55 West Monroe Street, Suite 3300
Chicago, Illinois 60602

Stephen A. Corr, Esq.
Stark & Stark
777 Township Line Road
Suite 120
Yardley, Pennsylvania 19067

## III.     [PROPOSED] FINDINGS WITH RESPECT TO PRELIMINARY APPROVAL OF THE PROPOSED CLASS ACTION SETTLEMENT

32.     This Court has jurisdiction over this case, and each of the Settlement Class members (as defined above) for all matters relating to this Action, the Settlement, including without limitation, all matters relating to the administration, interpretation, effectuation and/or enforcement of the Settlement and this Order.

33.     The law favors settlement, particularly in class actions and other complex cases where judicial resources can be conserved by avoiding formal litigation.  *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 594-95 (3d Cir. 2010) (recognizing the "strong presumption in favor of voluntary settlement agreements" and noting that it is "especially strong" in the context of class action cases).

34.     Review of a proposed class action settlement is a two-step process: the first involves preliminary approval of the settlement and the successive procedural steps (such as notice, the claim form, and the schedule for a final fairness hearing), and the second involves final approval after a fairness hearing.  *See Gates v. Rohm & Haas Co.*, 248 F.R.D. 434, 438 (E.D. Pa. 2008); *Curiale v. Lenox Group, Inc.*, Civ. A. 07-1432, 2008 WL 4899474, at *4 (E.D. Pa. Nov. 14, 2008).  After notice to the class and an opportunity for class members to object to the proposed settlement or otherwise be heard, the Court will determine whether the settlement is fair, reasonable and adequate and whether the settlement should be finally approved under Fed. R. Civ. P. 23(e).

10

35.     At the preliminary approval stage, a court makes a preliminary evaluation as to whether the proposed settlement is within the range of possible approval and free of obvious deficiencies or reasons to doubt its fairness.  *Mehling v. New York Life Ins. Co.*, 246 F.R.D. 467, 472 (E.D. Pa. 2007); *Curiale,* 2008 WL 4899474, at *4.  If a settlement falls within the range of possible approval, notice should be given to class members to allow them the opportunity to review and comment on the proposed settlement.  *Samuel v. Equicredit Corp.*, No. Civ. A. 00-6196, 2002 WL 970396, at *1 n.1 (E.D. Pa. May 6, 2002).

36.     Accordingly, in considering whether to grant preliminary approval, the Court is not required to make a final determination of the adequacy of the settlement or to delve extensively into its merits.  *In re Auto. Refinishing Paint Antitrust Litig.*, MDL No. 1426, 2004 WL 1068807, at *2 (E.D. Pa. May 11, 2004) (distinguishing between preliminary approval and final approval).  Nor will any class member's substantive rights be prejudiced by preliminary approval, since preliminary approval is solely to obtain authority for notifying the class of the terms of the Settlement and to set the stage for the final approval of the settlement.  *Id.*

37.     In deciding preliminary approval, the Court considers whether: (1) the settlement negotiations occurred at arm's length, (2) there was sufficient discovery, and (3) the proponents of the settlement are experienced in similar litigation.  *Gates*, 248 F.R.D. at 439; *In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 631, 638 (E.D. Pa. 2003); *Curiale*, 2008 WL 4899474, at *9.

**A.     Settlement Negotiations**

11

38.     Whether a settlement arises from arm's-length negotiations is often the central focus of the analysis on a motion for preliminary approval.  *Mehling*, 246 F.R.D. at 472; *Curiale*, 2008 WL 4899474, at *4.

39.     Here, the proposed settlement was reached only after extensive negotiations guided by an independent and experienced mediator.  This factor thus supports preliminary approval.

**B.     <u>Discovery</u>**

40.     This MDL has been pending for five years, and the parties have engaged in sufficient discovery to support this settlement.  In addition to discovery regarding Comcast's Arbitration Clause, Class Counsel engaged in extensive factual investigation of the relevant technology and other matters relevant to Plaintiffs' claims during the mediation and settlement process.  Plaintiffs also discovered additional information about technology issues and their antitrust tying allegations that has informed them of the substantial risks of continued litigation.  The Settlement Agreement provides for further confirmatory discovery on technological and market issues.

**C.     <u>Recommendation of Class Counsel</u>**

41.     In approving class action settlements, courts have repeatedly and explicitly deferred to the recommendations of the experienced counsel who have negotiated this settlement at arms-length and in good faith.  *See, e.g., Lake v. First Nationwide Bank*, 156 F.R.D. 615, 628 (E.D. Pa. 1994); *Hanrahan v. Britt*, 174 F.R.D. 356, 366 (E.D. Pa. 1997) ("A presumption of correctness is said to attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery.") (citation, internal quotation omitted).

42.     Here, Class Counsel, who are experienced in the prosecution, evaluation and settlement of antitrust litigation, strongly recommend the proposed Settlement as falling within the range of reasonableness.

43.     The Settlement provides substantial benefits for Class members including:

a)     enhanced disclosure by Comcast of Premium Cable subscribers' alternatives to renting a set-top box from Comcast;

b)     payments to eligible claimants who are Current Subscribers, up to $43 million in the aggregate, in the form of credits redeemable for Comcast Premium Cable services, and for customers who also subscribe to Comcast internet service, upgraded internet performance, with a maximum per individual recovery of:

- $75.00 for subscribers residing in California, West Virginia or Washington or who have opted out of the Arbitration Clause in Comcast's Subscriber Agreement; and

- $21.98 for subscribers who reside in states other than California, West Virginia and Washington or who have not opted out of the Arbitration Clause.

44.     Accordingly, for the foregoing reasons and upon consideration of the record and the Settlement Documents, the Court finds that the proposed Settlement was arrived at by arm's-length negotiations by highly experienced counsel after four years of litigation and investigation, falls within the range of possible approvable settlements, and is hereby PRELIMINARILY APPROVED, subject to further consideration at the Fairness Hearing provided for below.

IV.    **[PROPOSED] FINDINGS WITH RESPECT TO THE FORM
AND MANNER OF NOTICE AND THE FINAL SETTLEMENT
SCHEDULE AND FAIRNESS HEARING**

45.    "[T]o satisfy due process, notice to class members must be reasonably
calculated under all the circumstances, to apprise interested parties of the pendency of the
action and afford them an opportunity to present their objections." *In re Ikon Office
Solutions, Inc., Sec. Litig.*, 194 F.R.D. 166, 174 (E.D. Pa. 2000) (citations, internal
quotations omitted).  *See also Mehling*, 246 F.R.D. at 477 (approving proposed notice for
settlement class when notice "adequately informs potential class members in clear,
understandable language.").  Individual notice should be provided to all members who
can be identified through reasonable efforts.  *In re Corel Corp. Inc. Sec. Litig.*, 293 F.
Supp. 2d 484, 491 (E.D. Pa. 2003).

46.    The Court finds that the proposed forms of notice to the class of the
proposed settlement and methods of dissemination—individual notice, and notice via the
settlement website, www.SetTopBoxSettlement.comError! Hyperlink reference not
valid., satisfy the requirements of Federal Rule of Civil Procedure 23(c) and due process,
are otherwise fair and reasonable, and therefore are APPROVED.

47.    Defendant Comcast shall cause the settlement notices, in substantially the
forms attached to Plaintiffs' Memorandum in Support of Motion for Certification of a
Settlement Class and Preliminary Approval of Settlement, to be:

a)    disseminated no later than 120 days following the entry of this
Order via inclusion with the monthly bills of current Comcast
subscribers; and

b)    posted on the website www.SetTopBoxSettlement.com within 90
days following the entry of this Order.

