# EXHIBIT 1

EXECUTION COPY

## FOURTH AMENDED CLASS ACTION SETTLEMENT AGREEMENT

**THIS AGREEMENT** (the "Settlement Agreement" or "Agreement") is made and entered into this 22nd day of February, 2018, by and between Defendants Comcast Corporation, Comcast Holdings Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Holdings, Inc. (collectively "Comcast"), and Plaintiffs James E. Deanne, William Gonzales, John Martich, and Carrie D. Cooper, individually and as representatives of others similarly situated  (collectively, "Plaintiffs"), and, which constitute the Settlement Class as defined below, acting by and through their undersigned counsel.

## R E C I T A L S

**WHEREAS,** on or about June 17, 2009, the Judicial Panel on Multidistrict Litigation transferred and consolidated nine civil actions alleging claims for violations of the Sherman Act and various state antitrust and unfair and deceptive trade acts against Defendant Comcast in the United States District Court for the Eastern District of Pennsylvania (the "Court"), and thereafter, fifteen additional cases of a similar nature were transferred and consolidated in the same Court.

**WHEREAS,** in all, twenty-four civil actions were consolidated in the Court, under the case *In re*: *Comcast Corp. Set-Top Cable Television Box Antitrust Litigation*, Case No. 2:09-md-02034-AB (the "Action").  Those cases are:

> Ahaesy v. Comcast Corp., et al., Case No. 3:09-cv-0612 (N.D. Cal.);
> Bryant v. Comcast Corp., et al., Case No. 2:09-cv-04013 (E.D. Pa.);
> Cordier v. Comcast Cablevision of Alabama, Inc., Case No. 1:09-cv-00293 (S.D. Ala.);
> Corralejo v. Comcast Corp., Case No. 2:08-cv-02863 (E.D. Cal.);
> Davis v. Comcast Corp., et al., No. 1:09-cv-00498 (D. Colo.);
> Deanne v. Comcast Corp., et al., Case No. 2:09-cv-00567 (W.D. Wa.);
> DeLoss v. Comcast Corp., et al., Case No. 2:09-cv-1979 (D. Minn.);
> Frazier v. Comcast Corp., et al., Case No.  2:09-cv-03828 (E.D. Pa.);
> Fromer v. Comcast Corp. et al., Case No. 3:09-cv-01008 (D. Conn.);

<u>Holt v. Comcast Corp., et al.</u>, Case No. 2:09-cv-00637 (E.D. Pa.);
<u>Hunt v. Comcast Corp., et al.</u>, Case No. 3:09-0131 (S.D. W. Va.);
<u>Koller v. Comcast Corp. et al.</u>, Case No. 1:08-cv-06362 (N.D. Ill.);
<u>Mays v. Comcast Corp., et al.</u>, Case No. 1:09-cv-670 (N.D. Ill.);
<u>Morrow v. Comcast Corp. et al.</u>, Case No. 2:09-cv-00128 (E.D. Pa.);
<u>Ostern v. Comcast Corp., et al.</u>, Case No. 09-cv-534 (D. Minn.);
<u>Ramey II v. Comcast Corp., et al.</u>, Case No. 03:09-0353 (S.D. W.Va.);
<u>Rogers v. Comcast Corp.</u>, Case No. 2:10-cv-10547 (E.D. Mich.);
<u>Scarkino v. Comcast Corp., et al.</u>, Case No. 2:09-3785 (E.D. La.);
<u>Sellars v. Comcast Corp., et al.</u>, Case No. 2:09-2803 (E.D. La.);
<u>Sowizrol v. Comcast Corp., et al.</u>, Case No. 1:09-cv-564 (N.D. Ill.);
<u>Stutman v. Comcast Corp., et al.</u>, Case No. 09-cv-04828 (E.D. Pa.);
<u>Uff v. Comcast Corp., et al.</u>, Case No. 2:09-cv-00636 (E.D. Pa.);
<u>West Virginia ex rel. McGraw v. Comcast Corp., et al.</u>, Case No. 5:09-cv-00091 (N.D. W.Va.); and
<u>Whitehead v. Comcast Corp., et al.</u>, Case No. 2:09-cv-0375-S (N.D. Ala.).

**WHEREAS,** the State of West Virginia ex rel. McGraw brought claims on behalf of a class for damages and injunctive relief against Comcast for *inter alia*: (1) violations of the West Virginia Antitrust Act, West Virginia Code §§ 47-18-1 *et seq.*; (2) violations of the West Virginia Consumer Credit and Protection Act, West Virginia Code §§ 46A-6-101, *et seq.*; and (3) violations of West Virginia common law ("West Virginia Action").

**WHEREAS,** the Fourth Amended Consolidated Class Action Complaint alleges claims on behalf of putative class members for damages and injunctive relief against Comcast for *inter alia*: (1) violations of section 1 of the Sherman Act, 15 U.S.C. § 1 *et seq.*; and (2) violations of various state antitrust and unfair and deceptive trade acts.  The Settlement Class is represented by four individuals:  James E. Deanne, William Gonzales, John Martich, and Carrie D. Cooper.

**WHEREAS,** on October 15, 2014, the Court approved the Parties' stipulation of dismissal without prejudice of the following actions:

<u>Ahaesy v. Comcast Corp., et al.</u>, Case No. 3:09-cv-0612 (N.D. Cal.);
<u>Bryant v. Comcast Corp., et al.</u>, Case No. 2:09-cv-04013 (E.D. Pa.);
<u>Cordier v. Comcast Cablevision of Alabama, Inc.</u>, Case No. 1:09-cv-00293 (S.D. Ala.);
<u>Corralejo v. Comcast Corp.</u>, Case No. 2:08-cv-02863 (E.D. Cal.);

AMERICAS 94036285

<u>Davis v. Comcast Corp., et al.</u>, No. 1:09-cv-00498 (D. Colo.);
<u>DeLoss v. Comcast Corp., et al.</u>, Case No. 2:09-cv-1979 (D. Minn.);
<u>Fromer v. Comcast Corp. et al.</u>, Case No. 3:09-cv-01008 (D. Conn.);
<u>Holt v. Comcast Corp., et al.</u>, Case No. 2:09-cv-00637 (E.D. Pa.);
<u>Hunt v. Comcast Corp., et al.</u>, Case No. 3:09-0131 (S.D. W. Va.);
<u>Morrow v. Comcast Corp. et al.</u>, Case No. 2:09-cv-00128 (E.D. Pa.);
<u>Ostern v. Comcast Corp., et al.</u>, Case No. 09-cv-534 (D. Minn.);
<u>Ramey II v. Comcast Corp., et al.</u>, Case No. 03:09-0353 (S.D. W.Va.);
<u>Rogers v. Comcast Corp.</u>, Case No. 2:10-cv-10547 (E.D. Mich.);
<u>Scarkino v. Comcast Corp., et al.</u>, Case No. 2:09-3785 (E.D. La.);
<u>Sellars v. Comcast Corp., et al.</u>, Case No. 2:09-2803 (E.D. La.);
<u>Sowizrol v. Comcast Corp., et al.</u>, Case No. 1:09-cv-564 (N.D. Ill.);
<u>Stutman v. Comcast Corp., et al.</u>, Case No. 09-cv-04828 (E.D. Pa.);
<u>Uff v. Comcast Corp., et al.</u>, Case No. 2:09-cv-00636 (E.D. Pa.); and
<u>Whitehead v. Comcast Corp., et al.</u>, Case No. 2:09-cv-0375-S (N.D. Ala.).

**WHEREAS,** on October 12, 2017, the Court approved Plaintiffs' request to voluntarily dismiss without prejudice the claims of Plaintiff Lucas Mays (originally brought in <u>Mays v. Comcast Corp.</u>, et al., Case No. 1:09-cv-670 (N.D. Ill.)) and Daniel Steele (brought in the Second Amended Consolidated Class Action Complaint (D.E. 109) and the Third Amended Consolidated Class Action Complaint (D.E. 122)).

**WHEREAS,** on November 13, 2017, the Court approved the Parties' stipulation of dismissal without prejudice of the following actions:

<u>Frazier v. Comcast Corp., et al.</u>, Case No.  2:09-cv-03828 (E.D. Pa.); and
<u>Koller v. Comcast Corp. et al.</u>, Case No. 1:08-cv-06362 (N.D. Ill.).

**WHEREAS,** only the claims of Plaintiffs James E. Deanne, William Gonzales, John Martich, and Carrie D. Cooper remain before the Court.

**WHEREAS,** Comcast disputes Plaintiffs' claims both as to the facts and the law, and Comcast has denied, and continues to deny, any liability to Plaintiffs or any member of the putative class.

**WHEREAS,** the Parties wish to settle and resolve all of Plaintiffs' claims to avoid the uncertainties and risks of trial, to avoid further expense, inconvenience, and the distraction of

3

burdensome and protracted litigation, and to obtain the releases, orders, and judgments contemplated by this Agreement so as to put to rest totally and finally the matters raised by Plaintiffs.

**WHEREAS,** Plaintiffs' counsel has sought, briefed, and conducted oral argument in support of Plaintiffs' claims against Comcast and in opposition to Comcast's motion to compel arbitration; retained and consulted with industry and damages experts; and conducted numerous investigations and engaged in extensive negotiations with Comcast; and, considering the benefits of the Settlement and the risks of litigation, has concluded that it is in the best interest of Plaintiffs and the Settlement Class (as defined below) to enter into this Settlement Agreement. Plaintiffs and their counsel agree that this Agreement is fair, reasonable, and adequate with respect to the interests of Plaintiffs and the Settlement Class, and should be approved by the Court pursuant to Federal Rule of Civil Procedure 23(e).

**WHEREAS,** the Parties agree to settle and resolve completely and finally all of their outstanding differences, disputes, and claims, whether asserted or unasserted, known or unknown, which were or could have been asserted by Plaintiffs and the Settlement Class in the Action.

**WHEREAS,** on February 24, 2014, Plaintiffs filed with the Court a Motion for Leave to File a Fourth Amended Consolidated Class Action Complaint and Voluntarily Dismiss Claims of Former Subscribers.

**WHEREAS**, on February 24, 2014, Plaintiffs also filed with the Court a Renewed Motion for Certification of a Settlement Class and Preliminary Approval of Class Action Settlement attaching (among other documents) a settlement agreement (the "February 24, 2014

4

Agreement"), to which the Parties had agreed.  Subsequently, the Parties sought to withdraw that agreement.

WHEREAS, on October 15, 2014, the Court entered an Order 1) approving Plaintiffs' Motion to Withdraw Plaintiffs' Renewed Motion for Certification of a Settlement Class and Preliminary Approval of Class Action Settlement, and  2) denying Plaintiffs' Motion for Leave to File a Fourth Amended Consolidated Class Action Complaint and Voluntarily Dismiss Claims of Former Subscribers.

WHEREAS, on November 12, 2014, Comcast filed a Motion to Compel Arbitration and Stay Action, seeking to compel arbitration of Plaintiffs' Sherman Act and Washington state law claims, and seeking to stay litigation on Plaintiffs' California and West Virginia claims.

WHEREAS, on September 11, 2015, Plaintiffs filed a response to Comcast's motion recognizing that, under the Supreme Court's decisions in *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011) and *American Express Co. v. Italian Colors Restaurant*, 133 S. Ct. 2304 (2013), the Court would inevitably compel arbitration of all claims other than those alleged by (1) Opt-Out Subscribers (defined below); (2) putative class members asserting claims based on California and Washington state law; and (3) those individuals represented by the State of West Virginia.

WHEREAS, on September 11, 2015, Plaintiffs filed a Motion for Certification of a Settlement Class and Preliminary Approval of Class Action Settlement attaching (among other documents) a revised settlement agreement (the "September 11, 2015 Agreement"), to which the Parties had agreed, which the Court denied on November 5, 2015.

WHEREAS, the Parties intend this Settlement Agreement to be a novation, extinguishing the obligations of the agreements attached to the February 24, 2014 Agreement

5

and the September 11, 2015 Agreement, and substituting this Agreement as a new, valid obligation between the Parties that resolves all of the claims in the Fourth Amended Consolidated Class Action Complaint.

## AGREEMENTS AND RELEASES

In consideration of the premises and mutual promises, covenants, and warranties contained in this Settlement Agreement and other good and valuable consideration, the receipt and sufficiency of which the Parties now acknowledge, and intending to be legally bound, the Parties agree as follows:

1.  **RECITALS**

The foregoing recitals are true and correct and made part of this Agreement.

2.  **DEFINITIONS**

The following terms shall have the meanings set forth below:

2.1     "Action" shall mean all causes of action associated with the proceeding, *In re: Comcast Corp. Set-Top Cable Television Box Antitrust Litigation*, Case No. 2:09-md-02034-AB (E.D. Pa.), including all cases transferred and consolidated under this caption as of the date of this Agreement and General Release.

2.2     "California Subscribers" shall mean all Settlement Class Members who resided in and subscribed to Premium Cable in the State of California during the Class Period.

2.3     "Claim Form" shall mean the document that must be submitted electronically by Class Members in order to obtain the benefits of this Settlement, and a model of which is attached as Exhibit "A".

6

2.4     "Claimant" shall mean a person or entity who is a member of the Settlement Class who timely submits a Claim Form.

2.5     "Claims Administrator" shall mean Epiq Systems, Inc., which is the entity processing the Claim Forms submitted by Class Members or the entit(ies) designated by them to perform that function.

2.6     "Class Counsel" shall mean Dianne M. Nast, NastLaw LLC, 1101 Market Street, Suite 2801 Philadelphia, Pennsylvania 19107, Kenneth A. Wexler, Wexler Wallace LLP, 55 West Monroe Street, Suite 3300, Chicago, IL 60603, and Stephen A. Corr, Stark & Stark, 777 Township Line Road, Suite 120, Yardley, PA 19067.

2.7     "Class Member" shall mean any individual or entity who is a member of the Settlement Class.

2.8     "Class Period" shall mean the period of time commencing no earlier than January 1, 2005, and ending on the date of the Court's Order preliminarily approving the Settlement Agreement.

2.9     "Comcast" shall mean Comcast Corporation, located at One Comcast Center, Philadelphia, Pennsylvania, and all predecessors-in-interest or title, successors-in-interest or title, parents, subsidiaries, affiliates, past or present members, limited and general partners, shareholders, directors, officers, employees, agents and representatives, including but not limited to Comcast Holdings Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Holdings, Inc.

2.10    "Court" shall mean the United States District Court for the Eastern District of Pennsylvania.

AMERICAS 94036285

2.11    "Current Subscribers" shall mean Class Members who are cable television subscribers of Comcast in the United States as of the date of the Notice provided pursuant to paragraph 4.

2.12    "Day" shall mean a 24-hour day, but for purposes of calculating time periods herein any period of time that ends on a day when the Court is closed shall be deemed to end at the end of the next day when the Court is open.

2.13    "Effective Date" shall mean the first day that the Court is open for business after the last of the following dates has passed:  (a) ten (10) days after the time for appeal from the Court's approval of the Settlement and entry of the Final Judgment has expired without an appeal having been taken;  (b) in the event that the Final Judgment is appealed, ten (10) days after the time that either all such appeals shall have been dismissed prior to resolution by the appellate court or that the Final Judgment has been affirmed in its entirety without any modification or change by the court of last resort to which such appeal has been taken and such affirmance is no longer subject to further appeal, by certiorari or otherwise; provided, however, that a court may change or modify the payment of attorneys' fees and/or costs or Incentive Payment without changing the "Effective Date."

2.14    "Former Subscribers" shall mean Class Members who were cable television subscribers of Comcast in the United States but are no longer subscribers.

2.15    "Notice" shall mean notice of the proposed Class Settlement as provided for in paragraph 4.

2.16    "Opt-Out Request" shall mean the request for exclusion that must be sent to the Claims Administrator and Class Counsel or Class Counsel's designee as provided for in paragraph 6.

2.17    "Opt-Out Subscribers" shall mean individuals who were or are cable television subscribers of Comcast in the United States at some time during the Class Period and who opted out of Comcast's arbitration clause as reflected in Comcast's records.

2.18    "Parties" shall collectively mean Comcast and Plaintiffs.

2.19    "Preliminary Approval" shall mean the Court's order approving this Settlement Agreement without any modification, effective on the date of entry of the Preliminary Approval Order, a proposed form of which is attached as Exhibit "B" to this Agreement.

2.20    "Premium Cable" shall mean a higher-tiered product than basic cable, using a Set-Top Box or DTA device that allows customers to enjoy features such as:

- On Demand services, which allow subscribers to watch certain programs at the time of their choosing and to pause, fast-forward, and rewind those programs;

- pay-per-view programming, which allows subscribers to purchase unique programs not otherwise available, including a variety of live entertainment;

- numerous specialty channels, such as news and sports channels;

- various channels that subscribers can pay to receive, like HBO;

- high-definition channels, which enhance the image quality beyond that offered on standard channels;

- other two-way communications technology; and

- an interactive programming guide, which provides a simple means of navigating through the many options and selecting a desired program.

2.21    "Released Claims" shall mean the claims identified in paragraph 10.1.