14

48.     The Court hereby appoints Epiq Systems, Inc. ("Epiq") as Claims Administrator to assist in disseminating the Notice to the Class.  All expenses incurred by Epiq must be reasonable, are subject to Court approval, and shall be paid by Comcast, as described in the Settlement Agreement.

49.     The Claims Administrator must establish a post office box where class members can send requests for exclusion or other correspondence relating to the Notice.

50.     All briefs and materials in support of the final approval of the settlement and Class Counsel's application for an award of attorney fees, costs and expenses and payments to the named Plaintiffs for their efforts on behalf of the Class and the entry of final judgment proposed by the parties to the Settlement Agreement, shall be filed with the Court no later than 150 days from the entry of this Order.

51.     As part of the Settlement Notice, potential Class members shall be afforded the opportunity to opt-out of the class.  A potential class member wishing to exclude himself/herself from the class must send a written request for exclusion ("Opt-Out Request") to the Claims Administrator and to Class Counsel within 180 days after entry of this Order (the "Opt-Out Deadline").

52.     No later than 21 days after the Opt-Out Deadline, Class Counsel shall report to the Court on the number of Class members who have excluded themselves.

53.     Class members who wish to (a) object to the proposed Settlement and/or (b) appear in person at the Fairness Hearing must first send an Objection that: (i) contains the full name and current address of the person objecting; (ii) contains the title of the Lawsuit:  *In re: Comcast Corp. Set-Top Cable Television Box Antitrust Litigation*, Case No. 2:09-md-02034-AB (E.D. Pa.); (iii) states the reasons for the objection; (iv) is

15

accompanied by any evidence, briefs, motions, or other materials the objector intends to

offer in support of the objection; (v) is signed by the objector; and (vi) is filed with the

Court and served upon Class Counsel and counsel for Comcast within 180 days after

entry of this Order.  The Objection and any Notice of Intent to Appear at the Final

Fairness Hearing shall be sent via first class mail, postage prepaid, to the Clerk of Court,

United States District Court for the Eastern District of Pennsylvania, United States

Courthouse, 601 Market Street, Room 2609, Philadelphia, PA  19106-7704, with copies

to the following counsel:

> *On behalf of Plaintiffs and the Class*:
>
>> Dianne M. Nast, Esq.
>> NastLaw LLC
>> 1101 Market Street, Suite 2801
>> Philadelphia, Pennsylvania 19107
>
> *On behalf of Comcast*:
>
>> Jaime Bianchi, Esq.
>> White & Case LLP
>> 200 South Biscayne Blvd, Suite 4900
>> Miami, FL 33131-2352

To be valid, any such Objection and/or Notice of Intention to Appear and accompanying

summary statement must be postmarked no later than 180 days after entry of this Order.

Except as herein provided, no person or entity shall be entitled to contest the terms of the

proposed settlement.  Persons or entities that do not file an Objection and/or Notice of

Intention to Appear and summary statement as provided above shall be deemed to have

waived any objections by appeal, collateral attack or otherwise and will not be heard at

the Fairness Hearing.

54.     All responses to Objections must be filed with the Court no fewer than five calendar days before the Final Fairness Hearing.

55.     A hearing on final approval (the "Final Fairness Hearing") shall be held on _____, 2014, at ___:___ __.m (Eastern time), in courtroom _____, at the United States District Court for the Eastern District of Pennsylvania.  At the Fairness Hearing, the Court will consider, *inter alia*:  (a) the fairness, reasonableness, and adequacy of the settlement and whether it should be finally approved; (b) whether the Court should approve an award of Class Counsel's fees and the reimbursement of expenses to counsel for the class, and in what amounts; (c) whether payments should be made to the named Plaintiffs for their efforts on behalf of the class, and in what amounts; and (d) whether entry of a final judgment terminating this litigation should be entered.

56.     All persons and/or entities seeking to receive the Settlement benefits must submit to the Claims Administrator a Claim Form, in the form accompanying Plaintiffs' Memorandum in Support of Motion for Certification of a Settlement Class and Preliminary Approval of Settlement, postmarked no later than sixty (60) days after the Final Fairness Hearing.  Submission of a Claim Form shall be the only valid method of making a claim to share in the Settlement Fund, and all claimants must comply with the instructions accompanying the Claim Form.

57.     All proceedings in this action are hereby stayed until such time as the Court renders a final decision regarding the approval of the Settlement and, if it approves the Settlement, enters final judgment and dismisses this action with prejudice.

58.     In the event that the Settlement does not become final, then, subject to approval of the Court, litigation of this case will resume in a reasonable manner to be approved by the Court upon joint application by the parties hereto.

59.     In the event the Settlement Agreement and the Settlement are terminated in accordance with the applicable provisions of the Settlement Agreement, the Settlement Agreement, the Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect, and Plaintiffs shall retain full rights to assert any and all causes of action against Comcast and any other released party, and Comcast and any other released parties shall retain any and all defenses and counterclaims hereto.  These actions shall hereupon revert forthwith to their respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

60.     Nothing in this Order, the Settlement Agreement, any other settlement-related document, anything contained herein or therein or contemplated hereby or thereby, or any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other Settlement-related document, shall constitute, be construed as, or be deemed evidence of or an admission or concession by Comcast as to the validity of any claim that has been or could have been asserted against Comcast or as to any liability by Comcast as to any matter set forth in this Order.

18

BY THE COURT:

_____

HON. ANITA B. BRODY

# EXHIBIT C

<u>Legal Notice</u>

**If you subscribe to Premium Cable and pay a
rental fee for a Set-Top Box, you could receive
benefits from a Class Action Settlement.**

*Si desea recibir esta notificación en español,
llámenos o visite nuestra página web.*

A settlement has been reached with Defendants Comcast Corporation, Comcast Holdings Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Holdings, Inc. (collectively "Comcast") in an action alleging antitrust violations and unfair trade practices related to the rental of "Set-Top Boxes" to Comcast's current Premium Cable subscribers. The Settlement provides benefits to Comcast's current Premium Cable customers who file a Claim Form. All allegations in the lawsuit can be found in the Fourth Amended Consolidated Class Action Complaint, available on the Settlement website. Comcast denies the claims and allegations and says it did nothing wrong.

**Who is included? Comcast has determined that you may be a member of the Settlement Class.**

The Settlement Class includes all persons who, or entities which: (a) have subscribed to Premium Cable in the United States; (b) have paid Comcast a rental fee for a Set-Top Box; (c) have received the Notice provided for in paragraph 4 of this Agreement; and (d) are a Comcast subscriber as of the Effective Date. There is one "Subclass" within the Class Definition, which is comprised of the persons or entities described above who reside within the states of California, West Virginia, and Washington and all Current Subscribers who opted-out of Comcast's arbitration clause as recorded within the arbitration clause opt-out lists kept at Comcast's offices. Among those excluded from the Settlement Class are Judge Anita B. Brody and members of her judicial staff of the United States District Court for the Eastern District of Pennsylvania, as well as and any federal, state, or local governmental agency, and any judge, justice, or judicial officer presiding over this matter and members of their immediate families and judicial staffs.

**What does the settlement provide?**

Settlement Class Members who submit a Claim Form can receive Settlement Credits for a wide variety of Comcast services. Among Settlement Class Members, benefit options are different for members of the Subclass and vary depending on the period of time you rented a Set-Top Box. Details regarding the Settlement benefits are in the Detailed Notice and the Settlement Agreement, available at www.SetTopBoxSettlement.com. To receive Settlement Credits, you must submit a Claim Form. You can submit your claim online at www.SetTopBoxSettlement. com or request a paper Claim Form by calling 1-800-517-7479. The claim deadline is **Month Day, 2014**. Comcast will also post an Educational Statement to its consumer website for one year.