2.22    "Settlement Class" shall mean a class to be certified by the Court pursuant to this Settlement Agreement solely for the purpose of effectuating this Settlement Agreement, as provided for and further defined in paragraph 3.1.

9

2.23    "Settlement Credit" shall mean the approximate monetary value in U.S. currency of the in-kind relief available to Current Subscribers pursuant to paragraph 9.1.2 of this Settlement Agreement.

2.24    "Set-Top Box" shall mean a device that (a) both (i) allows a subscriber of cable television service to tune the television to different cable television programming; and (ii) contains a method of encrypting cable television programming that prevents unauthorized viewing; or (b) converts digital cable television programming into analog so that it may be viewed on certain televisions.

2.25    "Washington Subscribers" shall mean all Settlement Class Members who resided in and subscriber to Premium Cable in the State of Washington during the Class Period.

2.26    "West Virginia Subscribers" shall mean all Settlement Class Members who resided in and subscribed to Premium Cable in the State of West Virginia during the Class Period.

## 3.    CLASS CERTIFICATION

3.1    Comcast agrees that, solely for the purposes of this Settlement and its implementation, the Action shall proceed as a class action, as more particularly described in this Settlement Agreement.  The Parties have agreed that the Settlement Class shall be:

> All persons who:
>
> (i)    resided in and subscribed to Premium Cable in California, Washington, or West Virginia during the Class Period, or
>
> (ii)    subscribed to Premium Cable in any state in the United States during the Class Period and elected to opt out of Comcast's arbitration clause as reflected in Comcast's records;

AMERICAS 94036285

and paid Comcast a rental fee for a Set-Top Box at any time during the Class Period.

Excluded from the Settlement Class are: (i) those persons who opt out of this Agreement as identified in paragraph 6; (ii) all commercial account customers; (iii) Comcast officers, directors, or employees, any entity in which Comcast has a controlling interest, and the affiliates, legal representatives, attorneys, heirs, or assigns of Comcast; (iv) Class Counsel and Class Counsel's employees; and (v) Judge Anita B. Brody and members of her judicial staff of the United States District Court for the Eastern District of Pennsylvania, as well as any federal, state, or local governmental agency, and any judge, justice, or judicial officer presiding over this matter and members of their immediate families and judicial staffs.

provided, however, that in the event that this Agreement is not approved by the Court, or the class relief set forth in paragraph 9 is changed in any material way or if this Agreement is terminated pursuant to paragraph 11, the Settlement Class shall become null and void and have no further force and effect whatsoever, unless otherwise agreed to by the Parties, and the Parties shall be restored without prejudice to their respective positions as if the Settlement and application for its approval had not been made.  If the Court refuses to approve the Settlement Agreement, or if the Court's order approving the Settlement is reversed on appeal, or if pursuant to an appeal the class relief set forth in paragraph 9 is changed in any way, and as a result the Agreement is terminated as provided for in paragraph 11, then the Settlement Agreement and any negotiations, statements, communications, or proceedings relating thereto, and the fact that the Settlement Class and Comcast agreed to the Settlement: (a) shall be without prejudice to the rights of the Settlement Class or Comcast, (b) shall not be used for any purpose whatsoever in any subsequent proceeding in this Action or any other action in any court or tribunal, and (c) shall not be construed as an admission or concession by any Party of any fact, matter, allegation, or contention.  Plaintiffs and Class Counsel agree to

AMERICAS 94036285

recommend approval of this Agreement by the Court and to recommend participation in the Settlement by members of the Settlement Class. Unless otherwise terminated as provided herein, the Parties agree to undertake their best efforts, including any and all steps and efforts that may become necessary by order of the Court or otherwise, to effectuate the terms and purposes of this Settlement Agreement, to secure the Court's approval, and to oppose any appeals from or challenges to an order approving the Settlement.

4.   **NOTICE OF PROPOSED CLASS SETTLEMENT**

4.1   Following Preliminary Approval of this Settlement Agreement, the Parties shall provide Notice of the proposed Class Settlement as required by Federal Rule of Civil Procedure 23(e) and as required by the Court. The Parties will recommend to the Court that the Notice be provided as follows:

4.1.1   Comcast will provide notice of the proposed settlement to Current Subscribers in their monthly bill. A summary notice shall be given to all Current Subscribers by including in one complete billing cycle of Comcast bills a "notice insert" in a form substantially similar to Exhibit "C". The summary notice will direct Current Subscribers to a settlement website (www.SetTopBoxSettlement.com) that will have a more complete explanation of the Settlement terms. Comcast agrees to manage the process of providing notice to Current Subscribers in their monthly bills and bear the costs of providing such notice.

4.1.2   Notice will also be provided to Class Members by nationwide publication of a notice in the newspaper(s) or magazine(s) detailed in Exhibit "D".

AMERICAS 94036285

4.1.3   Notice also shall be provided to Class Members by the Claims Administrator establishing an Internet settlement website at www.SetTopBoxSettlement.com within thirty (30) days of Preliminary Approval that will display, *inter alia*, the following: (i) a Notice in a form substantially similar to Exhibit "E"; (ii) contact information for Class Counsel, in the form of firm name, attorney name, a phone number, address, e-mail address, and website address; (iii) a complete copy of the Settlement Agreement; (iv) frequently asked questions; and (v) a Claim Form that can be submitted electronically.

4.2   Comcast will use reasonable efforts to ensure that the notice (as referred to in subparagraph 4.1.1 and 4.1.2) is provided to Current Subscribers within one hundred and twenty (120) days of Preliminary Approval of this Settlement Agreement.

4.3   Other than the Notice provided for by this paragraph, the Parties will make no other effort to publish or disseminate any notice of this Settlement or its terms without the approval of the other Parties or that of the Court.  Class Counsel and their co-counsel may also publish the Notice and information about the Settlement Agreement, as well as a link to the Settlement website, on their respective firm's websites.  Additionally, Class Counsel and their co-counsel may advise Plaintiffs and Class Members of the terms of the Settlement Agreement and provide assistance in the making of claims thereunder, so long as the communications are consistent with the terms of the Settlement Agreement and its related document, such as the class Notice and Claim Form.

5.   **COST OF ADMINISTRATION**

The cost of providing the notices and the cost incurred by the Claims Administrator in

AMERICAS 94036285

administrating this Settlement Agreement ("Administration Costs"), exclusive of any legal fees incurred by the Parties, shall be paid by Comcast.

6.      **OPT-OUT AND OBJECTION PROCEDURES**

6.1      Class Members who want to be excluded from the Settlement Class must send a written request for exclusion ("Opt-Out Request") to the Claims Administrator and to Class Counsel or Class Counsel's designee, within one hundred and eighty (180) days of Preliminary Approval.

6.2      Class Counsel, or its designee, shall file a Notice of Class Action Opt-Outs, listing the names of all persons or entities who submitted an Opt-Out Request within 21 days after the deadline by which all opt-out requests must be postmarked.

6.3      Only those Class Members who complete a Claim Form will be eligible to receive the Settlement relief described herein.  Comcast will have the option to terminate the Settlement Agreement in its sole discretion if more than four percent (4%) of the Settlement Class opts out of this Settlement Agreement.

6.4      In order to be considered by the Court, any objection to the Settlement Agreement must: (i) contain the full name and current address of the person objecting; (ii) contain the title of the Lawsuit:  *In re: Comcast Corp. Set-Top Cable Television Box Antitrust Litigation*, Case No. 2:09-md-02034-AB (E.D. Pa.); (iii) state the reasons for the objection; (iv) be accompanied by any evidence, briefs, motions, or other materials the objector intends to offer in support of the objection; (v) be signed by the objector; and (vi) be filed with the Court and served upon Class Counsel and counsel for Comcast within one hundred and eighty (180) days of Preliminary Approval.

AMERICAS 94036285

6.5    Any responses to written objections shall be filed with the Court no fewer than ten (10) days before the Final Approval Hearing.

## 7.    FINAL COURT APPROVAL

No later than one hundred and fifty (150) days after Preliminary Approval, the Plaintiffs shall move for the Court's final approval of this Settlement Agreement, and agree to use their respective best efforts to obtain such approval ("Final Approval Hearing").   At the Final Approval Hearing, the Parties shall petition the Court to enter a Final Judgment in substantially the form attached hereto as Exhibit "F" which shall, *inter alia*, dismiss with prejudice the Settlement Class' claims against Comcast.   If any person appeals the Court's order of final approval of the Settlement, the Parties will use their respective best efforts to defeat the appeal.

## 8.    CONFIRMATORY DISCOVERY

As a condition precedent to this Settlement, Comcast will make available for deposition pursuant to Fed. R. Civ. P. 30(b)(6), a corporate representative(s) to testify on the following topics: (1) the technological changes in the Set-Top Box market since the filing of this Action; (2) the marketplace for selling Set-Top Boxes and the success or lack of success by consumer electronic manufacturers in the marketplace selling Set-Top Boxes; and (3) the compatibility of different Set-Top Boxes with the cable television plant used by Comcast during the Class Period. Plaintiffs may terminate this Settlement Agreement within ten (10) days of the confirmatory deposition in the event they determine, based upon the answers given, that this Settlement Agreement is not in the best interest of the class as a whole.

15

9.      **CLASS RELIEF**

The Parties agree as follows:

9.1     This Settlement shall be a claims-made settlement.   Members of the Settlement Class will be entitled to cash or in-kind relief as provided below:

9.1.1   <u>Cash Payment</u>:  Settlement Class Members shall be entitled, upon submission of a valid Claim Form, to a cash payment ("Cash Payment") in accordance with the length of time they rented a Set-Top Box from Comcast, regardless of the number of Set-Top Boxes they rented, as follows:

9.1.1.1     If the Claimant rented at least one Set-Top Box from 1 to 35 months (0 to 3 years), the Claimant is entitled to ten U.S. dollars and no cents ($10.00) payable by check.

9.1.1.2     If the Claimant rented at least one Set-Top Box from 36 to 59 months (3 to 5 years), the Claimant is entitled to twelve U.S. dollars and fifty cents ($12.50) payable by check.

9.1.1.3     If the Claimant rented at least one Set-Top Box for 60 or more months (more than 5 years), the Claimant is entitled to fifteen U.S. dollars and no cents ($15.00) payable by check.

9.1.2   <u>Settlement Credits</u>:     Settlement Class Members who are Current Subscribers, upon submission of a valid Claim Form, may elect to receive in-kind relief, in lieu of the Cash Payment set forth in paragraph 9.1.1, in accordance with the length of time they rented a Set-Top Box from Comcast or in-kind relief, as follows:

16

AMERICAS 94036285

9.1.2.1    If the Claimant rented at least one Set-Top Box from 1 to 35 months (0 to 3 years), the Claimant is entitled to select one of the following options:

(a) three (3) free months of Showtime (up to a maximum $30.00 value); or

(b) five (5) movie or television show rentals or purchases (up to a maximum $29.95 value).

Plus, if the Claimant rented more than one Set-Top Box, one (1) additional movie or television show rental or purchase (up to a maximum $5.99 value).

9.1.2.2    If the Claimant rented at least one Set-Top Box from 36 to 59 months (3 to 5 years), the Claimant is entitled to select one of the following options:

(a) three (3) free months of Showtime (up to a maximum $30.00 value) and one (1) movie or television show rental or purchase (up to a maximum $5.99 value) (a combined up to maximum $35.99 value); or

(b) six (6) movie or television show rentals or purchases (up to a maximum $35.94 value).

Plus, if the Claimant rented more than one Set-Top Box, two (2) additional movie or television show rentals or purchases (up to a maximum $11.98 value).

9.1.2.3    If the Claimant rented at least one Set-Top Box for 60 or more months (more than 5 years), the Claimant is entitled to select one of the following options:

(a) three (3) free months of Showtime (up to a maximum $30.00 value) and two (2) movie or television show rentals or purchases (up to a maximum $11.98 value) (a combined

17

up to maximum $41.98 value); or

(b) seven (7) movie or television show rentals or purchases (up to a maximum $37.97 value).

Plus, if the Claimant rented more than one Set-Top Box, three (3) additional movie or television show rentals or purchases (up to a maximum $17.97 value).

9.1.3   Claimant's rental period of a Set-Top Box is determined from January 1, 2005 to the date the Preliminary Approval Order is entered (i.e., the Class Period).

9.1.4   If a Claimant selects a form of Settlement Credits instead of cash (*e.g.*, Showtime), that in-kind relief service will automatically end after the period of time specified in the paragraph unless Claimant voluntarily elects to continue such service independent from this Settlement Agreement.  Claimants will incur no additional charges from Comcast as a result of this Settlement.

9.1.5   Movies and television shows are sold at different retail prices.  The value listed next to each movie and television show rental or purchase option above is the maximum potential retail price for that option (*i.e.*, value of movies or television shows is based on cost of renting/purchasing a high-definition movie or television show).  The actual compensation received by a Claimant may vary based upon the Claimant's movie or television show selection(s).

9.1.6   The value in the aggregate of the payments or Settlement Credits provided for in paragraph 9.1 shall not exceed fifteen million, five hundred

18

thousand U.S. Dollars and no cents ($15,500,000).  The fifteen million, five hundred thousand dollar sum ($15,500,000) is not part of any fund.  If more than fifteen million, five hundred thousand U.S. Dollars and no cents ($15,500,000) worth of claims is submitted by eligible claimants, the benefits will be distributed on a pro rata basis.  If less than fifteen million, five hundred thousand U.S. Dollars and no cents ($15,500,000) worth of claims is submitted by eligible claimants, Comcast is entitled to retain the balance.

9.1.7   The Settlement Credits will be valid for ninety (90) days after their issuance, after which they expire by their own terms.

9.1.8   All Claimants must be a customer in good standing in order to be eligible for Settlement Credits (*i.e.*, the account cannot be open to disconnection for non-payment).

9.2   <u>Non-Transferability</u>:  The Settlement Credits provided for in paragraph 9.1.2 shall only be used as provided for in this Agreement, and are not transferrable.

9.3   <u>Provision of Credits and Other Relief</u>:  All the relief which will be provided to the Class Claimants pursuant to paragraph 9.1 will be provided by Comcast no later than one hundred and twenty (120) days after the Effective Date.

9.4   <u>Uncashed Checks</u>:  Any uncashed checks issued to Class Claimants pursuant to paragraph 9.1 shall revert back to Comcast if not cashed within one hundred and eighty (180) days of issuance.

9.5   <u>Plaintiffs' Counsel's Fees</u>:  Comcast shall not oppose the Court's approval of attorneys' fees and costs up to the sum of one million, one hundred thousand U.S. dollars

19

and no cents ($1,100,000.00) ("Attorneys' Fees Sum"), but will not agree to pay any greater amount in attorneys' fees and costs.   Comcast will pay this Attorneys' Fees Sum in accordance with wiring instructions to be provided by Dianne Nast within 30 days of the Effective Date.   Class Counsel shall file a motion for approval of attorneys' fees, costs, and Incentive Payments no later than one hundred and fifty (150) days after Preliminary Approval and agrees not to seek an award of attorneys' fees or costs in excess of the Attorneys' Fees Sum.   Class Counsel is responsible to make payments as necessary to any other Plaintiffs' Counsel who have been involved in the Action.

      9.6    <u>Incentive Payments</u>.   Comcast shall not oppose the Court's approval of the payment of one thousand U.S. dollars and no cents ($1,000.00) to each of the four Class Representatives in this Action.   Plaintiffs' Incentive Payments, which shall not exceed one thousand U.S. dollars and no cents ($1,000.00) each, shall be paid by checks delivered to Class Counsel for distribution to the appropriate Plaintiffs.

      9.7    <u>Failure to Settle</u>:   The Parties agree that, if the Settlement Agreement is not approved, or if the Settlement is terminated pursuant to paragraph 11, the Settlement and all proceedings had in connection therewith shall be without prejudice to any Party's positions (both legal and factual) in the Action.   To that end, each Party shall not forfeit or waive any factual or legal defense or contention in the Action in the event that the Settlement is terminated.   The Parties further agree to jointly move the Court to vacate all Orders issued pursuant to the Settlement in the event that the Settlement is terminated.

      9.8    <u>Administration of Claims</u>

      9.8.1   In order to participate in the Settlement, each Class Member shall submit a Claim Form, substantially in the form of Exhibit "A" including: (a) their

20

name; (b) the address where they receive the service; (c) the number of years they claim to have rented one or more set top boxes and (d) their Comcast account number, if available.   If a Claimant is a Former Subscriber, and cannot recall his or her Comcast account number, then he or she will be able to submit other evidentiary proof—such as credit card statements, cancelled checks, an estimate of his or her monthly payment, or other communications to or from Comcast—which may identify that he or she was a Comcast subscriber.  Further, Claimants shall affirm, under penalty of perjury, that (1) they are a member of the Settlement Class, and (2) they were charged and paid a rental fee for use of one or more Set-Top Box(es) supplied by Comcast during the Class Period for the amount of time claimed.   A website will be established for the submission of electronic Claims Forms.  All representations made in Claim Forms will be subject to verification through records of Comcast.