**Your other options.**

If you do not want to be legally bound by the Settlement, you must exclude yourself by **Month Day, 2014**. You may object to the Settlement by **Month Day, 2014**. The Detailed Notice explains how to exclude yourself or object. The Court will hold a hearing on **Month Day, 2014**, to consider whether to approve the Settlement and a request for attorneys' fees, costs, and expenses up to $2.746 million and incentive awards to named Plaintiffs, not to exceed $1,000 each. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to. For more information, call or visit the website.

# EXHIBIT D

United States District Court for the Eastern District of Pennsylvania

# If you subscribe to Premium Cable and pay a rental fee for a Set-Top Box, you could receive benefits from a Class Action Settlement.

*A federal court directed this Notice.  This is not a solicitation from a lawyer.*

- A settlement has been reached with Defendants Comcast Corporation, Comcast Holdings Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Holdings, Inc. (collectively "Comcast") about alleged unfair trade practices related to the rental of "Set-Top Boxes" to customers who subscribe to Comcast's Premium Cable services.

- The settlement offers credits to current Comcast Premium Cable customers based, in part, on the period of time each subscriber has rented a Set-Top Box from Comcast.

- Your legal rights are affected whether you act or do not act.  Read this Notice carefully.

| Your Legal Rights And Options In This Settlement | |
|---|---|
| **Submit a Claim Form** | Submit a Claim Form seeking Settlement Credits for certain Comcast services ("benefits"). |
| **Exclude Yourself** | Request to be excluded and get no benefits from the Settlement.  This is the only option that allows you to start or continue a lawsuit against Comcast about the rental of Set-Top Box devices. |
| **Object** | Write to the Court about why you do not like the Settlement. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the Settlement. |
| **Do Nothing** | Get no benefits.  Give up your rights to sue Comcast for legal claims regarding the rental of Set-Top Box devices. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.  If it does, and after any appeals are resolved, benefits will be distributed to those who file a valid and timely Claim Form.

**Questions?  Call 1-800-517-7479 or visit www.SetTopBoxSettlement.com**
*Si desea recibir esta notificación en español, llámenos o visite nuestra página web.*

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** ....................................................................................................................**PAGE 3**

    1. Why is this Notice being provided?
    2. What is this lawsuit about?
    3. Why is this a class action?
    4. Why is there a settlement?

**WHO IS IN THE SETTLEMENT**............................................................................................................**PAGE 4**

    5. How do I know if I am part of the Settlement?
    6. What is a Subclass?
    7. What is a Set-Top Box?
    8. Are there exceptions to being included?
    9. What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY** ............................................**PAGE 5**

    10. What are the benefits of the Settlement for Settlement Class Members?

**HOW TO GET A PAYMENT OR OTHER BENEFITS**..............................................................................**PAGE 7**

    11. What do I need to do to participate in the Settlement?
    12. How and when will the Claims Administrator process claims for benefits?
    13. What am I giving up to get a payment?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**............................................................................**PAGE 8**

    14. If I exclude myself, can I get anything from this Settlement?
    15. If I do not exclude myself, can I sue later?
    16. How do I get out of the Settlement?

**THE LAWYERS REPRESENTING YOU** .................................................................................................**PAGE 9**

    17. Do I have a lawyer in the case?
    18. How will the administrative costs and attorneys' fees be paid?

**OBJECTING TO THE SETTLEMENT**...................................................................................................**PAGE 9**

    19. How do I tell the Court if I do not like the Settlement?
    20. What is the difference between objecting and asking to be excluded?

**THE COURT'S FAIRNESS HEARING** ............................................................................................... **PAGE 10**

    21. When and where will the Court decide whether to approve the Settlement?
    22. Do I have to come to the hearing?
    23. What happens if I do nothing at all?

**GETTING MORE INFORMATION** .................................................................................................... **PAGE 11**

    24. How do I get more information?

**Questions?  Call 1-800-517-7479 or visit www.SetTopBoxSettlement.com**

## BASIC INFORMATION

### 1. Why is this Notice being provided?

A Court authorized this Notice because you have a right to know about a proposed settlement of this class action lawsuit and about all of your options before the Court decides whether to give "final approval" to the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who may be eligible for those benefits, and how to get them.

Judge Anita B. Brody of the United States District Court for the Eastern District of Pennsylvania is overseeing this class action. The Settlement resolves several cases transferred to the multi-district litigation known as *In re: Comcast Corp. Set-Top Cable Television Box Antitrust Litigation,* Case No. 2:09-md-02034-AB.

The persons who sue are called "Plaintiffs," and the companies being sued, Comcast Corporation, Comcast Holdings Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Holdings, Inc., are called collectively "Comcast."

### 2. What is this lawsuit about?

The lawsuit claims that Comcast dominates the market for Premium Cable in the areas in which it operates and abuses its power by requiring consumers to use and to rent the set-top boxes that it distributes as a condition of purchasing its Premium Cable services (such as On Demand services, pay-per-view programming, and high definition channels). The lawsuit further claims that by tying the sale of Premium Cable to the rental of its set-top boxes, Comcast has violated antitrust laws by substantially restricting competition in the market for the rental of set-top boxes, enabling Comcast to reap supra-competitive profits from Class members and producing significant adverse effects on interstate commerce.

Plaintiffs' Fourth Amended Consolidated Class Action Complaint includes all of Plaintiffs' allegations in the lawsuit and is available on the Settlement website.

Comcast denies the claims and allegations in this lawsuit.

### 3. Why is this a class action?

In a class action, one or more people called "Plaintiffs" bring a lawsuit on behalf of people who have similar claims. One Court considers the issues presented by Plaintiffs in the lawsuit.

### 4. Why is there a settlement?

The Court did not decide in favor of Plaintiffs or Comcast. Instead, both sides agreed to settle this case to avoid the cost and risk of a trial. A settlement is a compromise. The Settlement does not mean that any law was broken or that Comcast did anything wrong. Comcast denies all legal claims in this case. Plaintiffs and their lawyers think the Settlement is best for all members of the Settlement Class.

**Questions?  Call 1-800-517-7479 or visit www.SetTopBoxSettlement.com**

3

## WHO IS IN THE SETTLEMENT

To see if you will be affected by the Settlement or if you can get a payment from it, you first have to determine if you are a member of the Settlement Class.

| 5.  How do I know if I am part of the Settlement? |
| --- |

The Court decided that the Settlement Class includes:

> All persons who, or entities which: (a) have subscribed to Premium Cable in the United States; (b) have paid Comcast a rental fee for a Set-Top Box; (c) have received the Notice provided for in paragraph 4 of this Agreement; and (d) are a Comcast subscriber as of the Effective Date.

> There is one subclass within the Class Definition.  The "Subclass" is comprised of the persons or entities described above who reside within the states of California, West Virginia, and Washington and all Current Subscribers who opted-out of Comcast's arbitration clause as recorded within the arbitration clause opt-out lists kept at Comcast's offices.

> Excluded from the Settlement Class are: (i) those persons who opt out of this Agreement as identified in paragraph 6; (ii) Comcast officers, directors, or employees, any entity in which Comcast has a controlling interest, and the affiliates, legal representatives, attorneys, heirs, or assigns of Comcast; (iii) Class Counsel and Class Counsel's employees; and (iv) Judge Anita B. Brody and members of her judicial staff of the United States District Court for the Eastern District of Pennsylvania, as well as and any federal, state, or local governmental agency, and any judge, justice, or judicial officer presiding over this matter and members of their immediate families and judicial staffs.