9.8.2   Claim Forms will be sent to the Claims Administrator and must be received by the Claims Administrator and/or postmarked no later than ten (10) days prior to the date of the Final Approval Hearing.

9.8.3   Subject to Court approval, before distribution of the Cash Payment or Settlement Credits to the Class, Comcast will provide Class Counsel with a list of claims that, based on its records, Comcast deems invalid.  If, after meeting and conferring with Comcast, Class Counsel believes the challenged claims(s) is/are not invalid and should be paid, Class Counsel

AMERICAS 94036285

may promptly bring the issue(s) to the attention of the Court, which will have final say over the dispute.

9.8.4   The Parties agree to cooperate to establish and implement the necessary procedures in order for the Settlement benefits to be provided to Class Members in the most cost efficient way possible for all Parties.

## 10.   <u>RELEASES</u>

10.1   Plaintiffs and all members of the Settlement Class, on behalf of themselves individually and their current or former agents, employees, predecessors, successors, heirs, and assigns, do hereby voluntarily and knowingly agree to fully, finally, and unconditionally release and discharge Comcast, its respective parents, subsidiaries, predecessors-in-interest or title, successors-in-interest or title, affiliates, past or present members, limited and general partners, shareholders, directors, officers, employees, current and former employees, officers, principals, executives, members, managers, agents, attorneys, and representatives from any and all claims, demands, actions, suits, and causes of action that have been brought or could have been brought, are currently pending or were pending, whether known or unknown, suspected or unsuspected, asserted or unasserted, under or pursuant to any statute, regulation, common law or equity, that arise or relate in any way, directly or indirectly, to: (a) the state and federal claims or issues actually raised or which could have been raised in the Action; or (b) that relate in any way to the facts alleged in the Action; or (c) that relate to Class Members purchase or use of Premium Cable together with or in combination with the rental of a Set Top Box, from the beginning of the Class Period until the Effective Date ("Released Claims").

AMERICAS 94036285

10.2     Unknown, Unaccrued, or Unsuspected Claims.     Plaintiffs and Class Members intend to grant a full, general, and unconditional release of all Released Claims, whether or not they have knowledge of the existence of any such Released Claims, or of any fact which would give rise to, or support, any such Released Claims, and irrespective of whether the facts presently known to them are correct or complete.     Each Party acknowledges that claims may exist against another Party or its affiliates, which claims are covered by the terms of this release, the nature of which has not yet been discovered.   Each Party acknowledges that it may have underestimated, in the amount or severity, presently existing claims against another Party or its affiliates.   It is expressly understood and agreed that the possibility that such claims exist, being known and understood, was explicitly taken into account by each Party in determining whether there was adequate consideration in exchange for entering into this Agreement and a portion of that consideration, having been bargained for between the Parties with knowledge of the possibility of such unknown claims, was given in exchange for full accord, satisfaction, and discharge of all such claims.   This release is intended to be, and remain in effect as, a full and complete general release, notwithstanding the discovery or existence of different or additional facts, relating to the Released Claims.

10.3     Notice to California Subscribers. In furtherance of this intention, as expressed in paragraphs 10.1 and 10.2 of this Settlement Agreement, Plaintiff Gonzales and California Subscribers who are members of the Settlement Class also expressly waive any and all rights granted by California Civil Code section 1542, or any similar provision in any other jurisdiction. Plaintiff Gonzales acknowledges his counsel has explained to him the nature and effect of, and they are fully and completely familiar with, section 1542 of the

23

California Civil Code, and California Subscribers who are members of the Settlement Class acknowledge that any questions they have concerning this release may be answered by counsel.  Section 1542 of the California Civil Code provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

10.4    Notice to Washington Subscribers.  In furtherance of this intention, as expressed in paragraphs 10.1 and 10.2 of this Settlement Agreement, Plaintiff Deanne and Washington Subscribers who are members of the Settlement Class also expressly waive any and all rights granted by Washington law that require that the waiver of future, unaccrued, unmatured, or future claims be listed conspicuously on any release.  Plaintiff Deanne and Washington Subscribers who are members of the Settlement Class acknowledge and admit that the waiver of such claims contained in this Agreement and General Release satisfy any requirement under any law of any state that such a waiver be made conspicuously.

10.5    The Parties expressly waive all rights under any applicable or non-applicable statute or other provision limiting the release of claims by a person or entity that are not known or suspected to exist in such person's or entity's favor at the time of executing the release and which if known or suspected would have materially affected such person's or entity's decision whether or not to enter into such release.  The waiver of any or all statutory or common law rights is not an acknowledgement that any or all these state laws govern this Agreement.

24

10.6    Upon the Effective Date of this Settlement Agreement, each member of the Settlement Class who has not timely and properly excluded himself or herself by opting out of the Settlement Class shall be deemed to have given this release.

10.7    Plaintiffs and all members of the Settlement Class agree that this Settlement Agreement shall be construed to be, and is, a covenant by Plaintiffs and all members of the Settlement Class, for themselves, their affiliates, agents, successors, and assigns, not to sue, institute, or instigate any legal, equitable, or administrative investigation or proceedings against Comcast for any Released Claims. Plaintiffs and all members of the Settlement Class agree and acknowledge that the covenants not to sue in this Settlement Agreement are made to inure to the benefit of, and are specifically enforceable by, Comcast, its respective parents, subsidiaries, agents, employees, representatives, directors, officers, affiliates, heirs, executors, predecessors, successors, and assigns. Upon the Effective Date, each member of the Settlement Class who has not timely and properly excluded himself or herself by opting out of the Settlement Class shall be deemed to have made the covenants.

10.8    Plaintiffs represent and warrant that they are the current legal and beneficial owners of the Released Claims and that they have not assigned, pledged, or contracted to assign or pledge any such Released Claim to any person, other than their attorneys in connection with contingent fee agreements.  All claims that Plaintiffs and the Settlement Class have assigned or pledged to their attorneys, or contracted to assign or pledge to their attorneys, are released to the same extent as the Released Claims.

10.9    Plaintiffs warrant and represent that they have asserted no claim in the Action except those that they own, that they can provide a complete resolution of their claims

AMERICAS 94036285

in the Action, and that no part of Plaintiffs' or the Settlement Class's Released Claims in the Action against Comcast will remain viable after the dismissal of the Action.

10.10   The terms of the release and covenants provided and effectuated by this Settlement Agreement are to be broadly construed in favor of a complete resolution of all claims that were actually raised in or could have been raised in the Action.

10.11   Notwithstanding any provision in this Settlement Agreement to the contrary, nothing in this Settlement Agreement not in this release, shall release any Party of his, her, or its respective obligations under this Agreement or otherwise preclude any Party from filing an action against another Party for the purpose of enforcing his, her, or its rights under this Agreement.

10.12   Consistent with the general release of these claims, the Plaintiffs agree not to institute any federal, state, territorial, or private regulatory, administrative, legal, or other proceeding, investigation, inquiry, examination, or review related to the Released Claims, unless such action is required by law.

## 11.   TERMINATION OF SETTLEMENT AGREEMENT

In the event that the Court or any appellate or other court enters an order altering this Settlement Agreement in a way that either Party believes, in its sole discretion, materially and adversely affects its interests, the affected Party may, within ten (10) days from the entry of such order, void this Settlement Agreement on such grounds.   The terminating Party shall provide written notice of its decision to the other Party.

## 12.   NO ADMISSION OF LIABILITY

12.1   The Settlement reached in this Settlement Agreement is made only to compromise and settle the Action between Plaintiffs and the Settlement Class and Comcast

26

without further litigation and should in no way be construed as an admission of liability or wrongdoing of any kind by Comcast.  Rather, Comcast denies any wrongdoing or liability. This Settlement is intended to resolve claims disputed as to both the facts and the law, and each Party has relied upon its own employees' and counsel's advice and work in entering into this Settlement Agreement and not the advice or work of any other Party's employees or counsel.  No Party to the Settlement Agreement, and no one in privity with them, shall argue before any court, agency, or other forum that the Settlement shows or evidences an admission by Comcast that it violated any law or legal obligation.  Neither this Settlement Agreement nor any of the negotiations connected with it may be offered or received in evidence for any purpose other than for purposes of the proceedings to approve this Settlement Agreement and to obtain dismissal of the Action or to otherwise enforce this Settlement Agreement.

12.2    The Parties and their counsel agree that this Settlement Agreement, the offers or counteroffers made during the negotiations of the Settlement and Settlement Agreement, any pleadings, statements, or other papers related to this Settlement Agreement, or any other act or statement in the negotiations or settlement procedures shall not be offered into evidence or otherwise used to contend that the Court should certify a contested or opposed class in the Action or any other proceeding.  Comcast's efforts to resolve all issues in the context of the Settlement Class shall not be used to argue that any class should be certified against Comcast outside of this negotiated Settlement context, and, in the event this Settlement Agreement does not receive final approval for any reason, Comcast's agreement that this matter be treated as a class action shall be deemed withdrawn and Comcast shall retain the right to object to the maintenance of the Action as a class action.

AMERICAS 94036285

13. **GENERAL PROVISIONS**

    13.1 <u>Modifications</u>. Comcast and Class Counsel may agree by written amendment to modify the provisions of this Settlement Agreement as they deem necessary to effectuate the intent of the Settlement Agreement, provided, however, that they may make no agreement that reduces or impairs the benefits to any Settlement Class Member without approval by the Court.

    13.2 <u>No Oral Modifications</u>. No alterations, modifications, supplements, changes, amendments, waivers, or termination of this Agreement shall be valid unless in writing and executed by all Parties. No waiver of any provision of this Agreement shall constitute a waiver of any other provision. Each Party warrants that he, she, or it has not relied on any promises or representations outside of this Agreement.

    13.3 <u>Binding Effect of Settlement Agreement</u>. The terms and provisions of this Settlement Agreement shall be binding upon, and inure to the benefit of, each of the Parties and each of their respective successors, heirs, and assigns.

    13.4 <u>Multiple Originals/Counterparts</u>. This Settlement Agreement, including Exhibits, may be executed in one or more counterparts, each of which when so executed and delivered shall be deemed to be an original, but all of which taken together shall constitute but one and the same instrument. A facsimile or a PDF copy of a signature page shall be acceptable in the absence of an original signature page.

    13.5 <u>Authority of Persons Signing Settlement Agreement</u>. Counsel executing this document for the Parties represent and warrant that they do so with full authority to bind each such Party and their co-counsel to the terms and provisions in this Agreement. Further,

AMERICAS 94036285

Class Counsel individually represent to Comcast that they are in agreement as to the fairness and adequacy of the Settlement.

13.6    <u>Entire Settlement Agreement</u>.  This Settlement Agreement is the entire agreement and understanding among each of the Parties relating to this subject matter and supersedes all prior proposals, negotiations, agreements, and understandings between the Parties.  All negotiations, understandings, conversations, and communications are merged into this Agreement and have no force and effect other than as expressed in the text of this Agreement.  The Parties acknowledge, stipulate and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation or understanding respecting any part or all of the subject matter of this Settlement Agreement has been made or relied on except to the extent expressly set forth in this Settlement Agreement.

13.7    <u>Governing Law and Venue and Jurisdiction</u>.  This Settlement Agreement shall be governed, construed by and follow the laws of the Commonwealth of Pennsylvania. Jurisdiction and venue for all proceedings in connection with this Settlement Agreement, or arising as a result of any matter relating to this Settlement, or addressed in this Settlement Agreement, shall be in the United States District Court for the Eastern District of Pennsylvania under the caption and case number of this litigation.

13.8    <u>Enforcement of Agreement</u>.  Each Party hereby irrevocably submits to the exclusive jurisdiction and venue of the United States District Court for the Eastern District of Pennsylvania for any suit, action, proceeding, case, controversy, or dispute arising in the United States and relating to this Agreement and/or Exhibits hereto and negotiation, performance, or breach of same.

AMERICAS 94036285

13.9    <u>Voluntary Agreement and Consultation With Counsel</u>.   The Parties represent and acknowledge: (a) they have read this Settlement Agreement; (b) they have made such investigation of the matters pertaining to this Settlement Agreement as they deem necessary and find the terms of this Settlement Agreement to be satisfactory; (c) they understand all of this Settlement Agreement's terms; (d) they execute this Settlement Agreement freely, voluntarily, and without coercion, with full knowledge of its significance and the legal consequences thereof; and (e) they have consulted legal counsel and have had an adequate opportunity to review and consider the terms of this Settlement Agreement. Furthermore, the Parties agree that no fiduciary relationship exists among them, and no Party is dependent upon any other Party for knowledge, advice, guidance, financial support, or the ability to knowingly and independently enter into this Agreement.

13.10   <u>Further Assurances</u>.   Each Party shall undertake good faith efforts to perform any and all of that Party's obligations under this Settlement Agreement.  In this connection, each Party shall take any and all actions, and execute, have acknowledged and deliver any and all further documents that one or more other Parties may reasonably request to effectuate the intents and purposes of this Settlement Agreement.

13.11   <u>Time Frames</u>.   The Parties recognize that additional time might be required in order to accomplish the actions or tasks provided for by the Settlement Agreement.  In the event that a Party is unable to accomplish any task within the allotted time, the other Parties agree to a reasonable extension of time.

13.12   <u>Costs</u>.  Other than the specific attorneys' fees and costs provided for in this Settlement Agreement, the Parties hereby each agree to bear their own attorneys' fees,

AMERICAS 94036285

costs, and expenses, including but not limited to expert witness fees and expenses, incurred in connection with the Action and this Settlement Agreement.

   13.13 <u>Effect of Invalidity/Severability</u>. Wherever possible, each provision of this Settlement Agreement shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision should be prohibited or invalidated under such law, such provision shall be ineffective only to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or other provisions of this Settlement Agreement.

   13.14 <u>Notices</u>. All notices required or permitted hereunder shall be in writing and shall be sent via e-mail and Federal Express (or other overnight courier) and addressed as follows:

If to Comcast:      M. Norman Goldberger, Esq.
           Ballard Spahr, LLP
           1735 Market Street, 51st Floor
           Philadelphia, Pennsylvania  19103
           Telephone:  (215) 665-8500
           Facsimile:  (215) 864-8999
           GoldbergerM@ballardspahr.com

           Arthur J. Burke, Esq.
           Davis Polk & Wardwell LLP
           450 Lexington Avenue
           New York, New York 10017
           Telephone: (212) 450-4000
           Facsimile: (212) 450-3800
           arthur.burke@davispolk.com

AMERICAS 94036285

Jaime Bianchi, Esq.
White & Case LLP
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131-2352
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
jbianchi@whitecase.com

If to Plaintiffs:

Dianne M. Nast, Esq.
NastLaw LLC
1101 Market Street, Suite 2801
Philadelphia, Pennsylvania 19107
Telephone: (215) 923-9300
Facsimile: (215) 923-9302
dnast@nastlaw.com

Kenneth A. Wexler, Esq.
Wexler Wallace LLP
55 West Monroe, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
Facsimile: (312) 346-0022
kaw@wexlerwallace.com

13.15  Confidentiality/Non-Disparagement.  The Parties agree that any facts or
circumstances concerning this Action, the Claims, and the terms and conditions of this
Settlement Agreement shall be kept strictly confidential among the Parties and their counsel,
except as provided in paragraph 4, and are not to be revealed to any other person or entity,
except as may be necessary to comply with applicable law.  Subject to paragraph 4, no Party
will make any press release or other form of public announcement regarding the Settlement
other than what the Court orders in connection with class notice.  The Parties further agree
that they will keep confidential their dealings and opinions about each other with respect to
the Action and the settlement thereof, and that they will not make any disparaging statements
about the other with respect to the Action and the settlement thereof, or imply that any Party
prevailed over any other Party in connection with the claims which are the subject of this

32

Agreement.   The Parties reserve the right to speak publicly about the Settlement in the context of developments in the law, particularly with respect to arbitration clauses and class action bans, but Class Counsel shall refrain from speaking negatively about Comcast and will not otherwise address the merits of the litigation.  The Parties further agree this paragraph is an essential and material term of this Agreement and, without it, no settlement would have been reached.

13.16   <u>No Obligation to Third Parties</u>.  Except for the Parties to this Agreement and as otherwise provided herein, no person is intended to be a beneficiary of any provision of this Agreement and, accordingly, there shall be no third party beneficiaries of this Agreement.

13.17   <u>Default</u>.  If any Party defaults upon any provision of this Agreement, a Party shall have the right to enforce the Agreement in this Court, which shall retain jurisdiction to enforce this Agreement, and obtain from the defaulted Party all reasonable attorneys' fees, court costs, and litigation expenses, including but not limited to expert witness fees and expenses, to enforce the Agreement.

13.18   <u>Effective Date of Agreement</u>.   This Settlement Agreement shall be effective upon the signing of the Agreement by all of the persons whose signature is included on a signature page of this Agreement.

IN WITNESS WHEREOF, each Party hereto has approved and executed this Class Action Settlement Agreement and General Release on the date set forth below.