The Class Period is from January 1, 2005 to Month Day, Year.

| 6.  What is a Subclass? |
| --- |

A subclass is a portion of the Settlement Class that may have different benefits available to it or involve a release of different claims or defendants than the rest of the defined class. Here, the Subclass consists of Settlement Class Members who reside within the states of California, West Virginia, and Washington and all Current Subscribers who opted-out of Comcast's arbitration clause.  In the sections below explaining benefits for valid Claim Forms filed and the Settlement Agreement's Release, differences in the Settlement to Subclass members will be discussed.

Questions?  Call 1-800-517-7479 or visit www.SetTopBoxSettlement.com

4

## 7.  What is a Set-Top Box?

A Set-Top Box is a device that:

- Allows a subscriber of cable television service to tune the television to different cable television programming and contains a method of encrypting cable television programming that prevents unauthorized viewing; or

- Converts digital cable television programming into analog so that it may be viewed on certain televisions.

## 8.  Are there exceptions to being included?

Yes. The following are not included in the Settlement: those persons who opt out (*see* "Excluding Yourself from the Settlement" below); Comcast officers, directors, or employees, any entity in which Comcast has a controlling interest, and the affiliates, legal representatives, attorneys, heirs, or assigns of Comcast; Class Counsel and Class Counsel's employees; and Judge Anita B. Brody and members of her judicial staff of the United States District Court for the Eastern District of Pennsylvania, as well as and any federal, state, or local governmental agency, and any judge, justice, or judicial officer presiding over this matter and members of their immediate families and judicial staffs.

## 9.  What if I am not sure whether I am included in the Settlement?

If you are not sure whether you are in the Settlement Class, or have any other questions about the Settlement, visit the Settlement website at www.SetTopBoxSettlement.com or call the toll free number, 1-800-517-7479. You may also write with questions to Comcast Set-Top Box Settlement, PO Box 6006, Portland, OR, 97228-6006 or send an e-mail to [enter email address].

## THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

If the Settlement is approved and becomes final, it will provide benefits to qualified members of the Settlement Class.

The benefits of the Settlement vary based on the period of time a Settlement Class Member has rented a Set-Top Box and are different for members of the Subclass.  Please review each benefit category listed below. Additionally, as part of the relief granted by this Settlement, Comcast shall post an Educational Statement to its consumer website for one year after the Effective Date.

## 10.  What are the benefits of the Settlement for Settlement Class Members?

Current Subscribers are defined as cable television subscribers of Comcast in the United States as of the date of the mailing of the Notice pursuant to paragraph 4 of the Settlement Agreement.

Settlement Class Members can submit a Claim Form for Settlement Credits redeemable for Comcast services as follows:

**Questions?  Call 1-800-517-7479 or visit www.SetTopBoxSettlement.com**

5

**Non-Subclass Claimants**: If you are a Settlement Class Member and <u>not</u> a member of the Subclass, you can choose one of the following options, depending on the length of time you rented a Set-Top Box from Comcast:

*If you rented at least one Set-Top Box for 60 or more months (more than 5 years), you are entitled to select one of the following options:*

    (a)     three (3) free pay-per-view movies (an estimated $17.97 value); or

    (b)     for customers who also subscribe to Xfinity high speed internet service, two (2) free pay-per-view movies and one (1) month free upgrade in Internet service from Performance Level to Blast!® (an estimated $21.98  value).

*If you rented at least one Set-Top Box from 36 to 59 months (3 to 5 years), you are entitled to select one of the following options:*

    (a)     two (2) pay-per-view movies (an estimated $11.98 value); or

    (b)     for customers who also subscribe to Xfinity high speed internet service, one (1) free pay-per-view movie and one (1) month free upgrade in Internet service from Performance Level to Blast!® (an estimated $15.99 value).

*If you rented at least one Set-Top Box from 1 to 35 months (0 to 3 years), you are entitled to select one of the following options:*

    (a)     one (1) pay-per-view movie (an estimated $5.99 value); or

    (b)     for customers who also subscribe to Xfinity high speed internet service, one (1) month free upgrade in Internet service from Performance Level to Blast!® (an estimated $10.00 value).

**Subclass Claimants**:  If you are a Settlement Class Member and are a member of the Subclass, you can choose one of the following options, depending on the length of time you rented a Set-Top Box from Comcast:

*If you rented at least one Set-Top Box for 60 or more months (more than 5 years), you are entitled to select one of the following options:*

    (a)     three (3) free months of Showtime (an estimated $65.85 value);

    (b)     two (2) free months of Showtime <u>and</u> three (3) pay-per-view movies (an estimated $61.87 value); or

    (c)     for customers who also subscribe to Xfinity high speed internet service, three (3) months free upgrade in Internet service from Blast!® to Extreme 50 Internet service (an estimated $75.00 value).

*If you rented at least one Set-Top Box from 36 to 59 months (3 to 5 years), you are entitled to select one of the following options:*

    (a)     two (2) free months of Showtime (an estimated $43.90 value);

    (b)     one (1) month of Showtime <u>and</u> three (3) pay-per-view movies (an estimated $39.92 value); or

**Questions?  Call 1-800-517-7479 or visit www.SetTopBoxSettlement.com**

**6**

(c)      for customers who also subscribe to Xfinity high speed internet service, two (2) months free upgrade in Internet service from Blast!® to Extreme 50 Internet service (an estimated $50.00 value).

*If you rented at least one Set-Top Box from 1 to 35 months (0 to 3 years), you are entitled to select one of the following options:*

(a)      one (1) month of Showtime (an estimated $21.95 value);

(b)      four (4) pay-per-view movies (an estimated $23.96 value); or

(c)      for customers who also subscribe to Xfinity high speed internet service, one (1) month free upgrade in Internet service from Blast!® to Extreme 50 Internet service (an estimated $25.00 value).

*Also, if you rented more than one Set-Top Box during the Class Period you can select one (1) additional pay-per-view movie rental (an estimated $5.99 value).*

Your rental period is determined by your Set-Top Box rental from January 1, 2005 to Month Day, Year.  The Settlement Credits will be valid for one year after their issuance, after which they expire by their own terms. All Settlement Class Members must be a customer in good standing in order to be eligible for Settlement Credits (in other words, the account cannot be open to disconnection for non-payment).

The total value of claimed Settlement Credits will not exceed $43 million in the aggregate.  The $43 million is not part of any fund.  If less than $43 million worth of claims is submitted by eligible claimants, Comcast is entitled to retain the balance.

## HOW TO GET A PAYMENT OR OTHER BENEFITS

| 11.   What do I need to do to participate in the Settlement? |
| --- |

If you qualify for the benefits described above you must complete and submit a Claim Form including all required information. You can quickly and easily file your Claim Form online at www.SetTopBoxSettlement.com.  The deadline to file a Claim online is 11:59 p.m. PST on **Month Day, Year**. You also can request one be sent to you by calling 1-800-517-7479 or by writing to Comcast Set-Top Box Settlement, PO Box 6006, Portland, OR 97228-6006.  Claim Forms submitted by mail must be postmarked on or before **Month Day, Year**.

Please read all instructions carefully and fill out the Claim Form completely. Notify the Claims Administrator if you change your postal or email address after submitting your Claim Form.

| 12.   How and when will the Claims Administrator process claims for benefits? |
| --- |

Eligible Settlement Class Members who submit a valid and timely Claim Form will receive their benefits after the Court grants "final approval" of the settlement and after any appeals are resolved (*see* the section "The Court's Fairness Hearing" below).  It is uncertain when any appeals made will be resolved, and resolving them can take time.  Please be patient.