SIGNATURE PAGES FOLLOW ON THE NEXT PAGE

Signature Pages

**FOR PLAINTIFFS**

Plaintiffs James Deanne, William Gonzales,
John Martich, and Carrie D. Cooper
individually and as representatives of others
similarly situated

*All actions*

Dianne M. Nast, Esq.
Lead Counsel and Proposed Class Counsel for
the Settlement Class

Date: Feb 22 2018


s/_____
Kenneth A. Wexler, Esq.
Proposed Class Counsel for the Settlement
Class

Date: _____, 2018


s/_____
Stephen A. Corr, Esq.
Liaison Counsel and Proposed Class Counsel
for the Settlement Class

Date: _____, 2018

AMERICAS 94036285

**Signature Pages**

**<u>FOR PLAINTIFFS</u>**

Plaintiffs James Deanne, William Gonzales,
John Martich, and Carrie D. Cooper
individually and as representatives of others
similarly situated

*All actions*

s/_____
Dianne M. Nast, Esq.
Lead Counsel and Proposed Class Counsel for
the Settlement Class

Date: _____, 2018

s/ *Kenneth A. Wexler* /mcf/
*w/permission*
Kenneth A. Wexler, Esq.
Proposed Class Counsel for the Settlement
Class

Date: Feb 22, 2018

s/_____
Stephen A. Corr, Esq.
Liaison Counsel and Proposed Class Counsel
for the Settlement Class

Date: _____, 2018

34

**Signature Pages**

**FOR PLAINTIFFS**

Plaintiffs James Deanne, William Gonzales,
John Martich, and Carrie D. Cooper
individually and as representatives of others
similarly situated

*All actions*

s/_____
Dianne M. Nast, Esq.
Lead Counsel and Proposed Class Counsel for
the Settlement Class

Date: _____, 2018

s/_____
Kenneth A. Wexler, Esq.
Proposed Class Counsel for the Settlement
Class

Date: _____, 2018

s/ *Stephen A Corr /ecse*  *w/ permission*
Stephen A. Corr, Esq.
Liaison Counsel and Proposed Class Counsel
for the Settlement Class

Date: *Feb 22* 2018

34

**FOR PLAINTIFFS**

s/ _____
Michael L. Murphy, Esq.
Attorney in Fact for James Deanne

Date: _2/22_____, 2018




s/ _____
Leonard V. Fodera, Esq.
Attorney in Fact for William Gonzales


Date: _____, 2018




s/ _____
Kenneth A. Wexler, Esq.
Attorney in Fact for Carrie D. Cooper


Date: _____, 2018




s/ _____
Carl N. Frankovich, Esq.
Attorney in Fact for John Martich


Date: _____, 2018

35

FOR PLAINTIFFS

s/ _____
Michael L. Murphy, Esq.
Attorney in Fact for James Deanne

Date: _____, 2018

s/ _____
Leonard V. Fodera, Esq.
Attorney in Fact for William Gonzales

Date: 2/22 , 2018

s/ _____
Kenneth A. Wexler, Esq.
Attorney in Fact for Carrie D. Cooper

Date: _____, 2018

s/ _____
Carl N. Frankovich, Esq.
Attorney in Fact for John Martich

Date: _____, 2018

35

**FOR PLAINTIFFS**

s/ _____
Michael L. Murphy, Esq.
Attorney in Fact for James Deanne


Date: _____, 2018


s/ _____
Leonard V. Fodera, Esq.
Attorney in Fact for William Gonzales


Date: _____, 2018


s/ *Kenneth A Wexler / ___* *w/ permission*
Kenneth A. Wexler, Esq.
Attorney in Fact for Carrie D. Cooper


Date: *Feb 22*, 2018


s/ _____
Carl N. Frankovich, Esq.
Attorney in Fact for John Martich


Date: _____, 2018


35

**FOR PLAINTIFFS**

s/ _____

Michael L. Murphy, Esq.
Attorney in Fact for James Deanne


Date: _____, 2018




s/ _____

Leonard V. Fodera, Esq.
Attorney in Fact for William Gonzales


Date: _____, 2018




s/ _____

Kenneth A. Wexler, Esq.
Attorney in Fact for Carrie D. Cooper


Date: _____, 2018




s/ _Carl N. Frankovich_

Carl N. Frankovich, Esq.
Attorney in Fact for John Martich


Date: _2-22_, 2018


35

AMERICAS 94036285

s/ _Carl N. Frankovitch_

Carl N. Frankovitch, Esq.
Attorney in Fact for The State of West
Virginia, which, in consideration of the
premises and mutual promises, covenants, and
warranties contained in this Settlement
Agreement and other good and valuable
consideration, the receipt and sufficiency of
which the State of West Virginia
acknowledges, herein joins and agrees to be
bound by the terms of the Settlement Agreement
and General Release except as to the governing
law provision in paragraph 13.7 and the released
claims by West Virginia residents; however, the
State is releasing only its claim as parens patriae
of all residents of West Virginia who are Current
and Former Subscribers as defined herein

Date: 2-22 , 2018

**FOR DEFENDANTS**

Comcast Corporation                    s/ _____
*All actions*                          Name: David L. Marcus
                                       Position: It's Attorney

                                       Date: _____, 2018

Comcast Holdings Corporation           s/ _____
*All actions*                          Name: David L. Marcus
                                       Position: It's Attorney

                                       Date: _____, 2018

36

s/_____
Carl N. Frankovitch, Esq.
Attorney in Fact for The State of West Virginia, which, in consideration of the premises and mutual promises, covenants, and warranties contained in this Settlement Agreement and other good and valuable consideration, the receipt and sufficiency of which the State of West Virginia acknowledges, herein joins and agrees to be bound by the terms of the Settlement Agreement and General Release except as to the governing law provision in paragraph 13.7 and the released claims by West Virginia residents; however, the State is releasing only its claim as parens patriae of all residents of West Virginia who are Current and Former Subscribers as defined herein

Date: _____, 2018

**FOR DEFENDANTS**

Comcast Corporation
*All actions*

s/ *David L. Marcus*_____
Name: David L. Marcus
Position: Its Attorney

Date: February 22, 2018

Comcast Holdings Corporation
*All actions*

s/ *David L. Marcus*_____
Name: David L. Marcus
Position: Its Attorney

Date: February 22, 2018

36

Comcast Cable Communications, LLC
*All actions*

s/ *David L. Marcus*
Name: David L. Marcus
Position: SVP, DGC and Chief Litigation
Counsel

Date: February 22, 2018


Comcast Cable Communications Holdings,
Inc.
*All actions*

s/ *David L. Marcus*
Name: David L. Marcus
Position: SVP, DGC and Chief Litigation
Counsel

Date: February 22, 2018

37

## Exhibit A

**Comcast Set-Top Box Settlement**
**Claims Administrator**
**PO Box 6006**
**Portland, OR 97208-6006**

United States District Court for the
Eastern District of Pennsylvania

*In re: Comcast Corp. Set-Top Cable
Television Box Antitrust Litigation,
Case No. 2:09-md-02034-AB*

«Mail ID»

«Name»
«Address1»
«Address2»
«City, State Zip Code»

Print or type clearly, using only
CAPITAL LETTERS and in blue or black
ink. Do not use red ink. Do not staple.
Mail completed Claim Forms
postmarked by **MONTH DAY. YEAR,** or
file a Claim Form online at
www.SetTopBoxSettlement.com.

If you have any questions, please call
1-800-517-7479 or visit the Settlement
website at
www.SetTopBoxSettlement.com

## CLAIM FORM
### Comcast Set-Top Box Settlement

A settlement has been reached with Defendants Comcast Corporation, Comcast Holdings Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Holdings, Inc. (collectively "Comcast") regarding alleged antitrust violations and unfair trade practices related to the rental of "Set-Top Boxes" to customers who subscribe to Comcast's Premium Cable services. The definition of "Set-Top Box" and other defined terms used in this Claim Form are provided in the Legal Notice, available at www.SetTopBoxSettlement.com. The Settlement provides benefits to eligible current and former Comcast customers who file a Claim. The benefits of the Settlement may vary depending on the time period within which a Subscriber rented a Set-Top Box from Comcast. Comcast reserves the right to verify all representations made in Claim Forms through records of Comcast. Please review each benefit category listed in this Claim Form, complete the Claim Form, and return it to the mailing address below postmarked on or before **Month Day, Year.** You can also quickly and easily file your Claim Form online at www.SetTopBoxSettlement.com. The deadline to file a claim online is 11:59 p.m. PST on **Month Day, Year.**

Comcast Set-Top Box Settlement
Claims Administrator
PO Box 6006
Portland, OR 97208-6006

## PART 1: CLASS MEMBER INFORMATION

Last Name (or Business Name if Applicable)     MI     First Name

Mailing Address

City     State     Zip Code

Current Telephone Number     Email Address

**CLAIM FORMS MAY BE FILED ONLINE AT WWW.SETTOPBOXSETTLEMENT.COM**

## PART 2: SUBSCRIBER INFORMATION

Service Address (where you receive(d) Comcast service, if different from Mailing Address)

City                                                      State        Zip Code

Comcast Account Number (if you a Current Subscriber)

The Settlement Credits will be valid for 90 days after their issuance, after which they expire by their own terms. All Current Subscribers must be a customer in good standing in order to be eligible for Settlement Credits (*i.e.,* the account cannot be open to disconnection for non-payment).

## PART 3: BENEFITS Choose one of the following options, depending on the length of time you rented a Set-Top Box from Comcast. *Please select to receive a CASH PAYMENT if you are no longer a Comcast Subscriber with the ability to receive the in-kind benefits.*

| | |
|---|---|
| If you rented a Set-Top Box from 1 to 35 months (<u>0 to 3 years</u>), then you can select <u>one</u> of the following options: | ☐ a $10 check; <u>or</u><br><br>*Current Comcast Subscribers may elect to receive one of the below services (instead of the Cash Payment):*<br><br>☐ three (3) free months of Showtime (up to a maximum $30.00 value); <u>or</u><br><br>☐ five (5) movie or television show rentals or purchases (up to a maximum $29.95 value).<br><br>☐ <u>Plus</u>, if you rented more than one set-top box, one (1) additional movie or television show rental or purchase (up to a maximum $5.99 value). |
| If you rented a Set-Top Box from 36 to 59 months (<u>3 to 5 years</u>), then you can select <u>one</u> of the following options: | ☐ a $12.50 check; <u>or</u><br><br>*Current Comcast Subscribers may elect to receive one of the below services (instead of the Cash Payment):*<br><br>☐ three (3) months of Showtime (up to maximum $30.00 value) <u>and</u> (1) movie or television show rental or purchase (up to a maximum $5.99 value) (a combined up to maximum $35.99 value); <u>or</u><br>☐ six (6) movie or television show rentals or purchases (up to a maximum $35.94 value).<br><br>☐ <u>Plus</u>, if you rented more than one set-top box, two (2) additional movie or television show rentals or purchases (up to a maximum $11.98 value). |
| If you rented a Set-Top Box from 60 to 96 months (<u>5 to 8 years</u>), then you can select <u>one</u> of the following options: | ☐ a $15 check; <u>or</u><br><br>*Current Comcast Subscribers may elect to receive one of the below services (instead of the Cash Payment):*<br><br>☐ three (3) free months of Showtime (up to a maximum $30.00 value) <u>and</u> two (2) movie or television show rentals or purchases (up to a maximum $11.98 value) (a combined up to maximum $41.98 value) ; <u>or</u><br><br>☐ seven (7) movie or television show rentals or purchases (up to a maximum $37.97 value).<br><br>☐ <u>Plus</u>, if you rented more than one set top box, three (3) additional movie or television show rentals or purchases (up to a maximum $17.97 value). |

## CLAIM FORMS MAY BE FILED ONLINE AT WWW.SETTOPBOXSETTLEMENT.COM

**PART 4: CERTIFICATION** Print your name, sign and provide today's date below.

I declare, under penalty of perjury, that (1) I am a member of the class, (2) I was charged a rental fee for use of one or more Set-Top Box(es) supplied by Comcast during the class period for the amount of time claimed, and (3) the information provided in this Claim Form is true and correct.

I am enclosing a true and correct copy/copies of one of the following as proof of payment of the rental fee(s) referenced in Part 3:

☐     Cancelled check(s) reflecting payment; <u>or</u>

☐     Credit card or bank statement(s) reflecting payment; <u>or</u>

☐     Invoice from Comcast reflecting rental fee(s) for set-top boxes.

| | | |
|---|---|---|
| Print Name | Signature | MM DD YY |

**CLAIM FORMS MAY BE FILED ONLINE AT WWW.SETTOPBOXSETTLEMENT.COM**

AMERICAS 94035979

**Exhibit B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: COMCAST CORP. SET-TOP CABLE TELEVISION BOX ANTITRUST LITIGATION | )<br>)<br>)<br>)     CIVIL ACTION NO. 2:09-md-02034-AB |

## [PROPOSED] ORDER CERTIFYING A SETTLEMENT CLASS AND PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

Upon review and consideration of the Fourth Amended Class Action Settlement Agreement, dated [INSERT DATE] ("Settlement Agreement"), and Plaintiffs' Motion for Certification of a Settlement Class and Preliminary Approval of Class Action Settlement and supporting memorandum of law, this Court hereby FINDS and ORDERS as follows:

## I.   BACKGROUND

### A.   Plaintiffs' Claims

1.   Plaintiffs filed this case in early 2009 on behalf of themselves and a proposed class of persons who subscribed to Comcast's Premium Cable service and who were allegedly forced to rent a Set-Top Box distributed by Comcast to receive all of the benefits of Premium Cable service. A Set-Top Box connects to and is effectively an extension of a television set. Plaintiffs alleged that Comcast engaged in anti-competitive activity by tying the sale of Premium Cable to the rental of its Set-Top Boxes, and further alleged that this conduct resulted in inflated prices to class members.

2.   Comcast has denied Plaintiffs' allegations regarding liability, has denied Plaintiffs' and the Class's entitlement to damages or any other relief and has asserted numerous defenses. Comcast contends that its conduct was at all times lawful and caused no harm to competition, the public, the Plaintiffs, or the members of the Class.

3.     The Settlement proposed here was reached after arm's-length negotiations occurring over the course of several years, including multiple mediation sessions. Further, the Settlement was reached only after counsel litigated this case for more than four years by: (a) engaging in extensive investigation of the technology and the market for Premium Cable and Set-Top Boxes; (b) taking discovery regarding the scope of the arbitration clause employed by Comcast in its Subscriber Agreement; and (c) litigating numerous substantive and procedural matters before this Court, including Comcast's pending Motion to Compel Arbitration.

4.     The mediation sessions included presentations by the parties highlighting the strengths and weaknesses of their respective positions.

**B.     The Motion to Compel Arbitration**

5.     When the parties entered into the Settlement, a dispute existed as to whether Plaintiffs were required to arbitrate their claims under the arbitration clause contained in Comcast's Subscriber Agreement.  Comcast moved to compel individual arbitration of all claims, except as to the Plaintiffs residing in California, and those of class members who opted-out of Comcast's arbitration clause.  The motion is fully briefed.  During oral argument on that motion, the Court made clear that it would give serious consideration to the class action waiver issue, particularly in light of recent Supreme Court and other federal appellate court jurisprudence—*i.e.*, *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011) and *In re American Express Merchants' Litig.*, 634 F.3d 187 (2d Cir. 2011) ("*AmEx II*").  The Supreme Court ultimately decided this issue in *American Express Co. v. Italian Colors Restaurant*, 133 S. Ct. 2304 (2013) ("*Amex III*"), which was issued on June 20, 2013.

## II.   [PROPOSED] FINDINGS WITH RESPECT TO CLASS CERTIFICATION

6.      The Third Circuit has approved class certification for settlement purposes where the proposed class satisfies the four requirements of Federal Rule of Civil Procedure 23(a) and one of the elements of Federal Rule of Civil Procedure 23(b). *See Sullivan v. DB Invs., Inc.*, 667 F.3d 276, 296 (3d Cir. 2011) ("*De Beers*").  When confronted with a request for settlement only class certification, a court need not consider whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial. *Id.* at 322 n. 56.

### A.   Standards for Certification of a Settlement Class Under Fed. R. Civ. P. 23(a)

7.      Federal Rule of Civil Procedure 23(a) contains four threshold requirements – numerosity, commonality, typicality and adequacy. *Wal-Mart, Inc. v. Dukes*, 131 S. Ct. 2541, 2548 (2011); *De Beers*, 667 F.3d at 296; Fed. R. Civ. P. 23.  In determining whether the requirements of Federal Rule of Civil Procedure 23 have been met, the Court confines its inquiry to those aspects of the merits relevant to making the certification decision on an informed basis. *De Beers*, 667 F.3d at 305.

#### 1.   Numerosity

8.      Under Federal Rule of Civil Procedure 23(a)(1), Plaintiffs need only demonstrate that the proposed class is so numerous that joinder is impracticable; the rule does not require impossibility and does not require precise enumeration of the class size. *In re Processed Egg Prods. Antitrust Litig.*, 284 F.R.D. 249, 260 (E.D. Pa. 2012).  As the Third Circuit has observed, "[n]o minimum number of plaintiffs is required to maintain a suit as a class action, but generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Federal Rule of Civil Procedure 23(a) has been met." *Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d. Cir. 2001).