**Questions?  Call 1-800-517-7479 or visit www.SetTopBoxSettlement.com**

| **13.  What am I giving up to get a payment?** |
| --- |

If the settlement becomes final, members of the Settlement Class (including the Subclass) who submit a Claim Form or do nothing at all will be releasing Comcast from all of the Released Claims described and identified in Section 10 of the Settlement Agreement.  This means you will no longer be able to sue Comcast regarding any of the claims described in the Settlement Agreement.

The Settlement Agreement is available at www.SetTopBoxSettlement.com.  The Settlement Agreement provides more detail regarding the release and describes the released claims with specific descriptions in necessary, accurate, legal terminology, so read it carefully.  You can talk to the law firms representing the Settlement Class listed in the section "The Lawyers Representing You" for free or you can, at your own expense, talk to your own lawyer if you have any questions about the released claims or what they mean.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to participate in this proposed settlement and you want to keep the right to sue Comcast about the legal issues in this case, then you must take steps to get out of the Settlement. This is called asking to be excluded from, or sometimes called "opting out" of, the Settlement Class.

| **14.  If I exclude myself, can I get anything from this Settlement?** |
| --- |

No. If you exclude yourself, you may not apply for any benefits under the Settlement and you cannot object to the proposed Settlement.  If you ask to be excluded, however, you may sue or be part of a different lawsuit against Comcast in the future for the claims resolved by this settlement.  You will not be bound by anything that happens in this class action Settlement.

| **15.  If I do not exclude myself, can I sue later?** |
| --- |

Unless you exclude yourself, you give up the right to sue Comcast for all of the claims that the settlement resolves. You must exclude yourself from this Settlement Class to start or continue your own lawsuit relating to the claims in this case.

| **16.  How do I get out of the Settlement?** |
| --- |

To exclude yourself from the Settlement and Settlement Class, you must send the Claims Administrator and Class Counsel or Class Counsel's designee a written request for exclusion ("Opt-Out Request").

You must mail your completed request for exclusion, postmarked no later than **Month Day, Year,** to:

| CLAIMS ADMINISTRATOR | CLASS COUNSEL |
|---|---|
| Comcast Set-Top Box Settlement<br>PO Box 6006<br>Portland, OR 97228-6006 | Dianne M. Nast, Esq.<br>NastLaw LLC<br>1101 Market Street, Suite 2801<br>Philadelphia, PA 19107 |

If you do not comply with these procedures and the deadline for exclusions, you will remain a member of the Settlement Class and lose any opportunity to exclude yourself from the settlement, and your rights will be determined in this lawsuit by the Settlement Agreement, if it receives final judicial approval.

You cannot ask to be excluded on the phone, by email, or at the website.

## THE LAWYERS REPRESENTING YOU

### 17.  Do I have a lawyer in the case?

The Court appointed Dianne M. Nast of NastLaw LLC, Kenneth A. Wexler of Wexler Wallace LLP, and Stephen A. Corr of Stark & Stark as "Class Counsel" to represent you and other Class Members.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer in this case, you may hire one at your own expense.

### 18.  How will the administrative costs and attorneys' fees be paid?

Comcast has agreed to pay the costs of class notice and claims administration.

If the Settlement is approved by the Court, Class Counsel will apply to the Court for reasonable attorneys' fees and expenses of no more than $2.746 million to be awarded by the Court and to be paid by Comcast. The Court may award less than these amounts.  Also, the four named Plaintiffs in this Action will receive an incentive payment, which will not exceed $1,000 each for their effort, service, time and expenses. Members of the Settlement Class will not be responsible for the fees and expenses of Class Counsel, and the payment of attorneys' fees and expenses will not reduce the benefits to the Settlement Class

## OBJECTING TO THE SETTLEMENT

### 19.  How do I tell the Court if I do not like the Settlement?

If you do not exclude yourself from the Settlement Class, you may, if you wish, object to the certification of the Settlement Class, to the terms of the proposed Settlement, or to Class Counsel's application for an award of attorneys' fees and expenses.

An objection to the Settlement Agreement must:

> (1) contain the full name and current address of the person objecting;

**Questions?  Call 1-800-517-7479 or visit www.SetTopBoxSettlement.com**

(2) contain the title of the Lawsuit: *In re Comcast Corp. Set-Top Cable Television Box Antitrust Litigation*, Case No. 2:09-md-02034-AB (E.D. Pa.);

(3) state the reasons for the objection;

(4) be accompanied by any evidence, briefs, motions, or other materials the objector intends to offer in support of the objection;

(5) be signed by the objector; and

(6) be filed with the Court and served upon Class Counsel and counsel for Comcast to the addresses below so that it is *received* by **Month Day, Year**.

| COURT | CLASS COUNSEL | COMCAST'S COUNSEL |
|---|---|---|
| U.S. District Court for the Eastern District of Pennsylvania Clerk of the Court 601 Market St, Room 2609 Philadelphia, PA 19106 | Dianne M. Nast, Esq. NastLaw LLC 1101 Market Street, Suite 2801 Philadelphia, PA 19107 | Jaime Bianchi, Esq. White & Case LLP 200 South Biscayne Blvd, Suite 4900 Miami, FL 33131-2352 |

**If you do not comply with these procedures and the deadline for objections, you will lose any opportunity to have your objection considered at the Fairness Hearing or otherwise to contest the approval of the Settlement or to appeal from any order or judgment entered by the Court in connection with the Settlement.**

### 20.  What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself, you cannot object to the Settlement and you will not be eligible to apply for any benefits under the Settlement because the case no longer affects you.

### THE COURT'S FAIRNESS HEARING

### 21.  When and where will the Court decide whether to approve the Settlement?

On **Month Day, 2013**, at **_____** [time], the Court will hold a public hearing in Courtroom **_____** of the United States District Court for the Eastern District of Pennsylvania, located at the U.S. Courthouse, 601 Market St, Philadelphia, PA 19106, to determine whether the Settlement Class was properly certified and whether the settlement is fair, adequate, and reasonable and should be finally approved, with judgment entered accordingly.  The Court will also consider Class Counsel's application for an award of attorneys' fees and expense reimbursement and any opposition thereto.

This hearing may be continued or rescheduled by the Court without further notice to the Settlement Class. Members of the Settlement Class who support the settlement do not need to appear at the hearing or take any other action to indicate their approval of the Settlement.  Members of the Settlement Class who object to the

**Questions?  Call 1-800-517-7479 or visit www.SetTopBoxSettlement.com**

**10**

settlement are not required to attend the Fairness Hearing.  If you want to be heard orally in opposition to the Settlement, either personally or through your own separate counsel, you must state in your written objection your intention to appear at the Fairness Hearing as set forth above.

## 22.  Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have.  However, you are welcome to attend the hearing at your own expense. If you send in a written objection, you do not have to come to the Fairness Hearing to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend the Fairness Hearing, but their attendance is not necessary.

## 23.  What happens if I do nothing at all?

If you are a Settlement Class Member and do nothing, you will not get benefits from this Settlement.  And, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Comcast about the claims in this case, ever again.

### GETTING MORE INFORMATION

## 24.  How do I get more information?

This Notice is only a summary of the proposed Settlement.  More details are in the Settlement Agreement. You can view a copy of the Settlement Agreement and read a list of Frequently Asked Questions at www.SetTopBoxSettlement.com.  You may also write with questions to Comcast Set-Top Box Settlement, PO Box 6006, Portland, OR 97228-6006 or send an e-mail to _____ [insert e-mail address]. You can file a Claim Form electronically at the website, or have a Claim Form mailed to you by calling 1-800-517-7479.  If you wish to communicate directly with Class Counsel, you may contact them at the address listed above, or by e-mail at _____ [insert e-mail address].  You may also seek advice and guidance from your own private attorney at your own expense.