9.     Here, Comcast has represented that the Settlement Class exceeds 3.5 million, and consists of current and former Premium Cable subscribers: (1) located in California, Washington and West Virginia, and (2) who elected to opt out of Comcast's arbitration clause in 39 states and the District of Columbia.  Accordingly, this Court finds the numerosity requirement is satisfied.

### 2.     Commonality

10.     Federal Rule of Civil Procedure 23(a)(2)'s requirement that there be "questions of law or fact common to the class" is also met here.  "[Federal Rule of Civil Procedure] 23(a)(2)'s commonality element requires [merely] that the proposed class members share at least one question of fact or law in common with each other."  *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 527-28 (3d Cir. 2004) (affirming certification of settlement class).  This standard is typically met in an antitrust case alleging monopoly or other anticompetitive conduct.  *In re Linerboard Antitrust Litig.*, 203 F.R.D. 197, 205-06 (E.D. Pa. 2001) aff'd 305 F.3d 145 (3d Cir. 2002); 1 Herbert Newberg & Alba Conte, NEWBERG ON CLASS ACTIONS § 3:10 (4th ed. 2002) ("[i]n an antitrust action on behalf of purchasers who have bought the defendants' products at prices that have been maintained above competitive levels by unlawful conduct, the courts have held that the existence of an alleged conspiracy or monopoly is a common issue that will satisfy the [Federal Rule of Civil Procedure] 23(a)(2) prerequisite").

11.     Here, Plaintiffs allege that Comcast's conduct – tying of Premium Cable services to the rental of a Comcast Set-Top Box – was common as to all the class members and that all class members were harmed by that conduct by paying supracompetitive prices.  Accordingly, this Court finds the commonality requirement is satisfied.

### 3.   Typicality

12.   In the Third Circuit, "[i]f the claims of the named plaintiffs and putative class members involve the same conduct by the defendant, typicality is established." *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 183-84 (3d Cir. 2001). Typicality is established where the named plaintiffs allege that they and all putative class members have suffered economic damages arising from artificially inflated purchase prices as a result of the defendants' purported anticompetitive conduct. *See Processed Egg Prods.*, 284 F.R.D. at 261.

13.   Here, Plaintiffs allege that Comcast unlawfully tied the sale of its Premium Cable services to the rental of a Comcast Set-Top Box and that this activity substantially restricted competition in the market for the sale or rental of Set-Top Boxes, while allowing Comcast to reap supracompetitive profits from Plaintiffs and all class members, thereby injuring all Class members in the same manner. Accordingly, this Court finds the typicality requirement is satisfied.

### 4.   Adequacy of Representation

14.   The adequacy requirement under Federal Rule of Civil Procedure 23(a)(4) and (g) has two requirements: (1) "the interests of the named plaintiffs must be sufficiently aligned with those of the absentees," and (2) "class counsel must be qualified and must serve the interests of the entire class." *Georgine v. Amchem Prods., Inc.*, 83 F.3d 610, 630 (3d Cir. 1996).

### a.   Absence of Conflict

15.   Adequacy of representation and an absence of conflict are found where "[t]he named plaintiffs share a strong interest in establishing liability of defendant, seeking the same type of damages (compensation for overpayment) for the same type of injury (overpayment for

[the product at issue]).” *In re Warfarin Sodium Antitrust Litig.*, 212 F.R.D. 231, 251 (D. Del. 2002) (certifying settlement class).

16.     Here, the interests of the named Plaintiffs and the putative class members are aligned; there are no conflicts that would render the named Plaintiffs inadequate representatives of the class at large.  The representative Plaintiffs and all members of the proposed class have similar interests in establishing liability against Comcast for the same kind of alleged anticompetitive conduct and recovering, on behalf of each eligible claimant, damages resulting from that conduct.  By pursuing this litigation, each representative Plaintiff necessarily advances the common interests of all other class members.

### b.     Qualification of Counsel

17.     Courts must consider the following factors in appointing class counsel: the work counsel has done in identifying or investigating the potential claims in the action; counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; counsel's knowledge of the applicable law; and the resources that counsel will commit to representing the class.  Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).  In addition, courts may consider any other matters pertinent to whether proposed class counsel is able to adequately represent the interests of the class.  Fed. R. Civ. P. 23(g)(1)(B).

18.     Proposed Co-Lead Class Counsel Dianne M. Nast, Kenneth A. Wexler and Stephen A. Corr have extensive experience and expertise in antitrust, class action, and complex civil litigation, and have successfully prosecuted antitrust class actions and other similar cases in courts in this district and throughout the United States.

19.     Accordingly, this Court finds the adequacy of representation requirement is satisfied.

**B.**     **Requirements of Fed. R. Civ. P. 23(b)(3)**

20.     Federal Rule of Civil Procedure 23(b)(3) requires (1) that common questions of law or fact predominate over individual questions; and (2) that a class action is superior to other available methods of adjudication.

### 1.     Predominance

21.     The predominance inquiry tests whether the proposed class is sufficiently cohesive to warrant adjudication by representative plaintiffs. *In re Hydrogen Peroxide Antitrust Litig.,* 552 F.3d 305, 310-11 (3d Cir. 2008) (citing *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 623 (1997)). The predominance requirement is "parallel" to Federal Rule of Civil Procedure 23(a)(2)'s commonality prong, but requires a more rigorous analysis by the reviewing court. *De Beers,* 667 F.3d at 297. When taking a proposed settlement into consideration for purposes of determining class certification, individual issues which are normally present in litigation become irrelevant, allowing the common issues to predominate. *Id.* at 304, n.29.

22.     The predominance requirement is readily met in the settlement context in antitrust actions involving an alleged common course of anticompetitive conduct. *Amchem,* 521 U.S. at 625.

23.     Here, the Plaintiffs' allegations of an anticompetitive scheme to impair competition focuses on Comcast's conduct, which is alleged to have had common impact on all Class members. If an individual Plaintiff could prove that Comcast unlawfully tied the sale of its Premium Cable services to the rental of a Comcast Set-Top Box, that proof would be the same for any other person seeking to establish that fact. Likewise, if an individual Plaintiff could prove that this unlawful tying permitted Comcast to reap supracompetitive prices from its

Premium Cable subscribers, that proof of injury likewise would be the same for every other Premium Cable subscriber.

24.    Accordingly, this Court finds the predominance requirement is satisfied.

### 2.    Superiority

25.    The superiority requirement is satisfied here because a class action settlement will achieve economies for both the litigants and the Court, avoiding hundreds of thousands of individual adjudications that would have been a "potentially crushing strain on and inefficient application of judicial resources." *See Processed Egg Prods.,* 284 F.R.D. at 294.

26.    Accordingly, this Court finds the superiority requirement is satisfied.

27.    Accordingly, for all the foregoing reasons, the Court will certify the following Settlement Class under Federal Rule of Civil Procedure 23:

> All persons who:
>
> (i)     resided in and subscribed to Premium Cable in California, Washington, or West Virginia during the Class Period, or
>
> (ii)    subscribed to Premium Cable in any state in the United States during the Class Period and elected to opt out of Comcast's arbitration clause as reflected in Comcast's records;
>
> and paid Comcast a rental fee for a Set-Top Box at any time during the Class Period.
>
> Excluded from the Settlement Class are: (i) those persons who opt out of the Settlement Agreement as identified in paragraph 6 of the Settlement Agreement; (ii) all commercial account customers; (iii) Comcast officers, directors, or employees, any entity in which Comcast has a controlling interest, and the affiliates, legal representatives, attorneys, heirs, or assigns of Comcast; (iv) Class Counsel and Class Counsel's employees; and (v) Judge Anita B. Brody and members of her judicial staff of the United States District Court for the Eastern District of Pennsylvania, as well as any federal, state, or local governmental agency, and any judge,

justice, or judicial officer presiding over this matter and members
of their immediate families and judicial staffs.

This Court further appoints Plaintiffs James E. Deanne, William Gonzales, John

Martich, and Carrie D. Cooper as representatives of the Settlement Class and appoints the

following counsel as Co-Lead Class Counsel under Federal Rule of Civil Procedure

23(g):

>Dianne M. Nast, Esq.
>NastLaw LLC
>1101 Market Street, Suite 2801
>Philadelphia, Pennsylvania 19107
>
>Kenneth A. Wexler, Esq.
>Wexler Wallace LLP
>55 West Monroe Street, Suite 3300
>Chicago, Illinois 60602
>
>Stephen A. Corr, Esq.
>Stark & Stark
>777 Township Line Road
>Suite 120
>Yardley, Pennsylvania 19067

## III.   <u>FINDINGS WITH RESPECT TO PRELIMINARY APPROVAL OF THE PROPOSED CLASS ACTION SETTLEMENT</u>

28.   This Court has jurisdiction over this case, and each of the Settlement Class

members (as defined above) for all matters relating to this Action, the Settlement, including

without limitation, all matters relating to the administration, interpretation, effectuation and/or

enforcement of the Settlement and this Order.

29.   The law favors settlement, particularly in class actions and other complex cases

where judicial resources can be conserved by avoiding formal litigation. *Ehrheart v. Verizon*

*Wireless*, 609 F.3d 590, 594-95 (3d Cir. 2010) (recognizing the "strong presumption in favor of

voluntary settlement agreements" and noting that it is "especially strong" in the context of class

action cases).

30.     Review of a proposed class action settlement is a two-step process: the first involves preliminary approval of the settlement and the successive procedural steps (such as notice, the claim form, and the schedule for a final fairness hearing), and the second involves final approval after a fairness hearing. *See Gates v. Rohm & Haas Co.*, 248 F.R.D. 434, 438 (E.D. Pa. 2008); *Curiale v. Lenox Group, Inc.*, Civ. A. 07-1432, 2008 WL 4899474, at *4 (E.D. Pa. Nov. 14, 2008).  After notice to the class and an opportunity for class members to object to the proposed settlement or otherwise be heard, the court will determine whether the settlement is fair, reasonable and adequate and whether the settlement should be finally approved under Fed. R. Civ. P. 23(e).

31.     At the preliminary approval stage, a court makes a preliminary evaluation as to whether the proposed settlement is within the range of possible approval and free of obvious deficiencies or reasons to doubt its fairness. *Mehling v. New York Life Ins. Co.*, 246 F.R.D. 467, 472 (E.D. Pa. 2007); *Curiale,* 2008 WL 4899474, at *4.  If a settlement falls within the range of possible approval, notice should be given to class members to allow them the opportunity to review and comment on the proposed settlement. *Samuel v. Equicredit Corp.*, No. Civ. A. 00-6196, 2002 WL 970396, at *1 n.1 (E.D. Pa. May 6, 2002).

32.     Accordingly, in considering whether to grant preliminary approval, the Court is not required to make a final determination of the adequacy of the settlement or to delve extensively into its merits. *In re Auto. Refinishing Paint Antitrust Litig.*, MDL 1426, 2004 U.S. Dist. LEXIS 29163, at **3-4 (E.D. Pa. May 10, 2004) (distinguishing between preliminary approval and final approval).  Nor will any class member's substantive rights be prejudiced by preliminary approval, since preliminary approval is solely to obtain authority for notifying the

class of the terms of the settlement and to set the stage for the final approval of the settlement. *Id.*

33.     In deciding preliminary approval, the Court considers whether: (1) the settlement negotiations occurred at arm's length, (2) there was sufficient discovery, and (3) the proponents of the settlement are experienced in similar litigation. *Gates*, 248 F.R.D. at 439; *In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 631, 638 (E.D. Pa. 2003); *Curiale*, 2008 WL 4899474, at *9.

### A.     Settlement Negotiations

34.     Whether a settlement arises from arm's-length negotiations is often the central focus of the analysis on a motion for preliminary approval. *Mehling*, 246 F.R.D. at 472; *Curiale*, 2008 WL 4899474, at *4.

35.     Here, the proposed Settlement was reached only after extensive negotiations guided by an independent and experienced mediator.  This factor thus supports preliminary approval.

### B.     Discovery

36.     This MDL has been pending for approximately eight years, and the parties have engaged in sufficient discovery to support this Settlement.  In addition to discovery regarding Comcast's Arbitration Clause, Class Counsel engaged in extensive factual investigation of the relevant technology and other matters relevant to Plaintiffs' claims during the mediation and settlement process.  Plaintiffs also discovered additional information about technology issues and their antitrust tying allegations that has informed them of the substantial risks of continued litigation.

### C.     Recommendation of Class Counsel

37.     In approving class action settlements, courts have repeatedly and explicitly deferred to the recommendations of the experienced counsel who have negotiated the settlement at arms-length and in good faith. *See, e.g., Lake v. First Nationwide Bank*, 156 F.R.D. 615, 628 (E.D. Pa. 1994); *Hanrahan v. Britt*, 174 F.R.D. 356, 366 (E.D. Pa. 1997) ("A presumption of correctness is said to attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery.") (citation, internal quotation omitted).

38.     Here, Class Counsel, who are experienced in the prosecution, evaluation and settlement of antitrust litigation, strongly recommend the proposed Settlement as falling within the range of reasonableness.

39.     The Settlement provides substantial benefits for class members, up to $15,500,000.00 in the aggregate, including: cash payments to eligible claimants of up to $15.00 per claimant or, for current subscribers with continued access to Comcast's services, up to $59.95 per claimant in credits redeemable for Comcast Premium Cable services; and

40.     Accordingly, for the foregoing reasons and upon consideration of the record and the Settlement Documents, the Court finds that the proposed Settlement was arrived at by arm's-length negotiations by highly experienced counsel after approximately five years of litigation and investigation, falls within the range of possible approvable settlements, and is hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below.

## IV.     FINDINGS WITH RESPECT TO THE FORM AND MANNER OF NOTICE AND THE FINAL SETTLEMENT SCHEDULE AND FAIRNESS HEARING

41.     "[T]o satisfy due process, notice to class members must be reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *In re Ikon Office Solutions, Inc., Sec. Litig.*, 194

F.R.D. 166, 174 (E.D. Pa. 2000) (citations, internal quotations omitted). *See also Mehling*, 246 F.R.D. at 477 (approving proposed notice for settlement class when notice "adequately informs potential class members in clear, understandable language."). Individual notice should be provided to all members who can be identified through reasonable efforts. *In re Corel Corp. Inc. Sec. Litig.*, 293 F. Supp. 2d 484, 491 (E.D. Pa. 2003).

42.     The Court finds that the proposed forms of notice to the Class of the proposed Settlement and methods of dissemination—individual notice; publication of notice in national publications, such as *Parade*, *People*, *Better Homes & Gardens*, *National Geographic*, *Sports Illustrated*, and *Reader's Digest*; and notice via the Settlement Website, www.SetTopBoxSettlement.com—satisfy the requirements of Federal Rule of Civil Procedure 23(c) and due process, are otherwise fair and reasonable, and therefore are approved.

43.     Defendant Comcast shall cause the Settlement Notices, in substantially the forms attached to Plaintiffs' Memorandum in Support of Motion for Certification of a Settlement Class and Preliminary Approval of Settlement, to be:

    a.     disseminated within 120 days following the entry of this Order via inclusion with the monthly bills of current Comcast subscribers;

    b.     posted on the website www.SetTopBoxSettlement.com within 30 days following the entry of this Order; and

    c.     published in *Parade, People, Better Homes & Gardens, National Geographic, Sport's Illustrated, and Reader's Digest* within 120 days after entry of this Order.

44.     The Court hereby appoints Epiq Systems, Inc. ("Epiq") as Claims Administrator to assist in disseminating the Notice to the Class. All expenses incurred by Epiq must be

reasonable, are subject to Court approval, and shall be paid by Comcast, as described in the Settlement Agreement.

45.     The Claims Administrator must establish a post office box where class members can send requests for exclusion or other correspondence relating to the Notice.

46.     All briefs and materials in support of the final approval of the Settlement and Class Counsel's application for an award of attorney fees, costs and expenses and payments to the named Plaintiffs for their efforts on behalf of the Class and the entry of final judgment proposed by the parties to the Settlement Agreement, shall be filed with the Court no later than 150 days from the entry of this Order.

47.     As part of the Settlement Notice, potential class members shall be afforded the opportunity to opt-out of the class. A potential class member wishing to exclude himself/herself from the class must send a written request for exclusion ("Opt-Out Request") to the Claims Administrator and to Class Counsel within 180 days after entry of this Order (the "Opt-Out Deadline").

48.     No later than 21 days after the Opt-Out Deadline, Class Counsel shall report to the Court on the number of Class members who have excluded themselves.