**Questions?  Call 1-800-517-7479 or visit www.SetTopBoxSettlement.com**

11

# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: COMCAST CORP., SET-TOP | ) | CIVIL ACTION NO.: 09-MD-02034 |
| CABLE TELEVISION BOX ANTITRUST | ) | |
| LITIGATION | ) | |
| _____ | / | |

## [PROPOSED] AMENDED FINAL JUDGMENT

Plaintiffs, James Deanne, Debra Koller, Leopoldo Herrera and Daniel Steele, individually and as representatives of others similarly situated ("Plaintiffs"), having appeared though their counsel, and Defendants Comcast Corporation, Comcast Holdings Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Holdings, Inc. (collectively "Comcast" or "Defendants"), having appeared through their attorneys M. Norman Goldberger of Ballard Spahr, LLP, Arthur J. Burke of Davis Polk & Wardwell LLP, and Jaime Bianchi of White & Case LLP, and the Court having considered the pleadings and the evidence, the parties having stipulated to entry of this Final Judgment, and the Court having concluded that the Fourth Amended Consolidated Class Action Complaint in this case confers upon this Court jurisdiction to adjudicate the issues raised and to provide relief therefor;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that judgment be entered as follows:

### JURISDICTION

1.      This Court has jurisdiction over the subject matter and the parties to this action.

### BACKGROUND

2.      On or about June 17, 2009, the Judicial Panel on Multidistrict Litigation transferred and consolidated nine civil actions alleging claims for violations of the

Sherman Act and various state antitrust and unfair and deceptive trade acts against Defendant Comcast in the United States District Court for the Eastern District of Pennsylvania (the "Court"), and thereafter, fifteen additional cases of a similar nature were transferred and consolidated in the same Court.

3.     In all, twenty-four civil actions were consolidated in the Court, under the case *In re*: *Comcast Corp. Set-Top Cable Television Box Antitrust Litigation*, Case No. 2:09-md-02034-AB (the "Action").  Those cases are:

> Ahaesy v. Comcast Corp., et al., Case No. 3:09-cv-0612 (N.D. Cal.);
> Bryant v. Comcast Corp., et al., Case No. 2:09-cv-04013 (E.D. Pa.);
> Cordier v. Comcast Cablevision of Alabama, Inc., Case No. 1:09-cv-00293 (S.D. Ala.);
> Corralejo v. Comcast Corp., Case No. 2:08-cv-02863 (E.D. Cal.);
> Davis v. Comcast Corp., et al., No. 1:09-cv-00498 (D. Colo.);
> Deanne v. Comcast Corp., et al., Case No. 2:09-cv-00567 (W.D. Wa.);
> DeLoss v. Comcast Corp., et al., Case No. 2:09-cv-1979 (D. Minn.);
> Frazier v. Comcast Corp., et al., Case No.  2:09-cv-03828 (E.D. Pa.);
> Fromer v. Comcast Corp. et al., Case No. 3:09-cv-01008 (D. Conn.);
> Holt v. Comcast Corp., et al., Case No. 2:09-cv-00637 (E.D. Pa.);
> Hunt v. Comcast Corp., et al., Case No. 3:09-0131 (S.D. W. Va.);
> Koller v. Comcast Corp. et al., Case No. 1:08-cv-06362 (N.D. Ill.);
> Mays v. Comcast Corp., et al., Case No. 1:09-cv-670 (N.D. Ill.);
> Morrow v. Comcast Corp. et al., Case No. 2:09-cv-00128 (E.D. Pa.);
> Ostern v. Comcast Corp., et al., Case No. 09-cv-534 (D. Minn.);
> Ramey II v. Comcast Corp., et al., Case No. 03:09-0353 (S.D. W.Va.);
> Rogers v. Comcast Corp., Case No. 2:10-cv-10547 (E.D. Mich.);
> Scarkino v. Comcast Corp., et al., Case No. 2:09-3785 (E.D. La.);
> Sellars v. Comcast Corp., et al., Case No. 2:09-2803 (E.D. La.);
> Sowizrol v. Comcast Corp., et al., Case No. 1:09-cv-564 (N.D. Ill.);
> Stutman v. Comcast Corp., et al., Case No. 09-cv-04828 (E.D. Pa.);
> Uff v. Comcast Corp., et al., Case No. 2:09-cv-00636 (E.D. Pa.);
> West Virginia ex rel. McGraw v. Comcast Corp., et al., Case No. 5:09-cv-00091 (N.D. W.Va.); and
> Whitehead v. Comcast Corp., et al., Case No. 2:09-cv-0375-S (N.D. Ala.).

4.     The Proposed February 12, 2014 Fourth Amended Consolidated Class Action Complaint, which is the proposed operative pleading, alleges claims on behalf of the Settlement Class and two subclasses (the "California Subclass" and the "Washington

2

Subclass") for damages and injunctive relief against Comcast for *inter alia*: (1) violations of section 1 of the Sherman Act, 15 U.S.C. § 1 *et seq.*; (2) violations of the State of Washington antitrust statute, Wash. Rev. Code § 19.86.010 *et seq.*; (3) violations of the California Business & Professions Code § 17200 *et seq.*; and (4) violations of the State of Washington Consumer Protection Act, Wash. Rev. Code § 19.86 *et seq.*  The California Subclass is represented by named Plaintiff Herrera.   The Washington Subclass is represented by named Plaintiff Deanne.

      5.     The State of West Virginia ex rel. McGraw also brought claims on behalf of a class (the "West Virginia Subclass") for damages and injunctive relief against Comcast for *inter alia*: (1) violations of the West Virginia Antitrust Act, West Virginia Code §§ 47-18-1 *et seq.*; (2) violations of the West Virginia Consumer Credit and Protection Act, West Virginia Code §§ 46A-6-101, *et seq.*; and (3) violations of West Virginia common law.  The West Virginia Subclass is represented by Plaintiff Patrick Morrisey.

      6.     On December 22, 2011, the Parties filed a stipulation of dismissal without prejudice of the following actions:

> Ahaesy v. Comcast Corp., et al., Case No. 3:09-cv-0612 (N.D. Cal.);
> Bryant v. Comcast Corp., et al., Case No. 2:09-cv-04013 (E.D. Pa.);
> Cordier v. Comcast Cablevision of Alabama, Inc., Case No. 1:09-cv-00293 (S.D. Ala.);
> Corralejo v. Comcast Corp., Case No. 2:08-cv-02863 (E.D. Cal.);
> Davis v. Comcast Corp., et al., No. 1:09-cv-00498 (D. Colo.);
> DeLoss v. Comcast Corp., et al., Case No. 2:09-cv-1979 (D. Minn.);
> Holt v. Comcast Corp., et al., Case No. 2:09-cv-00637 (E.D. Pa.);
> Hunt v. Comcast Corp., et al., Case No. 3:09-0131 (S.D. W. Va.);
> Morrow v. Comcast Corp. et al., Case No. 2:09-cv-00128 (E.D. Pa.);
> Ostern v. Comcast Corp., et al., Case No. 09-cv-534 (D. Minn.);
> Ramey II v. Comcast Corp., et al., Case No. 03:09-0353 (S.D. W.Va.);
> Rogers v. Comcast Corp., Case No. 2:10-cv-10547 (E.D. Mich.);
> Scarkino v. Comcast Corp., et al., Case No. 2:09-3785 (E.D. La.);

<u>Sellars v. Comcast Corp., et al.</u>, Case No. 2:09-2803 (E.D. La.);

<u>Sowizrol v. Comcast Corp., et al.</u>, Case No. 1:09-cv-564 (N.D. Ill.);

<u>Stutman v. Comcast Corp., et al.</u>, Case No. 09-cv-04828 (E.D. Pa.);

<u>Uff v. Comcast Corp., et al.</u>, Case No. 2:09-cv-00636 (E.D. Pa.); and

<u>Whitehead v. Comcast Corp., et al.</u>, Case No. 2:09-cv-0375-S (N.D. Ala.).