49.     Class members who wish to (a) object to the proposed Settlement and/or (b) appear in person at the Fairness Hearing must first send an Objection that: (i) contains the full name and current address of the person objecting; (ii) contains the title of the Action: *In re: Comcast Corp. Set-Top Cable Television Box Antitrust Litigation*, Case No. 2:09-md-02034-AB (E.D. Pa.); (iii) states the reasons for the objection; (iv) is accompanied by any evidence, briefs, motions, or other materials the objector intends to offer in support of the objection; (v) is signed by the objector; and (vi) is filed with the Court and served upon Class Counsel and counsel for

Comcast within 180 days after entry of this Order. The Objection and any Notice of Intent to Appear at the Final Fairness Hearing shall be sent via first class mail, postage prepaid, to the Clerk of Court, United States District Court for the Eastern District of Pennsylvania, United States Courthouse, 601 Market Street, Room 2609, Philadelphia, PA 19106-7704, with copies to the following counsel:

> *On behalf of Plaintiffs and the Class*:
>
> > Dianne M. Nast, Esq.
> > NastLaw LLC
> > 1101 Market Street, Suite 2801
> > Philadelphia, Pennsylvania 19107
>
> *On behalf of Comcast*:
>
> > Jaime Bianchi, Esq.
> > White & Case LLP
> > 200 South Biscayne Blvd, Suite 4900
> > Miami, Florida 33131

To be valid, any such Objection and/or Notice of Intent to Appear and accompanying summary statement must be postmarked no later than 180 days after entry of this Order. Except as herein provided, no person or entity shall be entitled to contest the terms of the proposed Settlement. Persons or entities that do not file an Objection and/or Notice of Intent to Appear and summary statement as provided above shall be deemed to have waived any objections by appeal, collateral attack or otherwise and will not be heard at the Fairness Hearing.

50. All responses to Objections must be filed with the Court no fewer than ten days before the Final Fairness Hearing.

51. A hearing on final approval (the "Final Fairness Hearing") shall be held on _____, 2018, at ___:___ ___.m (Eastern time), in courtroom _____, at the United States District Court for the Eastern District of Pennsylvania. At the

Fairness Hearing, the Court will consider, *inter alia*: (a) the fairness, reasonableness, and adequacy of the Settlement and whether it should be finally approved; (b) whether the Court should approve an award of Class Counsel's fees and the reimbursement of expenses to counsel for the class, and in what amounts; (c) whether payments should be made to the named Plaintiffs for their efforts on behalf of the class, and in what amounts; and (d) whether entry of a final judgment terminating this litigation should be entered.

52.    All persons and/or entities seeking to receive the Settlement benefits must submit to the Claims Administrator a Claim Form, in the form accompanying Plaintiffs' Memorandum in Support of Motion for Certification of a Settlement Class and Preliminary Approval of Settlement, postmarked no later than ten (10) days prior to the Final Fairness Hearing. Submission of a Claim Form shall be the only valid method of making a claim to share in the Settlement, and all claimants must comply with the instructions accompanying the Claim Form.

53.    All proceedings in this action are hereby stayed until such time as the Court renders a final decision regarding the approval of the Settlement and, if it approves the Settlement, enters final judgment and dismisses this action with prejudice.

54.    In the event that the Settlement does not become final, then, subject to approval of the Court, litigation of this case will resume in a reasonable manner to be approved by the Court upon joint application by the parties hereto.

55.    In the event the Settlement Agreement and the Settlement are terminated in accordance with the applicable provisions of the Settlement Agreement, the Settlement Agreement, the Settlement, and all related proceedings shall, except as expressly provided to the contrary in the Settlement Agreement, become null and void, shall have no further force and effect, and Plaintiffs shall retain full rights to assert any and all causes of action against Comcast

and any other released party, and Comcast and any other released parties shall retain any and all defenses and counterclaims hereto.   These actions shall hereupon revert forthwith to their respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed.

56.    Nothing in this Order, the Settlement Agreement, any other settlement-related document, anything contained herein or therein or contemplated hereby or thereby, or any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other Settlement-related document, shall constitute, be construed as, or be deemed evidence of or an admission or concession by Comcast as to the validity of any claim that has been or could have been asserted against Comcast or as to any liability by Comcast as to any matter set forth in this Order.

BY THE COURT:


_____

ANITA B. BRODY, J.

## Exhibit C

### (Text only – Formatting to be done by Epiq)

<u>Legal Notice</u>

**If you subscribe to Premium Cable and pay a
rental fee for a Set-Top Box, you could receive
benefits from a Class Action Settlement.**

*Si desea recibir esta notificación en español,
llámenos o visite nuestra página web.*

A settlement has been reached with Defendants Comcast Corporation, Comcast Holdings Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Holdings, Inc. (collectively "Comcast") in an action alleging antitrust violations and unfair trade practices related to the rental of "Set-Top Boxes" to Comcast's Premium Cable subscribers. The Settlement provides benefits to eligible current and former Comcast customers who file a Claim Form. All allegations in the lawsuit can be found in the Fourth Amended Consolidated Class Action Complaint, available on the Settlement website. Comcast denies the claims and allegations and says it did nothing wrong.

**Who is included? Comcast has determined that you may be a member of the Settlement Class.**
The Settlement Class includes all persons who, or entities which: (a) reside within the states of California, Washington, or West Virginia or have opted out of Comcast's arbitration clause as recorded within the arbitration clause opt-out list kept at Comcast's offices; and (b) have paid Comcast a rental fee for a Set-Top Box. Among those excluded from the Settlement Class are Judge Anita B. Brody and members of her judicial staff of the United States District Court for the Eastern District of Pennsylvania, as well as any federal, state, or local governmental agency, and any judge, justice, or judicial officer presiding over this matter and members of their immediate families and judicial staffs. For a full list of individuals or entities who are excluded from the Settlement, visit www.SetTopBoxSettlement.com.

**What does the Settlement provide?**
Subscribers who are Settlement Class Members and submit a valid Claim Form can receive between $10.00 and $15.00 payable by check. In lieu of that cash payment, Current Subscribers who are Settlement Class Members and submit a valid Claim Form have the option of receiving credits redeemable for a variety of Comcast services. Benefit options may vary depending on the period of time you rented a Set-Top Box and how many Set-Top Boxes you rented. Details regarding the Settlement benefits are in the Detailed Notice and the Settlement Agreement, available at www.SetTopBoxSettlement.com. To receive cash payment or Settlement Credits, you must submit a Claim Form. You can submit your claim online at www.SetTopBoxSettlement.com or request a paper Claim Form by calling 1-800-517-7479. The claim deadline is **Month Day, 2018**.

**Your other options.**
If you do not want to be legally bound by the Settlement, you must exclude yourself by **Month Day, 2018**. You may object to the Settlement by **Month Day, 2018**. The Detailed Notice

explains how to exclude yourself or object. The Court will hold a hearing on **Month Day, 2018**, to consider whether to approve the Settlement and a request for attorneys' fees, costs, and expenses up to $1.1 million and incentive awards to the three named Plaintiffs, not to exceed $1,000 each. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to. For more information, call or visit the website.

AMERICAS 94036351

**Exhibit D**

A Settlement Notice in a form substantially similar to the notice that appears on the following page shall be published in the following periodicals as follows:

- 2/5 page insert in Parade
- 1/3 page in People
- 1/3 page in Better Homes & Gardens
- 1/2 page in National Geographic
- 1/3 page in Sports Illustrated
- Full page in Reader's Digest

LEGAL NOTICE

# If you subscribed to Premium Cable and paid a rental fee for a Set-Top Box, you could receive benefits from a Class Action Settlement.

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web.*

A settlement has been reached with Defendants Comcast Corporation, Comcast Holdings Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Holdings, Inc. (collectively "Comcast") about alleged antitrust violations and unfair trade practices related to the rental of "Set-Top Boxes" to Comcast's Premium Cable subscribers. The Settlement provides benefits to former and current Comcast customers who file a valid Claim Form.

The United States District Court for the Eastern District of Pennsylvania will hold a hearing to decide whether to give final approval to the Settlement, so that the benefits can be issued. Those included subscribers have legal rights and options, such as submitting a claim for benefits or excluding themselves from or objecting to the Settlement. More information is in the Detailed Notice, which is available at www.SetTopBoxSettlement.com.

## WHAT IS THIS ABOUT?

The lawsuit claims that Comcast engaged in various anti-competitive activities and unfair trade practices related to the rental of Set-Top Boxes to Comcast's Premium Cable subscribers. The claims asserted in the lawsuit can be found in the Fourth Amended Consolidated Class Action Complaint, available at www.SetTopBoxSettlement.com. Comcast denies all of the claims and allegations in the lawsuit and says it did nothing wrong.

## WHO IS INCLUDED?

The Court decided that the Class includes all persons who, or entities which: (a) reside within the states of California, Washington, or West Virginia or have opted out of Comcast's arbitration clause as recorded within the arbitration clause opt-out list kept at Comcast's offices; and (b) paid Comcast a rental fee for a Set-Top Box from the start of the Class Period to the Effective Date.

## WHAT DOES THE SETTLEMENT PROVIDE?

Subscribers who are Settlement Class Members and submit a valid Claim Form can receive between $10.00 and $15.00 payable by check. In lieu of that cash payment, Current Subscribers who are Settlement Class Members and submit a Claim Form have the option of receiving credits redeemable for a variety of Comcast services. Benefit options may vary depending on the period of time you rented a Set-Top Box and how many Set-Top Boxes you rented. Details on all of the Settlement benefits are included in the Detailed Notice and the Settlement Agreement, which are available at www.SetTopBoxSettlement.com.

## HOW DO YOU ASK FOR BENEFITS?

To get a payment you must submit a Claim Form. You can quickly and easily submit your claim online at www.SetTopBoxSettlement.com. You can also request a paper Claim Form be sent to you by calling 1-800-517-7479. The claim deadline is **Month Day, 2018**.

## YOUR OTHER OPTIONS.

If you do not want to be legally bound by the Settlement, you must exclude yourself by **Month Day, 2018**. If you stay in the Settlement, you may object to it by **Month Day, 2018**. The Detailed Notice explains how to exclude yourself or object. The Court will hold a hearing in the case on **Month Day, 2018**, to consider whether to approve the Settlement,

and a request by Settlement Class Counsel for attorneys' fees, costs, and expenses of up to $1.1 million and incentive awards, which will not exceed $1,000, to the four named Plaintiffs for their services on behalf of the Settlement Class. Members of the Settlement Class will not be responsible for the fees and expenses of Class Counsel, and the payment of attorneys' fees and expenses will not reduce the benefits to the Settlement Class.  You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to.  For more information, call or go to the website shown below.

| www.SetTopBoxSettlement.com | 1-800-517-7479 |

Exhibit E

<u>United States District Court for the Eastern District of Pennsylvania</u>

# If you subscribed to Premium Cable and paid a rental fee for a Set-Top Box, you could receive benefits from a Class Action Settlement.

*A federal court directed this Notice.  This is not a solicitation from a lawyer.*

- A settlement has been reached with Defendants Comcast Corporation, Comcast Holdings Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Holdings, Inc. (collectively "Comcast") about alleged unfair trade practices related to the rental of "Set-Top Boxes" to customers who subscribe to Comcast's Premium Cable services.

- The Settlement offers a cash benefit and/or credits to current Comcast customers who reside in the states of California, Washington, or West Virginia or who opted-out of Comcast's arbitration clause as recorded within the arbitration clause opt-out list kept at Comcast's offices, depending on the period of time each customer rented a Set-Top Box from Comcast and how many Set-Top Boxes each customer rented.

- Your legal rights are affected whether you act or do not act.  Read this Notice carefully.

| Your Legal Rights And Options In This Settlement | |
|---|---|
| **Submit a Claim Form by [CLAIMS DEADLINE]** | Submit a Claim Form seeking cash payment and/or other benefits. |
| **Exclude Yourself** | Request to be excluded and get no benefits from the Settlement.  This is the only option that allows you to start or continue a lawsuit against Comcast about the rental of Set-Top Box devices. |
| **Object** | Write to the Court about why you do not like the Settlement. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the Settlement. |
| **Do Nothing** | Get no benefits.  Give up your rights to sue Comcast for legal claims regarding the rental of Set-Top Box devices. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.  If it does, and after any appeals are resolved, benefits will be distributed to those who file a valid and timely Claim Form.

**Questions?  Call 1-800-517-7479 or visit www.SetTopBoxSettlement.com**
*Si desea recibir esta notificación en español, llámenos o visite nuestra página web.*

**BASIC INFORMATION** ...................................................................................................... **PAGE 3**

    1.  Why is this Notice being provided?
    2.  What is this lawsuit about?
    3.  Why is this a class action?
    4.  Why is there a Settlement?

**WHO IS IN THE SETTLEMENT** ........................................................................................... **PAGE 4**

    5.  How do I know if I am part of the Settlement?
    6.  How do I know if I have a Set-Top Box?
    7.  Are there exceptions to being included?
    8.  What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY** ...................................... **PAGE 5**

    9.  What are the benefits of the Settlement?

**HOW TO GET A PAYMENT OR OTHER BENEFITS** .............................................................. **PAGE 6**

    10.  What do I need to do to participate in the Settlement?
    11.  How and when will the Claims Administrator process claims for benefits?
    12.  What am I giving up to get a payment?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ............................................................. **PAGE 7**

    13.  If I exclude myself, can I get anything from this Settlement?
    14.  If I do not exclude myself, can I sue later?
    15.  How do I get out of the Settlement?

**THE LAWYERS REPRESENTING YOU** ............................................................................... **PAGE 8**

    16.  Do I have a lawyer in the case?
    17.  How will the administrative costs and attorneys' fees be paid?

**OBJECTING TO THE SETTLEMENT** ................................................................................... **PAGE 8**

    18.  How do I tell the Court if I do not like the Settlement?
    19.  What is the difference between objecting and asking to be excluded?

**THE COURT'S FAIRNESS HEARING** ................................................................................. **PAGE 9**

    20.  When and where will the Court decide whether to approve the Settlement?
    21.  Do I have to come to the hearing?
    22.  What happens if I do nothing at all?

**GETTING MORE INFORMATION** ....................................................................................... **PAGE 10**

    24.  How do I get more information?

**Questions?  Call 1-800-517-7479 or visit www.SetTopBoxSettlement.com**

AMERICAS 94036274 (2K)

## BASIC INFORMATION

### 1. Why is this Notice being provided?

A Court authorized this Notice because you have a right to know about a proposed settlement of this class action lawsuit and about all of your options before the Court decides whether to give "final approval" to the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who may be eligible for those benefits, and how to get them.

Judge Anita B. Brody of the United States District Court for the Eastern District of Pennsylvania is overseeing this class action. The Settlement resolves the cases transferred to the multi-district litigation known as *In re: Comcast Corp. Set-Top Cable Television Box Antitrust Litigation,* Case No. 2:09-md-02034-AB.

The persons who sue are called "Plaintiffs," and the companies being sued, Comcast Corporation, Comcast Holdings Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Holdings, Inc., are called collectively "Comcast."

### 2. What is this lawsuit about?

The lawsuit claims that Comcast dominates the market for Premium Cable in the areas in which it operates and abuses its power by requiring consumers, as a condition of purchasing its Premium Cable services, to use and to rent the Set-Top Boxes that it distributes.  The lawsuit further claims that by tying the sale of Premium Cable to the rental of its Set-Top Boxes, Comcast has substantially restricted competition in the market for the rental of Set-Top Boxes, enabling Comcast to reap supra-competitive profits from Class members and producing significant adverse effects on interstate commerce.

Plaintiffs' Fourth Amended Consolidated Class Action Complaint includes all of Plaintiffs' allegations in the lawsuit and is available on the Settlement website.

Comcast denies the claims and allegations in this lawsuit.

### 3. Why is this a class action?

In a class action, one or more people called "Plaintiffs" (James E. Deanne, William Gonzales, John Martich, and Carrie D. Cooper) sue on behalf of people who have similar claims.  All of these people are members of the Settlement Class.  One court resolves the issues for all members of the Settlement Class, except for those who exclude themselves from the Settlement through the process described below.

### 4. Why is there a Settlement?

The Court did not decide in favor of Plaintiffs or Comcast.  Instead, both sides agreed to settle this case to avoid the cost and risk of a trial. The Settlement does not mean that any law was broken or that Comcast did anything wrong. Comcast denies all legal claims in this case. Plaintiffs and their lawyers think the Settlement is best for all members of the Settlement Class.

**Questions?  Call 1-800-517-7479 or visit www.SetTopBoxSettlement.com**

3

AMERICAS 94036274 (2K)

## WHO IS IN THE SETTLEMENT

To see if you will be affected by the Settlement or if you can get a payment from it, you first have to determine if you are a member of the Settlement Class.

### 5. How do I know if I am part of the Settlement?

The Court decided that the Settlement Class includes all persons who:

> (i)     resided in and subscribed to Premium Cable in California, Washington, or West Virginia during the Class Period, or
>
> (ii)     subscribed to Premium Cable in any state in the United States during the Class Period and elected to opt out of Comcast's arbitration clause as reflected in Comcast's records;

and paid Comcast a rental fee for a Set-Top Box at any time during the Class Period.

The Class Period is from January 1, 2005 to Month Day, 2018.