7.      Only the claims of Plaintiffs James Deanne, Leopoldo Herrera, Debra Koller, Daniel Steele, and the State of West Virginia remain before the Court.

8.      Comcast disputes Plaintiffs' claims both as to the facts and the law, and Comcast has denied, and continues to deny, any liability to Plaintiffs or any member of the putative class.

9.      The Parties wish to settle and resolve all of Plaintiffs' claims to avoid the uncertainties and risks of trial, to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to obtain the releases, orders, and judgments contemplated by this Agreement so as to put to rest totally and finally the matters raised by Plaintiffs.

10.     Plaintiffs' counsel has sought, briefed, and conducted oral argument in support of Plaintiffs' claims against Comcast and in opposition to Comcast's motion to compel arbitration; retained and consulted with industry and damages experts; and conducted numerous investigations and engaged in extensive negotiations with Comcast; and, considering the benefits of the settlement and the risks of litigation, has concluded that it is in the best interest of Plaintiffs and the Settlement Class (as defined below) to enter into this Settlement Agreement.   Plaintiffs and their counsel agree that this Agreement is fair, reasonable, and adequate with respect to the interests of Plaintiffs and the Settlement Class, and should be approved by the Court pursuant to Federal Rule of Civil Procedure 23(e).

4

11.     The Parties agree to settle and resolve completely and finally all of their outstanding differences, disputes, and claims, whether asserted or unasserted, known or unknown, which were or could have been asserted by Plaintiffs and the Settlement Class in the Action, as well as all other claims and causes of action.

12.     On June 3, 2013, Plaintiffs filed with the Court a Motion for Certification of a Settlement Class and Preliminary Approval of Class Action Settlement, attaching (among other documents) a settlement agreement to which the Parties had agreed.  On June 28, 2013, to comply with the Court's instructions, Plaintiffs filed an Amended Motion for Certification of a Settlement Class and Preliminary Approval of Class Action Settlement, attaching an amended settlement agreement.  The Parties now agree to withdraw the June 28, 2013 amended settlement agreement and intend this Settlement Agreement to be a novation, extinguishing the obligations of the amended settlement agreement and substituting this Agreement as a new, valid obligation between the Parties.

13.     Plaintiffs have filed simultaneously with the Second Amended Class Action Settlement Agreement the proposed Fourth Amended Consolidated Class Action Complaint.

## NOTICE OF SETTLEMENT

14.     On _____, 2014, the Court entered an Order Granting Plaintiffs' Renewed Motion for Certification of a Settlement Class and Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") that preliminarily approved the Settlement Agreement, certified the Settlement Class for settlement purposes only, directed notice of the proposed settlement to the Settlement Class, and established a

hearing date to consider the final approval of the Settlement for the class.  For purposes of the Settlement, the Parties have agreed that the Settlement Class shall be:

> All persons who, or entities which: (a) have subscribed to Premium Cable in the United States; (b) have paid Comcast a rental fee for a Set-Top Box; (c) have received the Notice provided for in paragraph 4 of this Agreement; and (d) are a Comcast subscriber as of the Effective Date.

> There is one subclass within the Class Definition.  The "Subclass" is comprised of the persons or entities described above who reside within the states of California, West Virginia, and Washington and all Current Subscribers who opted-out of Comcast's arbitration clause as recorded within the arbitration clause opt-out lists kept at Comcast's offices.

15.     Excluded from the Settlement Class are (i) those persons who opt out of the Settlement; (ii) Comcast officers, directors, or employees, any entity in which Comcast has a controlling interest, and the affiliates, legal representatives, attorneys, heirs, or assigns of Comcast; (iii) Class Counsel and Class Counsel's employees; and (iv) Judge Anita B. Brody and members of her judicial staff of the United States District Court for the Eastern District of Pennsylvania, as well as and any federal, state, or local governmental agency, and any judge, justice, or judicial officer presiding over this matter and members of their immediate families and judicial staffs.

16.     The Preliminary Approval Order required Defendants to mail, as a supplemental notice in one of its regular monthly invoices, to each Current Subscriber entitled to notice under the Settlement Agreement, a Notice of Proposed Class Action Settlement that explains the terms of the Settlement Agreement and to establish an Internet website where additional information could be obtained.

17.     The Court approved the form and substance of these Notices in its Preliminary Approval Order.

18.     Pursuant to the Preliminary Approval Order, the Internet website was established on _____, 2014, and the notice by mail was made no later than 120 days from the date of the Preliminary Approval Order.  The Notices informed class members of their right to object in writing and appear in person or through their own legal counsel at the fairness hearing that was conducted on _____, 2014.

19.     Subsequent to Notice, any submissions to Class Counsel by class members commenting upon or objecting to the Settlement Agreement have been made available for the Court's consideration.

## APPROVAL OF SETTLEMENT

20.     The Court has reviewed the terms of the Settlement Agreement and all objections and comments thereto and finds that the Settlement is fair, reasonable, and adequate under the circumstances of this case and in the best interests of the Settlement Class.  Accordingly, the Settlement Agreement is approved.  In evaluating the proposed settlement, the Court considered a variety of factors and makes the following findings:

- The named Plaintiffs are adequate representatives of the Settlement Class, and treatment of this action as a class action for settlement purposes, with the Settlement Class as defined above, is appropriate, proper and satisfies the criteria set forth in Fed. R. Civ. P. 23(e);

- The Notices provided were the best possible notice under the circumstances and satisfied Fed. R. Civ. P. 23(c) and the requirements of due process;

- More than adequate discovery has been conducted in this case for the purpose of determining the reasonableness of the Settlement;

- The terms of the Settlement provide substantial and direct benefits to the Settlement Class;

- Class Counsel, including Dianne M. Nast, Kenneth A. Wexler, and Stephen A. Corr, are experienced trial practitioners with substantial experience in class action litigation and recommended approval of the Settlement Agreement;

- The future expense and likely duration of the litigation, and its uncertainty of outcome, supports approval of the class Settlement; and

- Nothing indicates an absence of good faith or independence between Plaintiffs and Defendants regarding the Settlement Agreement.

## DISCLAIMER OF ADMISSIONS

21.     The provisions of this Final Judgment are entered as a result of the agreement and stipulation of the parties.  The parties' stipulation and this Final Judgment are not intended to be, and shall not be construed as, an admission or finding, express or implied, of any fault, liability, or wrongdoing by Defendants.

## APPLICABILITY

22.     This order is the Final Judgment as defined in the Settlement Agreement.

23.     The provisions of this Final Judgment are applicable to and binding upon Defendants, and upon all members of the Settlement Class, their heirs, administrators, executors, and assignees and dismiss in their entirety and with prejudice the claims of all members of the Settlement Class against Comcast, as more fully set out in section 10 of

the Settlement Agreement, without costs to any party against any other party except as otherwise provided herein.