### 6. What is a Set-Top Box?

A Set-Top Box is a device that:

- Allows a subscriber of cable television service to tune the television to different cable television programming; and contains a method of encrypting cable television programming that prevents unauthorized viewing; or

- Converts digital cable television programming into analog so that it may be viewed on certain televisions.

### 7. Are there exceptions to being included?

Yes. The following are not included in the Settlement: those persons who opt out of the Settlement (*see* "Excluding Yourself from the Settlement" below); commercial account subscribers; Comcast officers, directors, or employees, any entity in which Comcast has a controlling interest, and the affiliates, legal representatives, attorneys, heirs, or assigns of Comcast; Class Counsel and Class Counsel's employees; and Judge Anita B. Brody and members of her judicial staff of the United States District Court for the Eastern District of Pennsylvania, as well as any federal, state, or local governmental agency, and any judge, justice, or judicial officer presiding over this matter and members of their immediate families and judicial staffs.

### 8. What if I am not sure whether I am included in the Settlement?

If you are not sure whether you are in the Settlement Class, or have any other questions about the Settlement, visit the Settlement website at www.SetTopBoxSettlement.com or call the toll free number, 1-800-517-7479.

**Questions?  Call 1-800-517-7479 or visit www.SetTopBoxSettlement.com**

4

AMERICAS 94036274 (2K)

You may also write with questions to Comcast Set-Top Box Settlement, PO Box 6006, Portland, OR, 97228-6006 or send an e-mail to [enter email address].

## THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

If the Settlement is approved and becomes final, it will provide benefits to qualified members of the Settlement Class not to exceed $15.5 million. The $15.5 million is not part of any fund. If more than $15.5 million worth of claims is submitted by eligible claimants, the benefits will be distributed on a pro rata basis. If less than $15.5 million worth of claims is submitted by eligible claimants, Comcast is entitled to retain the balance.

Subscribers who are Settlement Class Members and submit a valid Claim Form can receive between $10.00 and $15.00 payable by check. In lieu of that cash payment, Current Subscribers who are Settlement Class Members and submit a valid Claim Form have the option of receiving credits redeemable for a variety of Comcast services. Benefit options may vary depending on the period of time you rented a Set-Top Box and how many Set-Top Boxes you rented. Please review each benefit category listed below.

**9. What are the benefits of the Settlement?**

Subscribers who are Settlement Class Members and submit a valid Claim Form will be entitled to cash or Settlement Credits as provided below:

<u>Cash Payment</u>: Settlement Class Members shall be entitled, upon submission of a valid Claim Form, to a cash payment in accordance with the length of time they rented a Set-Top Box from Comcast, regardless of the number of Set-Top Boxes they rented, as follows:

- If the Claimant rented at least one Set-Top Box from 1 to 35 months (0 to 3 years), the Claimant is entitled to ten U.S. dollars and no cents ($10.00) payable by check.

- If the Claimant rented at least one Set-Top Box from 36 to 59 months (3 to 5 years), the Claimant is entitled to twelve U.S. dollars and fifty cents ($12.50) payable by check.

- If the Claimant rented at least one Set-Top Box for 60 or more months (more than 5 years), the Claimant is entitled to fifteen U.S. dollars and no cents ($15.00) payable by check.

<u>Settlement Credits</u>: In lieu of the Cash Payment set forth above, Settlement Class Members who are Current Subscribers, upon submission of a valid Claim Form, may elect to receive in-kind relief, in accordance with the length of time they rented a Set-Top Box from Comcast, as follows:

- If the Claimant rented at least one Set-Top Box from 1 to 35 months (0 to 3 years), the Claimant is entitled to select one of the following options:

  (a) three (3) free months of Showtime (up to a maximum $30.00 value); or

  (b) five (5) movie or television show rentals or purchases (up to a maximum $29.95 value).

  <u>Plus</u>, if the Claimant rented more than one Set-Top Box, one (1) additional movie or television show rental or purchase (up to a maximum $5.99 value).

**Questions?  Call 1-800-517-7479 or visit www.SetTopBoxSettlement.com**

5

AMERICAS 94036274 (2K)

- If the Claimant rented at least one Set-Top Box from 36 to 59 months (3 to 5 years), the Claimant is entitled to select one of the following options:

    (a) three (3) free months of Showtime (up to a maximum $30.00 value) and one (1) movie or television show rental or purchase (up to a maximum $5.99 value) (a combined up to maximum $35.99 value); or

    (b) six (6) movie or television show rentals or purchases (up to a maximum $35.94 value).

    Plus, if the Claimant rented more than one Set-Top Box, two (2) additional movie or television show rentals or purchases (up to a maximum $11.98 value).

- If the Claimant rented at least one Set-Top Box for 60 or more months (more than 5 years), the Claimant is entitled to select one of the following options:

    (a) three (3) free months of Showtime (up to a maximum $30.00 value) and two (2) movie or television show rentals or purchases (up to a maximum $11.98 value) (a combined up to maximum $41.98 value) ; or

    (b) seven (7) movie or television show rentals or purchases (up to a maximum $37.97 value).

Plus, if the Claimant rented more than one Set-Top Box, three (3) additional movie or television show rentals or purchases (up to a maximum $17.97 value).

Your rental period is determined by your Set-Top Box rental from **January 1, 2005** to **Month, Day 2018**. The Settlement Credits will be valid for ninety (90) days after their issuance, after which they expire by their own terms. All Current Subscribers must be a customer in good standing in order to be eligible for Settlement Credits (i.e., the account cannot be open to disconnection for non-payment).

## HOW TO GET A PAYMENT OR OTHER BENEFITS

**10.  What do I need to do to participate in the Settlement?**

If you qualify for the benefits described above you must complete and submit a Claim Form including all required information. You can quickly and easily file your Claim Form online at www.SetTopBoxSettlement.com. The deadline to file a Claim online is 11:59 p.m. PST on **Month Day, 2018**. You also can request one be sent to you by calling 1-800-517-7479 or by writing to Comcast Set-Top Box Settlement, PO Box 6006, Portland, OR 97228-6006. Claim Forms submitted by mail must be postmarked on or before **Month Day, 2018**.

Please read all instructions carefully and fill out the Claim Form completely.

**11.  How and when will the Claims Administrator process claims for benefits?**

Eligible Class Members who submit a valid and timely Claim Form will receive their benefits after the Court grants "final approval" of the Settlement and after any appeals are resolved (*see* the section "The Court's Fairness Hearing" below). It is uncertain when any appeals made will be resolved, and resolving them can take time. Please be patient.

**Questions?  Call 1-800-517-7479 or visit www.SetTopBoxSettlement.com**

AMERICAS 94036274 (2K)

## 12. What am I giving up to get a payment?

If the Settlement becomes final, members of the Settlement Class who submit a Claim Form or do nothing at all will be releasing Comcast from all of the Released Claims described and identified in Section 10 of the Settlement Agreement. This means you will no longer be able to sue Comcast regarding any of the claims described in the Settlement Agreement.

The Settlement Agreement is available at www.SetTopBoxSettlement.com. The Settlement Agreement provides more detail regarding the release and describes the released claims with specific descriptions in necessary, accurate, legal terminology, so read it carefully. You can talk to the law firms representing the Settlement Class listed in the section "The Lawyers Representing You" for free or you can, at your own expense, talk to your own lawyer if you have any questions about the released claims or what they mean.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to participate in this proposed Settlement and you want to keep the right to sue Comcast about the legal issues in this case, then you must take steps to get out of the Settlement. This is called asking to be excluded from, or sometimes called "opting out" of, the Settlement Class.

## 13. If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, you may not apply for any benefits under the Settlement and you cannot object to the proposed Settlement. If you ask to be excluded, however, you may sue or be part of a different lawsuit against Comcast in the future. You will not be bound by anything that happens in this class action Settlement.

## 14. If I do not exclude myself, can I sue later?

Unless you exclude yourself, you give up the right to sue Comcast for all of the claims that the Settlement resolves. You must exclude yourself from this Settlement Class to start or continue your own lawsuit relating to the claims in this case. Unless you have opted out of Comcast's arbitration clause and class action ban, you must arbitrate your claim if you exclude yourself from the Settlement and Settlement Class.

## 15. How do I get out of the Settlement?

To exclude yourself from the Settlement and Settlement Class, you must send the Claims Administrator and Class Counsel or Class Counsel's designee a written request for exclusion ("Opt-Out Request").

You must mail your completed request for exclusion, postmarked no later than **Month Day, 2018,** to:

| CLAIMS ADMINISTRATOR | CLASS COUNSEL |
|---|---|
| | |

**Questions? Call 1-800-517-7479 or visit www.SetTopBoxSettlement.com**

AMERICAS 94036274 (2K)

| Comcast Set-Top Box Settlement<br>PO Box 6006<br>Portland, OR 97228-6006 | Dianne M. Nast, Esq.<br>NastLaw LLC<br>1101 Market Street, Suite 2801<br>Philadelphia, PA 19107 |
|---|---|

If you do not comply with these procedures and the deadline for exclusions, you will remain a member of the Settlement Class and lose any opportunity to exclude yourself from the Settlement, and your rights will be determined in this lawsuit by the Settlement Agreement, if it receives final judicial approval.

You cannot ask to be excluded on the phone, by email, or at the website.

## THE LAWYERS REPRESENTING YOU

### 16. Do I have a lawyer in the case?

The Court appointed Dianne M. Nast of NastLaw LLC, Kenneth A. Wexler of Wexler Wallace LLP, and Stephen A. Corr of Stark & Stark as "Class Counsel" to represent you and other Class Members. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your own expense.

### 17. How will the administrative costs and attorneys' fees be paid?

Comcast has agreed to pay the costs of class notice and claims administration, including the costs of mailing and publishing Notice.

If the Settlement is approved by the Court, Class Counsel will apply to the Court for reasonable attorneys' fees and expenses of no more than $1.1 million to be awarded by the Court and to be paid by Comcast. The Court may award less than these amounts. Also, the four named Plaintiffs in this Action will receive an incentive payment, which will not exceed $1,000 each for their effort, service, time and expenses. Members of the Settlement Class will not be responsible for the fees and expenses of Class Counsel, and the payment of attorneys' fees and expenses will not reduce the benefits to the Settlement Class.

## OBJECTING TO THE SETTLEMENT

### 18. How do I tell the Court if I do not like the Settlement?

If you do not exclude yourself from the Settlement Class, you may, if you wish, object to the certification of the Settlement Class, to the terms of the proposed Settlement, or to Class Counsel's application for an award of attorneys' fees and expenses.

An objection to the Settlement Agreement must:

    (1) contain the full name and current address of the person objecting;

    (2) contain the title of the Lawsuit: *In re Comcast Corp. Set-Top Cable Television Box Antitrust Litigation*, Case No. 2:09-md-02034-AB (E.D. Pa.);

    (3) state the reasons for the objection;

**Questions?  Call 1-800-517-7479 or visit www.SetTopBoxSettlement.com**

AMERICAS 94036274 (2K)

(4) be accompanied by any evidence, briefs, motions, or other materials the objector intends to offer in support of the objection;

(5) be signed by the objector; and

(6) be filed with the Court and served upon Class Counsel and counsel for Comcast to the addresses below so that it is *received* by **Month Day, 2018**.

| COURT | CLASS COUNSEL | COMCAST'S COUNSEL |
|---|---|---|
| U.S. District Court for the Eastern District of Pennsylvania Clerk of the Court 601 Market St, Room 2609 Philadelphia, PA 19106 | Dianne M. Nast, Esq. NastLaw LLC 1101 Market Street, Suite 2801 Philadelphia, PA 19107 | Jaime Bianchi, Esq. White & Case LLP 200 South Biscayne Blvd, Suite 4900 Miami, FL 33131-2352 |

**If you do not comply with these procedures and the deadline for objections, you will lose any opportunity to have your objection considered at the Fairness Hearing or otherwise to contest the approval of the Settlement or to appeal from any order or judgment entered by the Court in connection with the Settlement.**

### 19.  What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself, you cannot object to the Settlement and you will not be eligible to apply for any benefits under the Settlement because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

### 20.  When and where will the Court decide whether to approve the Settlement?

On **Month Day, 2018**, at _____ [time], the Court will hold a public hearing in Courtroom _____ of the United States District Court for the Eastern District of Pennsylvania, located at the U.S. Courthouse, 601 Market St, Philadelphia, PA 19106, to determine whether the Settlement Class was properly certified and whether the Settlement is fair, adequate, and reasonable and should be finally approved, with judgment entered accordingly.  The Court will also consider Class Counsel's application for an award of attorneys' fees and expense reimbursement and any opposition thereto.

This hearing may be continued or rescheduled by the Court without further notice to the Settlement Class. Members of the Settlement Class who support the Settlement do not need to appear at the hearing or take any other action to indicate their approval of the Settlement.  Members of the Settlement Class who object to the Settlement are not required to attend the Fairness Hearing.  If you want to be heard orally in opposition to the Settlement, either personally or through your own separate counsel, you must state in your written objection your intention to appear at the Fairness Hearing as set forth above.

**Questions?  Call 1-800-517-7479 or visit www.SetTopBoxSettlement.com**

AMERICAS 94036274 (2K)

## 21. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend the hearing at your own expense. If you send in a written objection, you do not have to come to the Fairness Hearing to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend the Fairness Hearing, but their attendance is not necessary.

## 22. What happens if I do nothing at all?

If you are a Class Member and do nothing, you will not get benefits from this Settlement. And, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Comcast about the claims in this case, ever again.

## GETTING MORE INFORMATION

## 23. How do I get more information?

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can view a copy of the Settlement Agreement and read a list of Frequently Asked Questions at www.SetTopBoxSettlement.com. You may also write with questions to Comcast Set-Top Box Settlement, PO Box 6006, Portland, OR 97228-6006 or send an e-mail to _____ [insert e-mail address]. You can file a Claim Form electronically at the website, or have a Claim Form mailed to you by calling 1-800-517-7479. If you wish to communicate directly with Class Counsel, you may contact them at the address listed above, or by e-mail at _____ [insert e-mail address]. You may also seek advice and guidance from your own private attorney at your own expense.

**Questions?  Call 1-800-517-7479 or visit www.SetTopBoxSettlement.com**

10

AMERICAS 94036274 (2K)

Exhibit F

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: COMCAST CORP. SET-TOP CABLE TELEVISION BOX ANTITRUST LITIGATION | ) ) ) / | CIVIL ACTION NO.: 2:09-md-02034-AB |

## [PROPOSED] AMENDED FINAL JUDGMENT

Plaintiffs, James E. Deanne, William Gonzales, John Martich, and Carrie D. Cooper, individually and as representatives of others similarly situated ("Plaintiffs"), having appeared though their counsel, and Defendants Comcast Corporation, Comcast Holdings Corporation, Comcast Cable Communications, LLC, and Comcast Cable Communications Holdings, Inc. (collectively "Comcast" or "Defendants"), having appeared through their attorneys Jaime A. Bianchi of White & Case LLP, M. Norman Goldberger of Ballard Spahr, LLP, and Arthur J. Burke of Davis Polk & Wardwell LLP, and the Court having considered the pleadings and the evidence, the parties having stipulated to entry of this Final Judgment, and the Court having concluded that the Fourth Amended Consolidated Class Action Complaint in this case confers upon this Court jurisdiction to adjudicate the issues raised and to provide relief therefor:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that judgment be entered as follows:

## JURISDICTION

1.      This Court has jurisdiction over the subject matter and the parties to this action.

## BACKGROUND

2.      On or about June 17, 2009, the Judicial Panel on Multidistrict Litigation transferred and consolidated nine civil actions alleging claims for violations of the Sherman Act and various state antitrust and unfair and deceptive trade acts against Defendant Comcast in the

United States District Court for the Eastern District of Pennsylvania (the "Court"), and thereafter, fifteen additional cases of a similar nature were transferred and consolidated in the same Court.