24.     This Final Judgment is intended by the parties and the Court to be *res judicata* and to prohibit and preclude any prior, concurrent, or subsequent litigation, arbitration, or other proceeding, brought individually or in the name of, and/or otherwise on behalf of, the Plaintiffs or members of the Settlement Class that arise from or relate in any way, directly or indirectly, to: (a) the state and federal claims or issues actually raised or which could have been raised in the Action; or (b) the facts alleged in the Action; or (c) Class Members purchase or use of Premium Cable together with or in combination with the rental of a Set Top Box, from the beginning of the Class Period until the Effective Date.

25.     Plaintiffs and all members of the Settlement Class, individually and on behalf of their affiliates, agents, successors and assigns, are deemed to have conclusively settled and released any future claims against Comcast related to the rental of Set-Top Boxes distributed by Comcast in connection with a subscription to Comcast's Premium Cable services, as more fully set out in section 10 of the Settlement Agreement.

26.     Plaintiffs and all members of the Settlement Class, individually and on behalf of their affiliates, agents, successors and assigns, are deemed to have covenanted not to sue, institute, or instigate any legal, equitable or administrative proceedings against Comcast for any Released Claims, as more fully set out in section 10 of the Settlement Agreement.

27.     Each member of the Settlement Class is barred and permanently enjoined from prosecuting any action in state or federal court, arbitration, or before any

administrative body against Comcast with respect to any Released Claims, as more fully set out in paragraph 10 of the Settlement Agreement.

## <u>ATTORNEY'S FEES AND INCENTIVE PAYMENTS</u>

28.     Except as here expressly ordered, each of the parties shall bear his, her, or its own fees and costs.

29.     <u>Class Counsel's Fees</u>:  Class Counsel have moved for an award of attorney fees and reimbursement of expenses.  Pursuant to 23(h)(3) and 54(d) of the Federal Rules of Civil Procedure, and pursuant to the factors for assessing the reasonableness of a class action fee request as set forth in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000), this Court makes the following findings of fact and conclusions of law:

a)      the Settlement confers a benefit on the Class that is substantial when assessed in light of the risks of establishing liability and damages in this case;

b)      there were _____ objections by Class members to the requested fee award and such objections are overruled;

c)      Class Counsel have effectively and efficiently prosecuted this difficult and complex class action on behalf of the members of the Class, with no guarantee they would be compensated;

d)      Class Counsel undertook numerous and significant risks of nonpayment in connection with the prosecution of this action;

10

e)      Class Counsel have reasonably expended over _____ hours and incurred substantial out of pocket expenses, in prosecuting this action, with no guarantee of recovery;

f)      the Settlement achieved for the benefit of the Class was obtained as a direct result of Class Counsel's skillful advocacy;

g)      the Settlement was reached following negotiations held in good-faith and in the absence of collusion;

h)      Class members were advised in the Notice, which notice was approved by this Court, that Class Counsel intended to move for an award of attorney fees, costs and expenses in an amount up to $2,746,000.00, which would be paid by Comcast, separate and apart from the benefits to Class members;

i)      Class Counsel did, in fact, move for an award of attorney fees, costs, and expenses in the amount of $2,746,000.00, which motion has been on the docket and publicly available since _____; and

j)      In light of the factors and findings described above, the requested fee award is within the applicable range of reasonable awards.

30.     Accordingly, Class Counsel are hereby awarded attorney fees, costs, and expenses in the amount of $2,746,000.00.  The Court finds this award to be fair and reasonable.  The awarded fees and expenses shall be paid to Class Counsel in accordance with the terms of the Settlement Agreement.  Class Counsel shall allocate the fees and expenses amount among the Plaintiffs' counsel.

11

31.     <u>Payments to Class Representatives</u>:     Additional awards to Class Representatives of one-thousand dollars ($1,000.00) are authorized for each of the four named Plaintiffs in this action.

**<u>RETENTION OF JURISDICTION</u>**

32.     Jurisdiction is retained by this Court only for the purpose of enabling any party to this Final Judgment to apply to the Court at any time for such further orders and directions as may be necessary and appropriate for the carrying out of this Final Judgment.  In all other respects, this case is dismissed with prejudice.

33.     The Clerk of the Court is ordered to enter this Final Judgment forthwith.

34.     In the event that this Final Judgment is not otherwise final and appealable, the Court finds and directs that there is no just reason for delaying enforcement or appeal and judgment should be entered.

SO ORDERED, in chambers in Philadelphia, Pennsylvania this ___ day of _____, 2014.


_____
HON. ANITA B. BRODY
U.S. DISTRICT COURT JUDGE

# EXHIBIT F

**EDUCATIONAL STATEMENT REGARDING SET-TOP DEVICES**

**Summary:** Comcast does not sell set-top equipment.  It leases it.  You are not required to lease set-top equipment from Comcast and may use commercially available devices that you purchase elsewhere, subject to the limitations described below.  If you purchase your own equipment and notify Comcast of that fact, you may be entitled to a credit on your monthly bill.  Owning your own equipment may limit the services you are able to receive.  If you still have questions after reading this Educational Statement, you should call Comcast at 1-800-XFINITY or visit http://www.comcast.com/equipmentpolicy for answers.

**Customer owned set-top devices**: In order to work properly, customer owned set-top equipment must be technically compatible with Comcast's cable system.  In addition, the equipment must have been approved for its intended use by CableLabs® and may not be used to receive unauthorized service.

   **CableCARD Equipment:** If you own a television or set-top box that is "CableCARD-Ready," you can watch Xfinity cable service without renting a set-top box.  Equipment incorporating CableCARD technology is both compatible and approved for use with Xfinity cable service.  This is done by inserting a CableCARD into the device.  If you have a CableCARD-Ready device, Comcast will provide you with one CableCARD per account free of charge.   You can rent additional CableCARDs from Comcast for approximately $2 each per month.  The charge is subject to change.

   You should understand that CableCARD devices (sometimes called "plug and play" or "digital cable ready" devices) perform many, **but not all**, of the functions of a set-top box.  CableCARD devices available for purchase are "**one-way**" **only.**  This means that such devices do not work for "two-way" services such as our interactive programming guide and video-on-demand service.   For more information on CableCARD technology and how to obtain and use CableCARDS, please contact Comcast at 1-800-XFINITY or visit http://www.fcc.gov/guides/digital-cable-compatibility-cablecard-ready-devices and/or http://transition.fcc.gov/cgb/consumerfacts/plugandplaytv.pdf.

   **Other Equipment:** Set-top devices which do not use CableCARD technology may not be technically compatible or approved for use.  In particular, equipment that has been stolen from Comcast or another video provider or used to receive unauthorized service is not approved.  Therefore you should exercise caution before purchasing or using any such device.

**Equipment Credit**: Where equipment costs are included in the price of your service package and you use your own compatible and approved set-top equipment, you are eligible to receive an "equipment credit" upon request.  The amount of the credit will be determined by Comcast in its reasonable discretion.  For more information on equipment credits, or to find out if you are eligible for an equipment credit, contact Comcast at 1-800-XFINITY or visit http://www.comcast.com/equipmentpolicy.

**Xbox, Mobile devices and computer viewing**: You may access certain Xfinity programming on mobile devices such as tablets and smartphones that utilize the iOS or Android operating systems by using the

Xfinity     App.      For     more     information     on     this     service     option,     visit
http://xfinity.comcast.net/learn/internet/mobile-tv-app.

Some content is also available via streaming to computers and laptops using a web browser.  For more
information on using this service, visit http://customer.comcast.com/help-and-support/xfinitytv-online.

Video On Demand programming can be accessed through the Microsoft Xbox. More information on
using this service can be found by visiting http://comcast.com/xbox.