     3.     In all, twenty-four civil actions were consolidated in the Court, under the case *In re: Comcast Corp. Set-Top Cable Television Box Antitrust Litigation*, Case No. 2:09-md-02034-AB (the "Action"). Those cases are:

> Ahaesy v. Comcast Corp., et al., Case No. 3:09-cv-0612 (N.D. Cal.);
> Bryant v. Comcast Corp., et al., Case No. 2:09-cv-04013 (E.D. Pa.);
> Cordier v. Comcast Cablevision of Alabama, Inc., Case No. 1:09-cv-00293 (S.D. Ala.);
> Corralejo v. Comcast Corp., Case No. 2:08-cv-02863 (E.D. Cal.);
> Davis v. Comcast Corp., et al., No. 1:09-cv-00498 (D. Colo.);
> Deanne v. Comcast Corp., et al., Case No. 2:09-cv-00567 (W.D. Wa.);
> DeLoss v. Comcast Corp., et al., Case No. 2:09-cv-1979 (D. Minn.);
> Frazier v. Comcast Corp., et al., Case No. 2:09-cv-03828 (E.D. Pa.);
> Fromer v. Comcast Corp. et al., Case No. 3:09-cv-01008 (D. Conn.);
> Holt v. Comcast Corp., et al., Case No. 2:09-cv-00637 (E.D. Pa.);
> Hunt v. Comcast Corp., et al., Case No. 3:09-0131 (S.D. W. Va.);
> Koller v. Comcast Corp. et al., Case No. 1:08-cv-06362 (N.D. Ill.);
> Mays v. Comcast Corp., et al., Case No. 1:09-cv-670 (N.D. Ill.);
> Morrow v. Comcast Corp. et al., Case No. 2:09-cv-00128 (E.D. Pa.);
> Ostern v. Comcast Corp., et al., Case No. 09-cv-534 (D. Minn.);
> Ramey II v. Comcast Corp., et al., Case No. 03:09-0353 (S.D. W.Va.);
> Rogers v. Comcast Corp., Case No. 2:10-cv-10547 (E.D. Mich.);
> Scarkino v. Comcast Corp., et al., Case No. 2:09-3785 (E.D. La.);
> Sellars v. Comcast Corp., et al., Case No. 2:09-2803 (E.D. La.);
> Sowizrol v. Comcast Corp., et al., Case No. 1:09-cv-564 (N.D. Ill.);
> Stutman v. Comcast Corp., et al., Case No. 09-cv-04828 (E.D. Pa.);
> Uff v. Comcast Corp., et al., Case No. 2:09-cv-00636 (E.D. Pa.);
> West Virginia ex rel. McGraw v. Comcast Corp., et al., Case No. 5:09-cv-00091 (N.D. W.Va.); and
> Whitehead v. Comcast Corp., et al., Case No. 2:09-cv-0375-S (N.D. Ala.).

     4.     The Fourth Amended Consolidated Class Action Complaint, which is the operative pleading, alleges claims on behalf of Settlement Class members for damages and injunctive relief against Comcast for *inter alia*: (1) violations of section 1 of the Sherman Act, 15 U.S.C. § 1 *et seq.*; (2) violations of the State of Washington antitrust statute, Wash. Rev. Code §

19.86.010 *et seq.*; (3) violations of the California Business & Professions Code § 17200 *et seq.*; and (4) violations of the State of Washington Consumer Protection Act, Wash. Rev. Code § 19.86 *et seq.* The Settlement Class is represented by four individuals, including William Gonzales, a Current Subscriber of Comcast from California, James E. Deanne, a Current Subscriber from Washington, John Martich, a Current Subscriber of Comcast from West Virginia, and Carrie D. Cooper, a Former Subscriber of Comcast from West Virginia.

5.      The State of West Virginia ex rel. McGraw also brought claims on behalf of a class for damages and injunctive relief against Comcast for *inter alia*: (1) violations of the West Virginia Antitrust Act, West Virginia Code §§ 47-18-1 *et seq.*; (2) violations of the West Virginia Consumer Credit and Protection Act, West Virginia Code §§ 46A-6-101, *et seq.*; and (3) violations of West Virginia common law.

6.      On December 22, 2011, the Parties filed a stipulation of dismissal without prejudice of the following actions that the Court granted on October 14, 2014:

> Ahaesy v. Comcast Corp., et al., Case No. 3:09-cv-0612 (N.D. Cal.);
> Bryant v. Comcast Corp., et al., Case No. 2:09-cv-04013 (E.D. Pa.);
> Cordier v. Comcast Cablevision of Alabama, Inc., Case No. 1:09-cv-00293 (S.D. Ala.);
> Corralejo v. Comcast Corp., Case No. 2:08-cv-02863 (E.D. Cal.);
> Davis v. Comcast Corp., et al., No. 1:09-cv-00498 (D. Colo.);
> DeLoss v. Comcast Corp., et al., Case No. 2:09-cv-1979 (D. Minn.);
> Fromer v. Comcast Corp. et al., Case No. 3:09-cv-01008 (D. Conn.);
> Holt v. Comcast Corp., et al., Case No. 2:09-cv-00637 (E.D. Pa.);
> Hunt v. Comcast Corp., et al., Case No. 3:09-0131 (S.D. W. Va.);
> Morrow v. Comcast Corp. et al., Case No. 2:09-cv-00128 (E.D. Pa.);
> Ostern v. Comcast Corp., et al., Case No. 09-cv-534 (D. Minn.);
> Ramey II v. Comcast Corp., et al., Case No. 03:09-0353 (S.D. W.Va.);
> Rogers v. Comcast Corp., Case No. 2:10-cv-10547 (E.D. Mich.);
> Scarkino v. Comcast Corp., et al., Case No. 2:09-3785 (E.D. La.);
> Sellars v. Comcast Corp., et al., Case No. 2:09-2803 (E.D. La.);
> Sowizrol v. Comcast Corp., et al., Case No. 1:09-cv-564 (N.D. Ill.);
> Stutman v. Comcast Corp., et al., Case No. 09-cv-04828 (E.D. Pa.);
> Uff v. Comcast Corp., et al., Case No. 2:09-cv-00636 (E.D. Pa.); and
> Whitehead v. Comcast Corp., et al., Case No. 2:09-cv-0375-S (N.D. Ala.).

7.    On September 11, 2015, the parties filed a stipulation of dismissal without prejudice of the following actions that the Court granted on November 13, 2017:

> Frazier v. Comcast Corp., et al., Case No.  2:09-cv-03828 (E.D. Pa.); and
> Koller v. Comcast Corp. et al., Case No. 1:08-cv-06362 (N.D. Ill.).

8.    On October 12, 2017, the Court approved Plaintiffs' request to voluntarily dismiss without prejudice the claims of Plaintiffs Lucas Mays and Daniel Steele.

9.    Only the claims of James E. Deanne, William Gonzales, John Martich, and Carrie D. Cooper remain before the Court.

10.    Comcast has never answered any complaint in this matter. It nevertheless disputes Plaintiffs' claims both as to the facts and the law, and Comcast has denied, and continues to deny, any liability to Plaintiffs or any member of the putative class.

11.     The Parties wish to settle and resolve all of Plaintiffs' claims to avoid the uncertainties and risks of trial, to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to obtain the releases, orders, and judgments contemplated by this Agreement so as to put to rest totally and finally the matters raised by Plaintiffs.

12.    Plaintiffs' counsel has sought, briefed, and conducted oral argument in support of Plaintiffs' claims against Comcast and in opposition to Comcast's motion to compel arbitration; retained and consulted with industry and damages experts; and conducted numerous investigations and engaged in extensive negotiations with Comcast; engaged in confirmatory discovery; and, considering the benefits of the Settlement and the risks of litigation, has concluded that it is in the best interest of Plaintiffs and the Settlement Class (as defined below) to enter into this Settlement Agreement.  Plaintiffs and their counsel agree that this Agreement is

fair, reasonable, and adequate with respect to the interests of Plaintiffs and the Settlement Class, and should be approved by the Court pursuant to Federal Rule of Civil Procedure 23(e).

13.     The Parties agree to settle and resolve completely and finally all of their outstanding differences, disputes, and claims, whether asserted or unasserted, known or unknown, which were or could have been asserted by Plaintiffs and the Settlement Class in the Action, as well as all other claims and causes of action.

14.     On February 24, 2014, Plaintiffs filed with the Court a Renewed Motion for Certification of a Settlement Class and Preliminary Approval of Class Action Settlement attaching (among other documents) a settlement agreement (the "February 24, 2014 Agreement"), to which the Parties had agreed.  On October 16, 2014, the Court entered an Order approving Plaintiffs' Motion to Withdraw Plaintiffs' Renewed Motion for Certification of a Settlement Class and Preliminary Approval of Class Action Settlement.

15.     On September 11, 2015, Plaintiffs filed a Motion for Certification of a Settlement Class and Preliminary Approval of Class Action Settlement attaching (among other documents) a revised settlement agreement (the "September 11, 2015 Agreement"), to which the Parties had agreed.  On November 5, 2015, the Court denied that Motion for Preliminary Approval of Class Action Settlement.

16.     The Parties intend this Settlement Agreement to be a novation, extinguishing the obligations of the February 24, 2014 Agreement and the September 11, 2015 Agreement and substituting this Agreement as a new, valid obligation between the Parties.

## NOTICE OF SETTLEMENT

17.     On _____, 2018, the Court entered an Order Certifying a Settlement Class and Preliminarily Approving Class Action Settlement ("Preliminary Approval Order") that

preliminarily approved the Settlement Agreement, certified the Settlement Class for settlement purposes only, directed notice of the proposed Settlement to the Settlement Class, and established a hearing date to consider the final approval of the Settlement for the class.   For purposes of the Settlement, the Parties have agreed that the Settlement Class shall be:

> All persons who:
>
> (i)   resided in and subscribed to Premium Cable in California, Washington, or West Virginia during the Class Period, or
>
> (ii)   subscribed to Premium Cable in any state in the United States during the Class Period and elected to opt out of Comcast's arbitration clause as reflected in Comcast's records;
>
> and paid Comcast a rental fee for a Set-Top Box at any time during the Class Period.

18.     Excluded from the Settlement Class are (i) those persons who opt out of the Settlement; (ii) all commercial account customers; (iii) Comcast officers, directors, or employees, any entity in which Comcast has a controlling interest, and the affiliates, legal representatives, attorneys, heirs, or assigns of Comcast; (iv) Class Counsel and Class Counsel's employees; and (v) Judge Anita B. Brody and members of her judicial staff of the United States District Court for the Eastern District of Pennsylvania, as well as any federal, state, or local governmental agency, and any judge, justice, or judicial officer presiding over this matter and members of their immediate families and judicial staffs.

19.     The Preliminary Approval Order required Defendants to disseminate, with one of its regular monthly invoices, to each Current Subscriber entitled to notice under the Settlement Agreement, a Notice of Proposed Class Action Settlement that explains the terms of the Settlement Agreement, and to establish an Internet website where additional information could

be obtained.  Further, Defendants were required to publish a Summary Notice of Proposed Class Action Settlement advising class members of the terms of the Settlement Agreement in the periodicals listed below as follows:

- 2/5 page insert in Parade

- 1/3 page in People

- 1/3 page in Better Homes & Gardens

- 1/2 page in National Geographic

- 1/3 page in Sports Illustrated

- Full page in Reader's Digest

20.     The Court approved the form and substance of these Notices in its Preliminary Approval Order.

21.     Pursuant to the Preliminary Approval Order, the Internet website was established on _____, 2018, and all required notice was made within 120 days of the date of the Preliminary Approval Order.  The Notices informed class members of their right to object in writing and appear in person or through their own legal counsel at the fairness hearing that was conducted on _____, 2018.

22.     Subsequent to Notice, any submissions to Class Counsel by class members commenting upon or objecting to the Settlement Agreement have been made available for the Court's consideration.

## APPROVAL OF SETTLEMENT

23.     The Court has reviewed the terms of the Settlement Agreement and all objections and comments thereto and finds that the Settlement is fair, reasonable, and adequate under the circumstances of this case and in the best interests of the Settlement Class.  Accordingly, the

Settlement Agreement is approved. In evaluating the proposed Settlement, the Court considered a variety of factors and makes the following findings:

- The named Plaintiffs are adequate representatives of the Settlement Class, and treatment of this action as a class action for settlement purposes, with the Settlement Class as defined above, is appropriate, proper and satisfies the criteria set forth in Federal Rule of Civil Procedure 23(e);

- The Notices provided were the best possible notice under the circumstances and satisfied Federal Rule of Civil Procedure 23(c) and the requirements of due process;

- More than adequate discovery has been conducted in this case for the purpose of determining the reasonableness of the Settlement;

- The terms of the Settlement provide substantial and direct benefits to the Settlement Class;

- Class Counsel, including Dianne M. Nast, Kenneth A. Wexler, and Stephen A. Corr, are experienced trial practitioners with substantial experience in class action litigation and recommended approval of the Settlement Agreement;

- The future expense and likely duration of the litigation, and its uncertainty of outcome, supports approval of the class Settlement; and

- Nothing indicates an absence of good faith or independence between Plaintiffs and Defendants regarding the Settlement Agreement.

## DISCLAIMER OF ADMISSIONS

24.     The provisions of this Final Judgment are entered as a result of the agreement and stipulation of the parties. The parties' stipulation and this Final Judgment are not intended to be,

and shall not be construed as, an admission or finding, express or implied, of any fault, liability, or wrongdoing by Defendants.

## APPLICABILITY

25.     This order is the Final Judgment as defined in the Settlement Agreement.

26.     The provisions of this Final Judgment are applicable to and binding upon Defendants, and upon all members of the Settlement Class, their heirs, administrators, executors, and assignees and dismiss in their entirety and with prejudice the claims of all members of the Settlement Class against Comcast, as more fully set out in section 10 of the Settlement Agreement, without costs to any party against any other party except as otherwise provided herein.

27.     This Final Judgment is intended by the parties and the Court to be *res judicata* and to prohibit and preclude any prior, concurrent, or subsequent litigation, arbitration, or other proceeding, brought individually or in the name of, and/or otherwise on behalf of, the Plaintiffs or members of the Settlement Class, that arise from or relate in any way, directly or indirectly, to: (a) the state and federal claims or issues actually raised or which could have been raised in the Action; or (b) the facts alleged in the Action; or (c) Class Members purchase or use of Premium Cable together with or in combination with the rental of a Set-Top Box, from the beginning of the Class Period until the Effective Date.

28.     Plaintiffs and all members of the Settlement Class, individually and on behalf of their affiliates, agents, successors and assigns, are deemed to have conclusively settled and released all claims against Comcast related to the rental of Set-Top Boxes distributed by Comcast in connection with a subscription to Comcast's Premium Cable services, as more fully set out in section 10 of the Settlement Agreement.

29.     Plaintiffs and all members of the Settlement Class, individually and on behalf of their affiliates, agents, successors and assigns, are deemed to have covenanted not to sue, institute, or instigate any legal, equitable or administrative proceedings against Comcast for any Released Claims, as more fully set out in section 10 of the Settlement Agreement.

30.     Each member of the Settlement Class is barred and permanently enjoined from prosecuting any action in state or federal court, arbitration, or before any administrative body against Comcast with respect to any Released Claims, as more fully set out in paragraph 10 of the Settlement Agreement.

## ATTORNEY'S FEES AND INCENTIVE PAYMENTS

31.     Except as here expressly ordered, each of the parties shall bear his, her, or its own fees and costs.

32.     <u>Class Counsel's Fees</u>:  Class Counsel have moved for an award of attorney fees and reimbursement of expenses.  Pursuant to Federal Rules of Civil Procedure 23(h)(3) and 54(d), and pursuant to the factors for assessing the reasonableness of a class action fee request as set forth in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000), this Court makes the following findings of fact and conclusions of law:

    a)     the Settlement confers a benefit on the Class that is substantial when assessed in light of the risks of establishing liability and damages in this case;

    b)     there were _____ objections by Class members to the requested fee award and such objections are overruled;

    c)     Class Counsel have effectively and efficiently prosecuted this difficult and complex class action on behalf of the members of the Class, with no guarantee they would be compensated over the course of more than eight years;

d)      Class Counsel undertook numerous and significant risks of nonpayment in connection with the prosecution of this action;

e)      Class Counsel have reasonably expended over _____ hours and incurred substantial out of pocket expenses, in prosecuting this action, with no guarantee of recovery;

f)      the Settlement achieved for the benefit of the Class was obtained as a direct result of Class Counsel's skillful advocacy;

g)      the Settlement was reached following negotiations held in good-faith and in the absence of collusion;

h)      Class members were advised in the Notice, which Notice was approved by this Court, that Class Counsel intended to move for an award of attorney fees, costs and expenses in an amount up to $1,100,000.00, which would be paid by Comcast, separate and apart from the benefits to Class members;

i)      Class Counsel did, in fact, move for an award of attorney fees, costs, and expenses in the amount of $1,100,000.00, which motion has been on the docket and publicly available since _____; and

j)      In light of the factors and findings described above, the requested fee award is within the applicable range of reasonable awards.

33.      Accordingly, Class Counsel are hereby awarded attorney fees, costs, and expenses in the amount of $1,100,000.00.  The Court finds this award to be fair and reasonable.  The awarded fees and expenses shall be paid to Class Counsel in accordance with the terms of the Settlement Agreement.  Class Counsel shall allocate the fees and expenses amount among the Plaintiffs' counsel.

34.    <u>Payments to Class Representatives</u>:   Additional awards to Class Representatives of one-thousand dollars ($1,000.00) are authorized for each of the four named Plaintiffs in this action.

## **RETENTION OF JURISDICTION**

35.    Jurisdiction is retained by this Court only for the purpose of enabling any party to this Final Judgment to apply to the Court at any time for such further orders and directions as may be necessary and appropriate for the carrying out of this Final Judgment.  In all other respects, this case is dismissed with prejudice.

36.    The Clerk of the Court is ordered to enter this Final Judgment forthwith.

37.    In the event that this Final Judgment is not otherwise final and appealable, the Court finds and directs that there is no just reason for delaying enforcement or appeal and judgment should be entered.

SO ORDERED, in chambers in Philadelphia, Pennsylvania this ___ day of _____, 2018.


_____
HON. ANITA B. BRODY
U.S. DISTRICT COURT JUDGE